E-FILED; Garrett Circuit Court
Docket: 5/29/2025 3:39 PM; Submission: 5/29/2025 3:39 PM
Envelope: 21413156

## IN THE CIRCUIT COURT FOR GARRETT COUNTY MARYLAND

**GK PARANDHAMAIA,**
**JAN PARANDHAVAIA**

    **2440 BITTINGER ROAD,**
    **SWANTON, MD  21561**
      **PLAINTIFFS**

    **VS.**                            **C-11-CV-25-000054**

**SMITH FARM HOLDINGS, LLC**

**2147 BITTINGER ROAD**
**SWANTON, MD  21561**


**DEFENDANT**

**And**

**STEVEN G.  SMITH**

    **2714 BITTINGER LANE**
    **SWANTON, MARYLAND 21561**

    **DEFENDANT**

## COMPLAINT

**COME NOW** Plaintiffs, GK Parandhamaia and Jan Parandhamaia (collectively, "Plaintiffs"), by

and through their undersigned counsel (if applicable), and file this Complaint against

Defendants, Smith Farm Holdings, LLC and Steven G. Smith (collectively, "Defendants"), and

allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to Md. Code Ann., Cts. & Jud. Proc.

   § 1-501, as the claims arise from events occurring in Garrett County, Maryland.

**EXHIBIT A**

2. Venue is proper in this Court under Md. Code Ann., Cts. & Jud. Proc. § 6-201, as the cause of action arose in Garrett County, Maryland, and Defendants conduct business and/or reside within this jurisdiction.

**PARTIES**

3. Plaintiffs GK Parandhamaia and Jan Parandhamaia are individuals residing at 2440 Bittinger Road, Swanton, Maryland 21561.

4. Defendant Smith Farm Holdings, LLC is a limited liability company with a principal Maryland address at 2417 Bittinger Road, Swanton, Maryland, and is the recorded owner of the property at issue.

5. Defendant Steven G. Smith is an individual who upon information and belief at 2714 Bittinger Lane, Swanton, MD 21561, and is believed to be the principal or agent of Smith Farm Holdings, LLC.

**FACTUAL ALLEGATIONS**

6. On or about July 21, 2022, Plaintiffs executed a Deed transferring property located at 2440 Bittinger Road, Swanton, Maryland, to Defendant Smith Farm Holdings, LLC. Said Deed was recorded among the Land Records of Garrett County, Maryland, at Book 2433, Page 115 (attached hereto as **Exhibit #1**).

7. On or about September 16, 2022, Defendants re-recorded the Deed with unauthorized alterations to the description of property being sold, recorded at Book 2444, Page 9 (attached hereto as **Exhibit #2**). This altered Deed included copies of Plaintiffs' original signatures from the Deed recorded at Book 2433, Page 115, without Plaintiffs' consent or authorization.

**EXHIBIT A**

8. On or about July 21, 2022, Plaintiffs and Defendants executed a residential Lease Agreement permitting Plaintiffs to reside in a portion of the property at 2440 Bittinger Road (attached hereto as **Exhibit #3**).

9. That the parties were involved in prior litigation regarding the lease herein whereas the Circuit Court for Garrett County, Maryland entered into a declaratory judgment regarding the rights and responsibilities of the parties which specified that Plaintiffs have the right to use the house and curtilage of the house under the lease. (**Exhibit 4 Order**).

10. Since the time of said Order, Defendants have taken several actions to attempt to further restrict Plaintiffs' use with the intention of having Plaintiffs abandon the lease and the property

11. Defendants have breached the covenant of quiet enjoyment implied in the Lease Agreement by engaging in harassing and intrusive conduct, including but not limited to: a. Defendant Steven G. Smith frequently entering the curtilage of the leased premises, peering into windows, and attempting to open doors; b. Installing video cameras on or about June 21, 2024, in the yard near the house, pointed toward Plaintiffs' bedroom, and living areas, said cameras appear capable of recording private activities inside the home; c. Relocating said cameras closer to the home after Plaintiffs' counsel, Adam Greivell, Esq., demanded their removal by letter; d. Erecting barbed wire fencing around the house to restrict Plaintiffs' use of the curtilage; e. Driving trucks, recreational vehicles, and other vehicles through the driveway and yard, sometimes employing others to do so, to intimidate and harass Plaintiffs.

12. On October 5, 2024, Defendant Steven G. Smith attempted to forcibly enter the leased premises without notice or permission.

**EXHIBIT A**

13. Defendants attempted to evict Plaintiffs by filing a Motion for Sanctions intended to initiate a baseless eviction proceeding against Plaintiffs, falsely claiming Plaintiffs no longer reside at the property. Said proceeding failed but caused Plaintiffs to incur legal fees and emotional distress.  (See **Exhibit 5**).

14. That Defendants disabled the security gate to the premises placing Plaintiff in fear and risk of intruders.

15. That Defendants have refused to allow the security gate to be used by Plaintiffs.

16. As a result of the Defendants' actions, Plaintiffs have suffered emotional distress, loss of privacy, and financial harm.

17. That the actions of Defendants herein are a continuing attack on the rights of Plaintiffs that have been motivated by ill will and malice.

18.  Due to Defendants' actions, Plaintiff, Jan Parandhamaia, is fearful, anxious and on high alert when she has to stay at the premises alone.

19.  That due to Defendants actions, Plaintiffs feel uncomfortable having guests and family at the premises.

### COUNT I: BREACH OF CONTRACT (Lease Agreement)

18. Plaintiffs re-allege paragraphs 1 through 17 as if fully set forth herein.

19. The Lease Agreement (**Exhibit #3**) constitutes a valid and enforceable contract between Plaintiffs and Defendants.

20. Defendants breached the implied covenant of quiet enjoyment by engaging in the harassing and intrusive conduct described herein.

21. The Lease Agreement (Exhibit #3) includes an implied covenant of quiet enjoyment and explicit terms requiring defendants to maintain the premises in a safe and habitable

**EXHIBIT A**

condition; Defendants breached these obligations by installing cameras, disabling the security gate, restricting the curtilage of the house with barbed wire fence, and attempting to forcibly enter the house.

22. As a direct and proximate result, Plaintiffs have suffered loss of use and enjoyment of the leased premises, emotional distress, and financial damages in an amount to be proven at trial.

### COUNT II: INVASION OF PRIVACY (Intrusion Upon Seclusion)

22. Plaintiffs re-allege paragraphs 1 through 21 as if fully set forth herein.

23. Defendants intentionally intruded upon Plaintiffs' private affairs by installing cameras directed at Plaintiffs' bedroom, recording private activities, and physically encroaching upon the curtilage of the leased premises.

24. Defendants' installation of cameras on June 21, 2024, directed at Plaintiffs' bedroom and living areas constitutes an intentional intrusion upon seclusion.  Such intrusions are highly offensive to a reasonable person and violate Plaintiffs' reasonable expectation of privacy under Maryland law.

25. As a direct and proximate result, Plaintiffs have suffered emotional distress and loss of privacy in an amount to be proven at trial.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiffs re-allege paragraphs 1 through 25 as if fully set forth herein.

27. Defendants' conduct including installing invasive cameras, attempting forcible entry, driving vehicles through the yard, and filing baseless eviction proceedings, placing barbed wire on the curtilage—constitutes extreme and outrageous behavior.

**EXHIBIT A**

28. Defendants' conduct, including installing cameras to record private activities and attempting forcible entry was extreme and outrageous.

29. As a result, Plaintiffs have suffered severe emotional distress, including anxiety and fear, in an amount to be proven at trial.

## COUNT IV: NUISANCE

30. Plaintiffs re-allege paragraphs 1 through 29 as if fully set forth herein.

31. Defendants have engaged in a pattern of intentional and unreasonable conduct that substantially interferes with the Plaintiffs' use and enjoyment of the leased premises at 2440 Bittinger Road, Swanton, Maryland, including but not limited to:

a. Defendant Steven G. Smith's frequent unauthorized entries onto the curtilage of the leased premises, including peering into windows and attempting to open doors;

b. Installing video cameras on or about June 21, 2024, in the yard near the house, directed toward Plaintiffs' bedroom and living areas, capable of recording private activities, and relocating said cameras closer to the home after Plaintiffs' counsel demanded their removal;

c. Erecting barbed wire fencing around the house to restrict Plaintiffs' access to and use of the curtilage, in violation of the declaratory judgment specifying Plaintiffs' rights to the house and curtilage (Exhibit 4);

d. Driving trucks, recreational vehicles, and other vehicles through the driveway and yard, or employing others to do so, to harass and intimidate Plaintiffs.

e. Disabling the security gate to the premises, thereby increasing Plaintiffs' fear and risk of intruders and denying Plaintiffs access to its use.

**EXHIBIT A**

f. Initiating a baseless eviction proceeding on or about October 5, 2024, falsely claiming Plaintiffs no longer reside at the property, with the ulterior motive of harassing and intimidating Plaintiffs into abandoning their tenancy (Exhibit 5).

32. Defendants' actions are intentional, unreasonable, and undertaken with malice or reckless disregard for Plaintiffs' rights as tenants, as evidenced by their persistence in harassing conduct following the declaratory judgment (Exhibit 4) and Plaintiffs' demand for removal of the invasive cameras.

33. Defendants' conduct constitutes a private nuisance under Maryland law, as it substantially and unreasonably interferes with Plaintiffs' quiet enjoyment and use of the leased premises, causing loss of privacy, emotional distress, and fear, particularly for Plaintiff Jan Parandhamaia, who feels anxious and unsafe when alone at the property.

34. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages, including emotional distress, loss of use and enjoyment of the leased premises, and financial harm, including legal fees incurred in defending against the baseless eviction proceeding, in an amount to be proven at trial.

**COUNT V: TRESPASS TO LAND**

34. Plaintiffs re-allege paragraphs 1 through 33 as if fully set forth herein.

35. Defendant Steven G. Smith intentionally entered the curtilage of the leased premises without Plaintiffs' consent on multiple occasions, including on October 5, 2024.

36. The Defendants' placement of cameras and fencing further constitutes an unauthorized intrusion onto the leased premises.

37. As a direct and proximate result, Plaintiffs have suffered loss of use and enjoyment of the property in an amount to be proven at trial.

**EXHIBIT A**

## COUNT VI: RETALIATORY EVICTION

38. Plaintiffs re-allege paragraphs 1 through 37 as if fully set forth herein.

39. Under Md. Code Ann., Real Prop. § 8-208.1, Defendants are prohibited from taking retaliatory actions, including eviction, against Plaintiffs for exercising their legal rights as tenants.

40. Plaintiffs had previously filed a claim against Defendants to secure water for the premises said suit was successful and Plaintiffs obtained a judgment requiring Defendants to provide water to the premises.

41.  Defendant responded to Plaintiffs' request with a baseless retaliatory request to cancel the Lease.

42. Plaintiffs, through their counsel Adam Greivell, Esq., exercised their legal right to demand removal of the invasive cameras violating their privacy and quiet enjoyment of the leased premises.

43. In direct response to Plaintiffs' demand, Defendants initiated a baseless eviction proceeding, falsely claiming Plaintiffs no longer resided at the property, as an act of retaliation for asserting their rights. (See Exhibit 4)

44. Said retaliatory eviction attempt failed but caused Plaintiffs to incur legal fees, emotional distress, and disruption of their tenancy.

45. Said retaliatory eviction also was a breach of said lease which prohibits said conduct.

46. As a direct and proximate result, Plaintiffs have suffered damages in an amount to be proven at trial, and are entitled to statutory remedies, including reasonable attorney's fees, under Md. Code Ann., Real Prop. § 8-208.1(d).

## PRAYER FOR RELIEF

**EXHIBIT A**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a. Enter judgment in favor of Plaintiffs and against Defendants on all counts;

b. Award compensatory damages in an amount to be determined at trial, but no less than $100,000;

c. Award punitive damages for Defendants' willful, wanton, and malicious conduct;

d. Issue a permanent injunction ordering Defendants to remove all cameras, cease trespassing, and refrain from further harassment or retaliatory actions;

e. Award pre- and post-judgment interest as allowed by law;

f. Award Plaintiffs' costs, reasonable attorney's fees, and expenses incurred in this action, including those authorized under Md. Code Ann., Real Prop. § 8-208.1 for retaliatory eviction;

g. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: March 29, 2025

Respectfully submitted,

Respectfully submitted,

**Arnold Phillips, Esquire**
Attorney for Plaintiffs
25254B Garrett Highway
McHenry, MD 21541
(301) 387-2800
afplaw@gmail.com
AIS #9412150051

**EXHIBIT A**

_____/s/_____
Adam Greivell
5 Cornell Ave
Hagerstown, MD 21742
(240)528-8150
adam@gfirm.us
ARS # 0521130328

**EXHIBIT A**