BOOK: 2433 PAGE: 115

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2433, p. 0115, MSA_CE87_2436. Date available 08/01/2022. Printed 03/12/2025.

```
LR - Deed (w Taxes)
Recording Fee - ALL
                      20.00
Name:
Parandhamaia/Smith
Farms
Ref: DCTG
LR - County Transfer
Tax - linked 10,500.00
LR - Surcharge -
linked            40.00
LR - Recordation Tax -
linked          7,350.00
LR - State Transfer
Tax - linked   5,250.00
LR - ?? ?? - 1kd 0.00
==================
SubTotal:    23,160.00
==================
Total:       23,160.00
                 02:32
              CC11-PP
#18454196 CC0402 -
Garrett
County CC04.02.01 -
Register 01
```

THIS DEED, Made this 21st day of July, 2022, by and between **GK PARANDHAMAIA and JAN A. PARANDHAMAIA, husband and wife,** Grantors and **SMITH FARMS HOLDINGS, LLC a Maryland Limited Liability Company,** Grantee.

WITNESSETH, that for and in consideration of the sum of ONE MILLION FIFTY THOUSAND ($1,050,000.00) DOLLARS, as well as other good and valuable consideration, well and truly paid by the said Grantee to the said Grantors, the receipt of which is hereby acknowledged, the Grantors have granted, bargained and sold and by these presents do hereby grant, bargain, sell and convey unto the said Grantee, its successors and assigns, all that parcel of land situate in Election District No. 10, Garrett County, Maryland, described as follows:

**PARCEL ONE: ALL** parcel of land conveyed by Wilda K. Fitzwater to Chris A. Fitzwater and Clara M. Fitzwater by deed dated the 21st day of August, 2003 and recorded among the Land Records of Garrett County, Maryland, in Liber 992 page 284, thought to contain 159.79 acres, more or less.

**PARCEL TWO:** "Lot A", as shown on the Plat prepared by The Thrasher Group, titled "Minor Subdivision for GK Parandhamaia" dated November 19, 2021, and recorded in Plat Case KLG 1, at page 123, among the plat records of Garrett County, Maryland. as recorded in Liber 2394, page 101, one of the Land Records of Garrett County, Maryland, leaving 155.79 acres, more or less.

**ALSO CONVEYED,** a 50 foot easement for ingress and egress as recorded in Liber 1139, page 31, one of the Land Records of Garrett County, Maryland.

**BEING** the same property conveyed to G.K. Parandhamaia and Jan A. Parandhamaia, husband and wife, by virtue of a deed from Chris A. Fitzwater and Clara M. Fitzwater, dated December 20, 2013 and recorded in Liber 1786, page 160, and deed dated February 3, 2022 and recorded in Liber 2394, page 101, both among the Land Records of Garrett County, Maryland.

**TOGETHER** with the buildings and improvements thereon, and the rights, roads, ways, waters, privileges and appurtenances thereunto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD** the above granted property, with all and singular the appurtenances thereto, unto Smith Farms Holdings, LLC, its successors and assigns, forever in fee simple.

**AND** the Grantors covenant that they will warrant specially the property hereby granted and conveyed and that they will execute such other and further assurances of said land as may be requisite.

**EXHIBIT A**

BOOK: 2433 PAGE: 116

**WITNESS** our hands and seals the day and year first above written.

CERTIFICATION

The undersigned Grantors make oath in due form of law under penalties of perjury that they are residents of the State of Maryland.

WITNESS:

_____     _____ (SEAL)
                                      GK PARANDHAMAIA

_____     _____ (SEAL)
                                      JAN A. PARANDHAMAIA

STATE OF Maryland , Garrett _____ COUNTY, to-wit:

I HEREBY CERTIFY that on this 21st day of July_____, 2022, before me, the subscriber, a Notary Public in and for the State and County aforesaid, personally appeared GK Parandhamaia and Jan A. Parandhamaia, known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained. They further made oath in due form of law under penalties of perjury that the actual amount of consideration paid or to be paid is $1,050,000.00

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

> SUNNI BETH IMHOFF
> Notary Public - State of Maryland
> Garrett County
> My Commission Expires May 16, 2026

My Commission Expires:

_____     _____
                              Notary Public

I hereby certify that this instrument was prepared by or under the supervision of an attorney at law, duly admitted to practice before the Court of Appeals of the State of Maryland.

_____
M. ELIZABETH GEORG

**ALL TAXES PAID TO DATE**

JUL 26 2022

COLLECTIONS OFFICE

**EXHIBIT A**

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2433, p. 0116, MSA_CE87_2436. Date available 08/01/2022. Printed 03/12/2025.

BOOK: 2433  PAGE: 117

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2433, p. 0117, MSA_CE87_2436. Date available 08/01/2022. Printed 03/12/2025.

**State of Maryland Land Instrument Intake Sheet**

☐ Baltimore City    ☒ County: _____Garrett_____

*Information provided is for the use of the Clerk's Office, State Department of
Assessments and Taxation, and County Finance Office Only.*
**(Type or Print in Black Ink Only – All Copies Must Be Legible)**

| 1 | Type(s) of Instruments | ( ☐ Check Box if addendum Intake Form is Attached.) | | | |
|---|---|---|---|---|---|
| | | ☒ Deed | Mortgage | Other _____ | Other_____ |
| | | Deed of Trust | Lease | | |

| 2 | Conveyance Type Check Box | ☒ Improved Sale Arms-Length [1] | Unimproved Sale Arms-Length [2] | Multiple Accounts Arms-Length [3] | Not an Arms-Length Sale [9] |
|---|---|---|---|---|---|

| 3 | Tax Exemptions (if applicable) Cite or Explain Authority | Recordation | |
|---|---|---|---|
| | | State Transfer | |
| | | County Transfer | |

### 4 — Consideration and Tax Calculations

| Consideration Amount | | Finance Office Use Only — Transfer and Recordation Tax Consideration | |
|---|---|---|---|
| Purchase Price/Consideration | $ 1,050,000.00 | | |
| Any New Mortgage | $ | Transfer Tax Consideration | $ |
| Balance of Existing Mortgage | $ 300,000.00 | X ( ) % = | $ |
| Other: | $ | Less Exemption Amount - | $ |
| | | Total Transfer Tax = | $ |
| Other: | $ | Recordation Tax Consideration | $ |
| | | X ( ) per $500 = | $ |
| Full Cash Value: | $ | TOTAL DUE | $ |

### 5 — Fees

| Amount of Fees | Doc. 1 | Doc. 2 | |
|---|---|---|---|
| Recording Charge | $ 60.00 | $ | Agent: |
| Surcharge | $ | $ | |
| State Recordation Tax | $ 7,350.00 | $ | Tax Bill: |
| State Transfer Tax | $ 5,250.00 | $ | |
| County Transfer Tax | $ 10,500.00 | $ | C.B. Credit: |
| Other | $ | $ | |
| Other | $ | $ | Ag. Tax/Other: OofI OK AR |

### 6 — Description of Property

SDAT requires submission of all applicable information. A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i).

| District | Property Tax ID No. (1) | Grantor Liber/Folio | Map | Parcel No. | Var. LOG |
|---|---|---|---|---|---|
| | 01003356  a | 1786 , 160 | 59 | 64 | ☒ (5) |

| Subdivision Name | Lot (3a) | Block (3b) | Sect/AR (3c) | Plat Ref. | SqFt/Acreage (4) |
|---|---|---|---|---|---|
| | | | | | 155.79 AC |

**Location/Address of Property Being Conveyed (2)**
155.79 Acres E/S Bittinger Rd S MELLINGER RD NORTH GLADE and 2714 Bittinger Road, Swanton, MD 21561

| Other Property Identifiers (if applicable) | Water Meter Account No. |
|---|---|
| | |

Residential ☒ Or Non-Residential ☐   Fee Simple ☒ or Ground Rent ☐ Amount: _____ $____

Partial Conveyance ☐ Yes ☒ No   Description/Amt. of SqFt/Acreage Transferred: _____

If Partial Conveyance, List Improvements

### 7 — Transferred From

| Doc. 1 – Grantor(s) Name(s) | Doc. 2 – Grantor(s) Name(s) |
|---|---|
| G.K. Parandhamaia and Jan A. Parandhamaia | |
| **Doc. 1 – Owner(s) of Record, if Different from Grantor(s)** | **Doc. 2 Owner(s) of Record, if Different from Grantor(s)** |

### 8 — Transferred To

| Doc. 1 – Grantee(s) Name(s) | Doc. 2 – Grantee(s) Name(s) |
|---|---|
| Smith Farm Holdings, LLC | |

**New Owner's (Grantee) Mailing Address**
2417 Bittinger Road, Swanton, MD 21561

### 9 — Other Names to Be Indexed

| Doc. 1 – Additional Names to be Indexed (Optional) | Doc. 2 – Additional Names to be Indexed (Optional) |
|---|---|

### 10 — Contact/Mail Information

| Instrument Submitted By or Contact Person | |
|---|---|
| Name: Crystal Burgess | ☒ Return to Contact Person |
| Firm   Deep Creek Title Group | ☐ Hold for Pickup |
| Address: 19509 Garrett Highway, Suite 5 | |
| Oakland, MD 21550   Phone: (301) 334-1001 | ☐ Return Address Provided |

**11   IMPORTANT: *BOTH* THE ORIGINAL DEED *AND* A PHOTOCOPY MUST ACCOMPANY EACH TRANSFER**

Assessment Information

☐ Yes ☒ No   Will the property being conveyed be the grantee's principal residence?
☐ Yes ☒ No   Does the transfer include personal property? If yes, identify: _____
☐ Yes ☒ No   Was property surveyed? If Yes, attach copy of survey (if recorded, no copy required).

**Assessment use only – Do Not Write Below This Line**

| Terminal Verification | Agricultural Verification | Whole | Part | Tran. Process Verification |
|---|---|---|---|---|
| Transfer Number | Date Received: | Deed Reference: | | Assigned Property No.: |

| Year | 20 | 20 | Geo. | Map | Sub | Block |
|---|---|---|---|---|---|---|
| Land | | | Zoning | Grid | Plat | Lot |
| Buildings | | | Use | Parcel | Section | Occ. Cd. |
| Total | | | Town Cd. | Ex. St. | Ex. Cd. | |

REMARKS:

Distribution:   White – Clerk's Office       Canary – SDAT        AOC-CC-300(5/2007).
               Pink – Office of Finance      Goldenrod – Preparer

Handwritten right margin:
40.00
20.00
7350.00
5250.00
10500.00
23160.00

**EXHIBIT A**
File No.: DCTG-8236

BOOK: 2433  PAGE: 118

Parcel #2

Account# 01-091394

Liber# 2394

Folio# 101

Map# 59

Parcel# 680

4.00 Ac (LOTA) S/S BITTINGER RD NORTH GLADE

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2433, p. 0118, MSA_CE87_2436. Date available 08/01/2022. Printed 03/12/2025.

**EXHIBIT A**

E-FILED; Garrett Circuit Court
BOOK: 2444 PAGE: 9   Docket: 5/29/2025 3:39 PM; Submission: 5/29/2025 3:39 PM
Envelope: 21413156

**BOOK: 2444 PAGE: 9**

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2444, p. 0009, MSA_CE87_2447. Date available 09/21/2022. Printed 05/29/2025.

This deed is re-recorded to correct the name of the Grantee to Smith Farm Holdings, LLC

**THIS DEED,** Made this 21st day of July, 2022, by and between **G.K. PARANDHAMAIA** and **JAN A. PARANDHAMAIA, husband and wife,** Grantors and **SMITH FARM HOLDINGS, LLC** a Maryland Limited Liability Company, Grantee.

**WITNESSETH,** that for and in consideration of the sum of ONE MILLION FIFTY THOUSAND ($1,050,000.00) DOLLARS, as well as other good and valuable consideration, well and truly paid by the said Grantee to the said Grantors, the receipt of which is hereby acknowledged, the Grantors have granted, bargained and sold and by these presents do hereby grant, bargain, sell and convey unto the said Grantee, its successors and assigns, all that parcel of land situate in Election District No. 10, Garrett County, Maryland, described as follows:

**PARCEL ONE: ALL** parcel of land conveyed by Wilda K. Fitzwater to Chris A. Fitzwater and Clara M. Fitzwater by deed dated the 21st day of August, 2003 and recorded among the Land Records of Garrett County, Maryland, in Liber 992 page 284, thought to contain 159.79 acres, more or less.

**PARCEL TWO:** "Lot A", as shown on the Plat prepared by The Thrasher Group, titled "Minor Subdivision for GK Parandhamaia" dated November 19, 2021, and recorded in Plat Case KLG 1, at page 123, among the plat records of Garrett County, Maryland. as recorded in Liber 2394, page 101, one of the Land Records of Garrett County, Maryland, leaving 155.79 acres, more or less.

**ALSO CONVEYED,** a 50 foot easement for ingress and egress as recorded in Liber 1139, page 31, one of the Land Records of Garrett County, Maryland.

**BEING** the same property conveyed to G.K. Parandhamaia and Jan A. Parandhamaia, husband and wife, by virtue of a deed from Chris A. Fitzwater and Clara M. Fitzwater, dated December 20, 2013 and recorded in Liber 1786, page 160, and deed dated February 3, 2022 and recorded in Liber 2394, page 101, both among the Land Records of Garrett County, Maryland.

**TOGETHER** with the buildings and improvements thereon, and the rights, roads, ways, waters, privileges and appurtenances thereunto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD** the above granted property, with all and singular the appurtenances thereto, unto Smith Farm Holdings, LLC, its successors and assigns, forever in fee simple.

**AND** the Grantors covenant that they will warrant specially the property hereby granted and conveyed and that they will execute such other and further assurances of said land as may be requisite.

LR - Deed (w Taxes)
Recording Fee - ALL
20.00
Name:
Parandhamaia/Smith Farms
Ref: DCTG
LR - County Transfer Tax - linked  10,500.00
LR - Surcharge - linked  40.00
LR - Recordation Tax - linked  7,350.00
LR - State Transfer Tax - linked  5,250.00
LR - Deed - lkd  0.00
==================
SubTotal:  23,160.00
==========
Total:  23,160.00
09/16/2022, 02:32
#18454196 CC0402 -
Garrett
County/CC04.02.01 -
Register 01

EXHIBIT A

BOOK: 2444 PAGE: 10

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2444, p. 0010, MSA_CE87_2447. Date available 09/21/2022. Printed 05/29/2025.

```
LR - Deed (w Taxes)
Recording Fee - ALL
                20.00
Name:
Parandhamaia/Smith
Farms
Ref: DCTG
LR - County Transfer
Tax - linked 10,500.00
LR - Surcharge -
linked          40.00
LR - Recordation Tax -
linked       7,350.00
LR - State Transfer
Tax - linked  5,250.00
        lkd 0.00
=================
SubTotal:   23,160.00
=================
Total:      23,160.00
02:32
CC11-PP
#18454196 CC0402 -
Garrett
County CC04.02.01 -
Register 01
```

THIS DEED, Made this 21st day of July, 2022, by and between GK PARANDHAMAIA and JAN A. PARANDHAMAIA, husband and wife, Grantors and SMITH FARMS HOLDINGS, LLC a Maryland Limited Liability Company, Grantee.

WITNESSETH, that for and in consideration of the sum of ONE MILLION FIFTY THOUSAND ($1,050,000.00) DOLLARS, as well as other good and valuable consideration, well and truly paid by the said Grantee to the said Grantors, the receipt of which is hereby acknowledged, the Grantors have granted, bargained and sold and by these presents do hereby grant, bargain, sell and convey unto the said Grantee, its successors and assigns, all that parcel of land situate in Election District No. 10, Garrett County, Maryland, described as follows:

**PARCEL ONE: ALL** parcel of land conveyed by Wilda K. Fitzwater to Chris A. Fitzwater and Clara M. Fitzwater by deed dated the 21st day of August, 2003 and recorded among the Land Records of Garrett County, Maryland, in Liber 992 page 284, thought to contain 159.79 acres, more or less.

**PARCEL TWO:** "Lot A", as shown on the Plat prepared by The Thrasher Group, titled "Minor Subdivision for GK Parandhamaia" dated November 19, 2021, and recorded in Plat Case KLG 1, at page 123, among the plat records of Garrett County, Maryland. as recorded in Liber 2394, page 101, one of the Land Records of Garrett County, Maryland, leaving 155.79 acres, more or less.

**ALSO CONVEYED,** a 50 foot easement for ingress and egress as recorded in Liber 1139, page 31, one of the Land Records of Garrett County, Maryland.

**BEING** the same property conveyed to G.K. Parandhamaia and Jan A. Parandhamaia, husband and wife, by virtue of a deed from Chris A. Fitzwater and Clara M. Fitzwater, dated December 20, 2013 and recorded in Liber 1786, page 160, and deed dated February 3, 2022 and recorded in Liber 2394, page 101, both among the Land Records of Garrett County, Maryland.

**TOGETHER** with the buildings and improvements thereon, and the rights, roads, ways, waters, privileges and appurtenances thereunto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD** the above granted property, with all and singular the appurtenances thereto, unto Smith Farms Holdings, LLC, its successors and assigns, forever in fee simple.

**AND** the Grantors covenant that they will warrant specially the property hereby granted and conveyed and that they will execute such other and further assurances of said land as may be requisite.

**EXHIBIT A**

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2444, p. 0011, MSA_CE87_2447. Date available 09/21/2022. Printed 05/29/2025.

BOOK: 2444 PAGE: 11

**WITNESS** our hands and seals the day and year first above written.

CERTIFICATION

The undersigned Grantors make oath in due form of law under penalties of perjury that they are residents of the State of Maryland.

WITNESS:

_____    _____(SEAL)
                                    GK PARANDHAMAIA

_____    _____(SEAL)
                                    JAN A. PARANDHAMAIA

STATE OF Maryland , Garrett _____ COUNTY, to-wit:

I HEREBY CERTIFY that on this 21st day of July_____, 2022, before me, the subscriber, a Notary Public in and for the State and County aforesaid, personally appeared GK Parandhamaia and Jan A. Parandhamaia, known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained. They further made oath in due form of law under penalties of perjury that the actual amount of consideration paid or to be paid is $1,050,000.00.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

> SUNNI BETH IMHOFF
> Notary Public - State of Maryland
> Garrett County
> My Commission Expires May 16, 2026

My Commission Expires:

_____    _____
                                    Notary Public

I hereby certify that this instrument was prepared by or under the supervision of an attorney at law, duly admitted to practice before the Court of Appeals of the State of Maryland.

_____
M. ELIZABETH GEORG

ALL TAXES PAID TO DATE    ALL TAXES PAID TO DATE

JUL 26 2022    SEP 16 2022

COLLECTIONS OFFICE    COLLECTIONS OFFICE
                      HM

**EXHIBIT A**

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2444, p. 0012, MSA_CE87_2447. Date available 09/21/2022. Printed 05/29/2025.

**BOOK: 2444 PAGE: 12**

**State of Maryland Land Instrument Intake Sheet**

☐ Baltimore City   ☒ County: _____ Garrett _____

*Information provided is for the use of the Clerk's Office, State Department of Assessments and Taxation, and County Finance Office Only.*
**(Type or Print in Black Ink Only – All Copies Must Be Legible)**

*(Space Reserved for Circuit Court Clerk Recording Validation)*

**1 | Type(s) of Instruments**   ( ☐ Check Box if addendum Intake Form is Attached.)

| ☒ Deed | ☐ Mortgage | ☐ Other _____ | ☐ Other _____ |
| Deed of Trust | Lease | | |

**2 | Conveyance Type Check Box**

| ☒ Improved Sale Arms-Length [1] | ☐ Unimproved Sale Arms-Length [2] | ☐ Multiple Accounts Arms-Length [3] | ☐ Not an Arms-Length Sale [9] |

**3 | Tax Exemptions (if applicable) Cite or Explain Authority**

| Recordation | |
| State Transfer | |
| County Transfer | |

**4 | Consideration and Tax Calculations**

| Consideration Amount | | Finance Office Use Only — Transfer and Recordation Tax Consideration | |
|---|---|---|---|
| Purchase Price/Consideration | $ 1,050,000.00 | Transfer Tax Consideration | $ |
| Any New Mortgage | $ | X ( ) % = | $ |
| Balance of Existing Mortgage | $ 300,000.00 | Less Exemption Amount - | $ |
| Other: | $ | Total Transfer Tax = | $ |
| Other: | $ | Recordation Tax Consideration | $ |
| | | X ( ) per $500 = | $ |
| Full Cash Value: | $ | TOTAL DUE | $ |

**5 | Fees**

| Amount of Fees | Doc. 1 | Doc. 2 | |
|---|---|---|---|
| Recording Charge | $ 60.00 | $ | Agent: |
| Surcharge | $ | $ | |
| State Recordation Tax | $ 7,350.00 | $ | Tax Bill: |
| State Transfer Tax | $ 5,250.00 | $ | |
| County Transfer Tax | $ 10,500.00 | $ | C.B. Credit: |
| Other | $ | $ | |
| Other | $ | $ | Ag. Tax/Other: *DofI OK AR* |

**6 | Description of Property**
SDAT requires submission of all applicable information. A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i).

| District | Property Tax ID No. (1) | Grantor Liber/Folio | Map | Parcel No. | Var. LOG |
|---|---|---|---|---|---|
| | 01003356 *a* | 1786 , 160 | 59 | 64 | ☒ (5) |

| Subdivision Name | Lot (3a) | Block (3b) | Sect/AR (3c) | Plat Ref. | SqFt/Acreage (4) |
|---|---|---|---|---|---|
| | | | | | 155.79 AC |

**Location/Address of Property Being Conveyed (2)**
155.79 Acres E/S Bittinger Rd S MELLINGER RD NORTH GLADE and 2714 Bittinger Road, Swanton, MD 21561

| Other Property Identifiers (if applicable) | Water Meter Account No. |
|---|---|
| | |

Residential ☒ Or Non-Residential ☐   Fee Simple ☒ or Ground Rent ☐ Amount: _____ $_____

Partial Conveyance ☐ Yes ☒ No   Description/Amt. of SqFt/Acreage Transferred: _____

If Partial Conveyance, List Improvements

**7 | Transferred From**

| Doc. 1 – Grantor(s) Name(s) | Doc. 2 – Grantor(s) Name(s) |
|---|---|
| G.K. Parandhamaia and Jan A. Parandhamaia | |
| **Doc. 1 – Owner(s) of Record, if Different from Grantor(s)** | **Doc. 2 Owner(s) of Record, if Different from Grantor(s)** |
| | |

**8 | Transferred To**

| Doc. 1 – Grantee(s) Name(s) | Doc. 2 – Grantee(s) Name(s) |
|---|---|
| Smith Farm Holdings, LLC | |

**New Owner's (Grantee) Mailing Address**
2417 Bittinger Road, Swanton, MD 21561

**9 | Other Names to Be Indexed**

| Doc. 1 – Additional Names to be Indexed (Optional) | Doc. 2 – Additional Names to be Indexed (Optional) |
|---|---|
| | |

**10 | Contact/Mail Information**

| Instrument Submitted By or Contact Person | |
|---|---|
| Name: Crystal Burgess | ☒ Return to Contact Person |
| Firm   Deep Creek Title Group | ☐ Hold for Pickup |
| Address: 19509 Garrett Highway, Suite 5 | |
| Oakland, MD 21550   Phone: (301) 334-1001 | ☐ Return Address Provided |

**11 | IMPORTANT: *BOTH* THE ORIGINAL DEED *AND* A PHOTOCOPY MUST ACCOMPANY EACH TRANSFER**

**Assessment Information**

| ☐ Yes ☒ No | Will the property being conveyed be the grantee's principal residence? |
| ☐ Yes ☒ No | Does the transfer include personal property? If yes, identify: _____ |
| ☐ Yes ☒ No | Was property surveyed? If Yes, attach copy of survey (if recorded, no copy required). |

**Assessment use only – Do Not Write Below This Line**

| Terminal Verification | Agricultural Verification | Whole | Part | Tran. Process Verification |
|---|---|---|---|---|
| Transfer Number | Date Received: | Deed Reference: | | Assigned Property No.: |

| Year | 20 | 20 | Geo. | Map | Sub | Block |
|---|---|---|---|---|---|---|
| Land | | | Zoning | Grid | Plat | Lot |
| Buildings | | | Use | Parcel | Section | Occ. Cd. |
| Total | | | Town Cd. | Ex. St. | Ex. Cd. | |

REMARKS:

*Handwritten figures:*
40.00
20.00
7350.00
5250.00
10500.00
23160.00

**EXHIBIT A**
File No.: DCTG-8236

GARRETT COUNTY CIRCUIT COURT (Land Records) KLG 2444, p. 0013, MSA_CE87_2447. Date available 09/21/2022. Printed 05/29/2025.

**BOOK: 2444  PAGE: 13**

Parcel #2

Account# 01-091394

Liber# 2394

Folio# 101

Map# 59

Parcel# 680

4.00 Ac (LOTA) S/S BITTINGER RD NORTH GLADE

**EXHIBIT A**

E-FILED; Garrett Circuit Court
Docket: 5/29/2025 3:39 PM; Submission: 5/29/2025 3:39 PM
Envelope: 21413156

**Garrett County Board of REALTORS®, Inc.**

# POST-SETTLEMENT OCCUPANCY AGREEMENT

**THIS AGREEMENT** made 07/21/2022 _____ between G.K. Parandhamaia and Jan A. Parandhamaia _____, hereinafter called Seller, and _____

Smith Farm Holdings, LLC _____, hereinafter called Purchaser.

**WHEREAS,** Seller and Buyer entered into a contract of sale dated 05/27/2022 _____ in which Buyer agreed to buy and Seller agreed to sell a certain parcel of land being described therein as Farm house _____ on the property known as 2714 Bittinger Road Bittinger ROAD _____, more or less, Election District No. _____, Garrett _____ County, Maryland, including improvements thereon, (premises), and

**WHEREAS,** pursuant to, or supplemental to, the terms of said Contract, the parties agreed to enter into a post settlement agreement pertaining to occupancy of the subject property.

**NOW, THEREFORE,** in consideration of the sum set forth in said Contract, being the purchase price of the property, and other good and valuable consideration, the receipt and sufficiency whereof is hereby acknowledged, the parties agree as follows:

1. The Seller shall retain occupancy in said property until 09/01/2022 _____.
2. Seller shall pay rent of $ 1.00 _____ per for the term _____.
3. Seller shall be responsible for utilities until the occupancy terminates.
4. Buyer shall insure the improvements to the property from date of closing.
5. Seller shall insure their personal property remaining on said premises after closing date and have liability insurance in a reasonable amount.
6. Seller agrees to refrain from causing, or permitting to be caused, any damage to the premises and agrees to turn the property over to Buyer in the same condition as it was at the time of settlement, normal wear and tear expected, and is responsible for all damages to the premises which occur during post settlement occupancy.
7. Seller shall not do nor permit to be done anything in or about the premises to impair or contravene the policy or policies of insurance on said premises held by Buyer.
8. Seller agrees to indemnify and hold Buyer harmless from any and all claims, demands, actions, causes of action, damages, expenses, losses or liabilities arising in any way from or out of the use of the property during Sellers occupancy.
9. This agreement is not intended to create a relationship of landlord and tenant. The right of Seller to occupy the premises shall be on a day-to-day basis. When such right terminates, Seller agrees to peacefully vacate the premises; and if legal action is necessary to enforce any term of this agreement, Seller agrees to pay all cost thereof, including reasonable attorney's fees. The rights of the Seller include those set forth in Section 14-109 of The Annotated Code of Maryland Real Property Volume.

**Witness the hands of the parties hereto as of the above date.**

| | | |
|---|---|---|
| Seller | Date | Buyer — 7-21-22 — Date |
| Seller | Date | Buyer — 7-21-22 — Date |

This recommended form is the property of the Garrett County Board of REALTORS®, Inc. and is for use by members only.

Page 1 of 1

GCBR 590.7/98.

**EXHIBIT A**

## RESIDENTIAL LEASE AGREEMENT

THIS RESIDENTIAL LEASE AGREEMENT (this "Lease") is entered into the day of, 2022, by and between Smith Farm Holdings, LLC (the "Landlord"); and GK Parandhamaia and Jan A. Parandhamaia (the "Tenant").

The parties agree:

1.  **Lease, Payment, and Additional Charges.**

    a.  The Landlord hereby leases to the Tenant and the Tenant hereby leases from the Landlord, premises (the house and garage)  known as **2440 Bittinger Road, Swanton, Maryland** (the "Premises").

    b.  The Tenant shall pay to the Landlord $ 1.00 each month ("Rent") on or before the first day of each month, beginning July 21, 2022, and continuing for a total of **60 months** (the "Rent Due Date"). **Tenant shall as a component of the "Rent" also provide general maintenance for the Premises, pay all utilities, and perform all further obligations set forth herein.**

    c.  The Tenant shall pay Rent to the Landlord at **1570 Bonita Lane, Naples, FL** (or at such other place as the Landlord may from time to time designate) without diminution, deductions, or demand and said obligation to pay Rent is independent of any other clause herein.

2.  **Term.**

    a.  Notwithstanding any provision herein to the contrary, this Lease is for a term of 60 months, beginning on July 21, 2022, and ending on July 20, 2027.

3.  **Security Deposit. No Security Deposit is Required.**

4.  **Possession.**

    The Landlord shall deliver possession on the commencement of the term of this Lease.

5.  **Acceptance of Property.**

    a.  Delivered in compliance with law. The Landlord covenants that the Premises and all common areas are delivered in a clean, safe, and sanitary condition, free of rodents and vermin, in a habitable condition, and in complete compliance with all applicable law. The Tenant acknowledges that he/she has been given an opportunity to examine the Premises, that he/she has examined the Premises and found them to be in satisfactory condition. information only, and the Landlord is not be obligated to make any repairs.

6.  **Uses/Authorized Occupant.**

    The Tenant shall use the Premises solely for residential purposes.

**EXHIBIT A**

## 7. Maintenance/Utilities

a. The Tenant shall maintain the Premises in a clean, sanitary, and safe condition. The Tenant is responsible for all replacement of or repairs to structural elements of the house and garage, major appliances (including washers and dryers) and electrical, plumbing, heating and air conditioning systems. The Tenant shall pay utility charges as follows and make all required deposits.

## 8. Smoke Detectors.

a. It is the responsibility of the Tenant to check Smoke Detectors periodically during the tenancy and replace batteries as necessary to keep the Smoke Detectors in proper working condition and to report any malfunctions to the Landlord in writing.

## 9. Sublet/Assignment.

a. Tenant shall not assign this Lease or sublet the Premises or any portion thereof, or transfer possession or occupancy thereof to any other person or persons without the prior written consent of the Landlord.

## 10. Insurance.

a. The Tenant shall obtain renter's insurance to protect the Tenant's personal belongings and for public liability, with policy limits of at least $1,000,000.00 per incident. The Tenant shall name the Landlord as an additional insured on such policy and provide proof of the same to the Landlord within five (5) days of the date of this Agreement, and annually upon request of the Landlord.

## 11. Hold Harmless.

a. The Tenant shall indemnify and save the Landlord harmless from any and all loss, claim or damage by reason of any accident, injury, or damage to any person or property occurring anywhere on or about the leased premises.

## 12. Landlord Access to Premises.

a. The Landlord may enter the Premises immediately without notice to the Tenant in an emergency situation.

## 13. Default.

a. In the event of any default, the Landlord has the right to terminate this Lease by giving the Tenant personally or by sending via first class mail to the Tenant a thirty (30) day written notice to quit and vacate the Premises containing in said notice the basis for the termination.

## 14. Court Awarded Legal Fees/Waiver.

a. In an action by the Landlord to recover possession of the Premises, the Tenant is obligated to pay actual court costs, legal costs and attorney fees awarded by a court. Any waiver of a default hereunder is not to be deemed a waiver of this Lease of any subsequent default. Acquiescence in a default does not operate as a waiver of such default, even though such acquiescence continues for

Page 2 of 13

**EXHIBIT A**

an extended period of time.

**15. Termination Hold-Over.**

    a.  Either the Landlord or the Tenant may terminate this Lease at the expiration of the Lease or any extension thereof by giving the other written notice of termination on the 1st day of the month in which the tenancy or intended tenancy will expire.

    b.  This Lease will then terminate on the last day of the month in which notice was given.

**16. Surrender of Premises.**

    a. The Tenant shall, upon termination of this Lease turn the property over to Landlord in the same condition as it was at the time of the commencement of the lease, normal wear and tear expected, and is responsible for all damages to the premises which occur during said lease term. The Landlord has no obligation to make any repairs to the Premises whatsoever, for any reason.

**17. Notice.**

    a.  Method of Notice. Each party giving notice pursuant to this Lease shall give notice in writing and use one of the following methods of delivery: registered, certified, or express mail (postage prepaid and return receipt requested); nationally recognized overnight courier (all fees prepaid); facsimile; or e-mail.

    b.  Contact Information. A party giving notice shall address the notice to the appropriate person at the address listed below:

        i. To Landlord: 1570 Bonita Lane, Naples, FL.

        ii. To Tenant: 2440 Bittinger Road, Swanton, MD.

**18. Cumulative Remedies.**

    a. In the event of breach of this Lease, the non-breaching party may pursue all remedies available at law and in equity.

**19. No Waiver.**

    a. Delay or failure of any party to exercise any right pursuant to this Lease does not constitute a waiver of the rights and obligations set forth in this Lease.

**20. Applicable Law.**

    a. The laws of the State of Maryland, without giving effect to its conflict of law principles, govern all matters arising out of or relating to this Lease and all of the transactions this Lease contemplates, including validity, interpretation, construction, performance, and enforcement.

**21. Headings.**

    a. The headings of the Sections of this Lease are for convenience only and do not affect or control the meaning or construction of any provisions of this Lease.

**EXHIBIT A**

22. **Amendments.**

   a. The parties may amend this Lease only by a written document signed by all parties.

23. **Force Majeure.**

   a. No party is responsible for any failure to fulfill its obligations pursuant to this Lease due to causes beyond the party's reasonable control, including, but not limited to, acts or omissions of government or military authority, acts of God, fires, floods, labor disturbances, riots, wars, or terrorist acts.

24. **Severability.**

   a. Each provision of this Lease is to be interpreted in such a way as to be valid under applicable law. If any provision is invalid under applicable law, it is to be considered ineffective only to the extent of such invalidity, and the remainder of the provision and the other provisions of this Lease remain valid.

25. **Entire Agreement.**

   a. This Lease, together with the attachments, exhibits, and schedules to this Lease, constitutes the entire agreement between the parties as to the subject matter of this Lease and supersedes all previous negotiations, commitments, and writings.

**[Signature Page Follows]**

IN WITNESS WHEREOF, the parties have executed, acknowledged, sealed, and delivered this Lease the day and year first hereinabove set forth.

ATTEST:

LANDLORD

**Smith Farm Holdings, LLC, by:**

_____ (SEAL)        Date: 7-21-22
Steven G. Smith, Member

_____ (SEAL)        Date: 7-21-22
Alyssa L. Smith, Member

TENANT

_____ (SEAL)        Date:
GK Parandhamaia

_____ (SEAL)        Date:
Jan A. Parandhamaia

Page 4 of 13

**EXHIBIT A**

# IN THE CIRCUIT COURT FOR GARRETT COUNTY, MARYLAND

**G K PARANDHAMAIA and**
**JAN PARANDHAMAIA**
    Plaintiffs/Counter-Defendants

      **vs.**

**SMITH FARM HOLDINGS. LLC**
    Defendant/Counter-Plaintiff

:

:

:

:

CIR CT GARRETT CO, MD
2023 OCT 13 AM 11:38

**CASE NO. C-11-CV-22-109**
**CASE NO. C-11-CV-23-70**

## DECLARATORY JUDGMENT and ORDER

For the reasons stated in a Memorandum of even date, it is this _13th_ day of October, 2023, by the Circuit Court for Garrett County, hereby

**ORDERED, AJUDGED, and DECREED**, that the property rented by G K Parandhamaia and Jan Parandhamaia from Smith Farm Holdings, LLC, at 2440 Bittinger Road is limited to the house and garage and the curtilage area immediately surrounding the house; and it is further

**ORDERED, ADJUDGED, and DECREED**, that within the curtilage, the Parandhamaias may only conduct activities that relate to the domestic operations of the home; and it is further

**ORDERED, ADJUDGED, and DECREED**, that the Parandhamaias are not entitled to any other access, beyond the house and garage, other than for use of the driveway, to any other part of the parcel they sold to Smith Farm Holdings, LLC, at 2440 Bittinger Road or 2714 Bittinger Road; and it is further

**ORDERED,** that Smith Farm Holdings, LLC, shall provide running water to the premises located at 2440 Bittinger Road within sixty (60) days.

_____
W. Timothy Finan, Judge

**EXHIBIT A**

E-FILED; Garrett Circuit Court
Docket: 5/29/2025 3:39 PM; Submission: 5/29/2025 3:39 PM
Envelope: 21413156

## IN THE CIRCUIT COURT FOR GARRETT COUNTY, MARYLAND

GK PARANDHAMAIA and JAN
PARANDHAMAIA,

*Plaintiffs and Counterclaim Defendants*,

v.

SMITH FARM HOLDINGS, LLC,

*Defendant and Counterclaim Plaintiff.*

CIVIL NUMBER:  C-11-CV-23-000070
C-11-CV-22-000109

## MOTION FOR SANCTIONS

AND NOW, comes Defendant/Counterclaim Plaintiff, Smith Farm Holdings ("Smith Farm"), by and through its attorneys, and respectfully moves this Honorable Court to compel Plaintiffs/Counterclaim Defendants GK and Jan Parandhamaia ("Plaintiffs") to comply with this Court's October 13, 2023 Order instructing Plaintiffs to refrain from accessing Defendant's property. In further support of this Motion, Smith Farm states the following:

1.      This action involves a dispute initiated by Plaintiffs regarding a rent escrow action and for breach of contract arising out of Smith Farm's purchase of certain property in Garrett County, Maryland from Plaintiffs and the lease of a portion of the property back to Plaintiffs following the sale.

2.      Smith Farm subsequently filed its Counterclaim and Application for TRO and Preliminary Injunction arising out of Plaintiffs' failure to disclose issues with a well located on the property and Plaintiffs' trespass on and destruction of portions of the property that they were not entitled to access under the terms of their lease.

3.      Trial was held in this matter on September 5 and October 4, 2023.

1

20599464.1

**EXHIBIT A**

4.      Such dispute was resolved by this Court's October 13, 2023 Order instructing, in relevant part, that the property rented to Plaintiffs is "**limited to the house and garage and the curtilage area immediately surrounding the house**" and that Plaintiffs "**are not entitled to any other access, beyond the house and garage, other than for use of the driveway**." *See* October 13, 2023 Declaratory Judgment and Order and Memorandum Opinion, attached hereto as Exhibit A.

5.      However, Plaintiffs have failed to comply with such Order.

6.      Also in this Court's October 13, 2023 Order, Smith Farm was instructed to provide running water to the premises rented by Plaintiffs within sixty (60) days, to which Smith Farm complied.

7.      Smith Farm has met the requirements of the October 13, 2023 Order and is seeking sanctions against Plaintiffs for failing to comply with their requirements and obligations.

8.      Plaintiffs have continued to trespass on Smith Farm's property on numerous occasions since this Honorable Court's October 13, 2023 Order and have failed to keep to their limited allotment of rental property.

9.      By way of example, Plaintiffs have repeatedly trespassed on Smith Farm's property by mowing portions of the property well-beyond any reasonable curtilage that could be attributable to the home and garage that is the subject of the lease, driving off-road vehicles throughout the property, and continuing to keep items on portions of the property which they do not lease (including a picnic table, swing set, and storage container).

10.     Indeed, the undersigned attempted to contact Plaintiffs' counsel regarding their continued trespass on the property and asked them to cease same, but such efforts were ignored

2

20599464.1

**EXHIBIT A**

and Plaintiffs have continued in their refusal to comply with the terms of the October 13, 2023 Order. *See Emails attached hereto as Exhibit B.*

11.     Plaintiffs have also blocked the driveway that is owned by Smith Farm and for which they only have the right to utilize to access the home and garage.

12.     Further, Plaintiffs have refused to allow Smith Farm to access a spigot located on the exterior of the home so that Smith Farm can water a garden on its own property and which is the only accessible water source in the vicinity of the garden.  Smith Farm provided reasonable notice of such access and Plaintiffs refused to provide same in violation of the lease and further threatened to, once again, call the sheriff on Smith Farm.

13.     In this regard, Smith Farm has attempted to resolve such issues without involving the Court but to no avail.

14.     The Court's Order was intended to allow the parties to co-exist in peace on the property; however, Plaintiffs have never wanted to peacefully co-exist and, despite the Court's directives, continue to interfere with Smith Farm's quiet enjoyment of its own property.

15.     Plaintiffs' conduct is even more galling considering the fact that *they no longer level on the rental premises* and apparently trespass on, store personal property on and deny access to the property *owned by Smith Farm* simply as a means to antagonize Smith Farm and interfere with its quiet enjoyment of its own property.

16.     Indeed, and despite Plaintiffs' representations to the Court during the trial in this matter that they were living in the leased premises and could not find other accommodations, *they were in the process of purchasing a new home roughly 3.5 miles up the road from the leased*

3

20599464.1

**EXHIBIT A**

*premises at the time of the first day of trial (September 5, 2023)[1] and had closed on the new home by the second day of trial (October 4, 2023).  See Property Records attached hereto as Exhibit C.*

17.    In line with this, Steven Smith, Smith Farm's principal, has observed that Plaintiffs have not accessed the leased home for days (or perhaps weeks) at a time and instead appear to be using it solely to store their personal items.

18.    On the other hand, Mr. Smith has repeatedly observed Plaintiffs' vehicles parked at the new home and the Plaintiffs themselves in the yard, clearly residing in the new home they purchased.

19.    Plaintiffs have even gone so far as to move equipment to their new property, without any regard to the equipment they installed and continue to leave on Smith Farm's property.

20.    It is believed that Plaintiffs occupied the new property sometime during the Fall of 2023 and do not reside in the leased property at all any more.

21.    Accordingly, Plaintiffs are further in violation of the terms of the lease, and this Court's October 13, 2023 Order, directing that the premises be used "solely for residential purposes."  *See Lease attached hereto as Exhibit D.*

22.    Defendant now seeks sanctions against Plaintiffs for their continued violation of this Court's Order in the following form:

a.    Voiding and/or terminating the lease between Plaintiffs and Smith Farm as a result of Plaintiffs' continued violations of same;

b.    Monetary payment of $10,000 to Smith Farm;

---

[1] The Deed for the new residence indicates that it was transferred to Plaintiffs on September 14, 2023.  *See Exhibit C.*

4

20599464.1

**EXHIBIT A**

c.   Attorney's fees, costs and expenses in connection with Smith Farm's attempt to enforce this Honorable Court's October 13, 2023 Order and terminate the lease; and

d.   Such other relief as this Court deems just and proper.

WHEREFORE, Defendant/Counterclaim Plaintiff, Smith Farm Holdings respectfully requests its Motion for Sanctions be granted by this Honorable Court.

Respectfully submitted,

_s/Nichols L. Fiske_____
Alan L. Winik, Esquire
CPF # 751201349
The Law Office of Alan L. Winik, LLC
19 North Court Street
Frederick, Maryland 21701
alan@winiklaw.com

Nicholas L. Fiske, Esquire
*Pro Hac Vice*
PA I.D. No.: 309696
Steptoe & Johnson PLLC
500 Grant Street, Suite 4940
Pittsburgh, Pennsylvania 15219
(412) 504-8135
nick.fiske@steptoe-johnson.com
*Admitted Pro Hac Vice*

*Counsel for Defendant and Counterclaim*
*Plaintiff, Smith Farm Holdings, LLC*

5

20599464.1

**EXHIBIT A**

# EXHIBIT A

**EXHIBIT A**

E-SERVED: Garrett Circuit Court 10/13/2023 11:45 AM System SystemEnvelope: 14208083
Case 1:25-cv-02691-SAG    Document 4-1    Filed 08/14/25    Page 22 of 41

E-FILED; Garrett Circuit Court
Docket: 10/13/2023 11:45 AM; Submission: 10/13/2023 11:45 AM
Envelope: 14208083

## IN THE CIRCUIT COURT FOR GARRETT COUNTY, MARYLAND

G K PARANDHAMAIA and            :
JAN PARANDHAMAIA
     Plaintiffs/Counter-Defendants

                                          **CASE NO. C-11-CV-22-109**
     vs.                     :             **CASE NO. C-11-CV-23-70**

SMITH FARM HOLDINGS. LLC     :
     Defendant/Counter-Plaintiff

CIR CT GARRETT CO. MD
2023 OCT 13 AM 11:38

### DECLARATORY JUDGMENT and ORDER

For the reasons stated in a Memorandum of even date, it is this _13th_ day of October, 2023, by the Circuit Court for Garrett County, hereby

**ORDERED, AJUDGED, and DECREED**, that the property rented by G K Parandhamaia and Jan Parandhamaia from Smith Farm Holdings, LLC, at 2440 Bittinger Road is limited to the house and garage and the curtilage area immediately surrounding the house; and it is further

**ORDERED, ADJUDGED, and DECREED**, that within the curtilage, the Parandhamaias may only conduct activities that relate to the domestic operations of the home; and it is further

**ORDERED, ADJUDGED, and DECREED**, that the Parandhamaias are not entitled to any other access, beyond the house and garage, other than for use of the driveway, to any other part of the parcel they sold to Smith Farm Holdings, LLC, at 2440 Bittinger Road or 2714 Bittinger Road; and it is further

**ORDERED**, that Smith Farm Holdings, LLC, shall provide running water to the premises located at 2440 Bittinger Road within sixty (60) days.

_____
W. Timothy Finan, Judge



**EXHIBIT A**

# IN THE CIRCUIT COURT FOR GARRETT COUNTY, MARYLAND

CIR CT GARRETT CO, MD
2023 OCT 13 AM 11:38

G K PARANDHAMAIA and
JAN PARANDHAMAIA
   Plaintiffs/Counter-Defendants

        vs.

SMITH FARM HOLDINGS. LLC
   Defendant/Counter-Plaintiff

:

:       CASE NO. C-11-CV-22-109
:       CASE NO. C-11-CV-23-70

:

## MEMORANDUM OPINION

This is a consolidated case that was tried by the Court to its conclusion October 4, 2023. The Court took the matter under advisement.

Originally, Plaintiffs (sometimes hereafter referred to as the Parandhamaias) sued the Defendants (sometimes hereafter referred to as Smith) in a rent escrow action and for breach of contract. The Defendants counterclaimed, alleging breach of contract and various torts -- trespass, nuisance, fraud, negligent misrepresentation, conversion -- and are seeking various remedies including monetary damages and injunctive and declaratory relief. The Court will recite facts and law sufficient to elucidate the basis for the Court's judgment.

## BACKGROUND

Plaintiffs are the prior owners of two parcels in Swanton, Maryland, that are the location of the instant dispute. Plaintiffs sold the contiguous parcels (2440 and 2714 Bittinger Road) to Smith on September 16, 2022. The parcel at 2440 Bittinger Road contains a small house and garage and is 9.75 acres; 2714 Bittinger Road is a farm house on 160 acres.

Plaintiffs are renting from Smith 2440 Bittinger Road pursuant to a residential five-year lease agreement dated July 21, 2022. Plaintiffs' Exhibit 1. Plaintiffs testified, and the Court believes their testimony, that the home's well failed in September, 2022. Further, the Court credits their testimony that the well previously supplied adequate water. After Plaintiffs moved in they notified Smith of the failure of the water system at 2440 Bittinger Road. Smith refuses to correct the water system, claiming Plaintiffs knew of any inadequacies with the well prior to selling Defendant 2440 Bittinger Road, and that the lease agreement in any case places responsibility for fixing the well on the Parandhamaias.

**EXHIBIT A**

Because Smith would not fix the problems to the water service, Plaintiffs filed a complaint for rent escrow and injunction in the District Court for Garrett County. Plaintiffs do not at all care about withholding rent or paying their rent to the Court, as the rent is a nominal One Dollar ($1.00) per year. Rather, they asked the District Court (and now this Court) to order the landlord to fix the problem under Md. Code, *Real Property Article* §8-211.

After Plaintiffs prevailed in the District Court rent escrow case, Smith sought a de novo appeal and filed his own counterclaim. Smith's defense to the rent escrow claim is that it is the Parandhamaias' responsibility to supply water to the house at 2440 Bittinger Road, not Smith's. As to the Smith counterclaim, he alleges the Plaintiffs are only leasing the house and garage at 2440 Bittinger Road. He claims that Plaintiffs are unlawfully using the entire 9.75-acre parcel on which 2440 Bittinger sits. Smith does not consent to Plaintiffs farming or growing potatoes or storing personal property throughout the 9.75 acres, as they are doing.

## ANALYSIS

The lease provides "The Landlord has no obligations to make any repairs to the premises whatsoever, for any reason". Residential Lease Agreement, paragraph 16. (Plaintiffs' Exhibit 1). The Court finds this is a prohibited lease provision. Maryland law implies a warranty of habitability exists in residential dwelling leases of this kind. Here, it was not effectively waived by the landlord or the tenant. Maryland law lays out examples of the covered issues which include "running water". Md. *Real Property* Code, §8-211(e). The lack of water was not caused by Plaintiffs' misfeasance or Plaintiffs' failure to pay a water bill, and the shifting of the repair obligation to Plaintiffs is unenforceable. They are entitled to relief under Maryland's rent escrow laws as the premises are not in a habitable condition without an operable well or other source of running water.

Turning to Smith's counterclaim, the Court finds his trespass claim meritorious. The portion of the property the Parandhamaias rented was the house and garage at 2440 Bittinger Road. Plaintiffs' Exhibit 1, paragraph 1.a. There is insufficient evidence the parties agreed Plaintiffs could access the entire 9.75 acreage. Thus, farming or storing equipment off the rented premises, i.e., the house and garage, constitutes a trespass.

The Court believes the parties have acted in good faith. Each side interprets the lease from a different perspective, subjectively believing they are right. The Court will not award any monetary damages and will simply combine the prayers of both parties into a single judgment

**EXHIBIT A**

-3-

granting declaratory and injunctive relief (which both parties have sought), which should be sufficient to terminate the existing controversy.[1]

For the foregoing reasons, the Court will enter a judgment of even date herewith directing Smith to fix the water problem and declaring the Parandhamaias have rented only the house and garage at 2440 Bittinger Road.

_____ 10/13/202?
W. Timothy Finan, Judge

---

[1] The hearing in this case was scheduled for preliminary injunction but constituted a full adversary trial on the propriety of a final injunction. The parties consented to consolidate the preliminary injunction hearing with the trial on the merits. Md. Rule 15-505. **EXHIBIT A**

# EXHIBIT B

**EXHIBIT A**

## Michelle Craig

| | |
|---|---|
| **From:** | Nicholas Fiske |
| **Sent:** | Tuesday, May 21, 2024 5:05 PM |
| **To:** | Adam Greivell |
| **Subject:** | RE: 2440 Bittinger |

Adam,

Just tried to give you a call.  Your clients are now mowing the entire 8 acre parcel.  Please direct them to cease this activity immediately and comply with the Court's Order and confirm same to me.  Otherwise we will be forced to raise the issue with the Judge.

**Nick Fiske**
Of Counsel
Steptoe & Johnson PLLC
O: 412-504-8135 C: 585-503-2997

**From:** Nicholas Fiske
**Sent:** Thursday, May 16, 2024 4:14 PM
**To:** Adam Greivell <adam@greivelllawoffice.com>
**Subject:** 2440 Bittinger

Adam,

As I understand it, there is still a swingset and picnic table located on the property beyond the area rented by your clients.  Please have them remove same by Friday May 24, 2024 otherwise we will remove them and bill your clients for any removal/disposal costs.  Thank you.

**Nick Fiske**
Of Counsel
Steptoe & Johnson PLLC
One PPG Place, Suite 3300
Pittsburgh, PA  15222
O: 412-504-8135 C: 585-503-2997

nick.fiske@steptoe-johnson.com
www.steptoe-johnson.com



EXHIBIT

**B**

tabbies®

**EXHIBIT A**

# EXHIBIT C

**EXHIBIT A**

Real Property Data Search ( )
Search Result for GARRETT COUNTY

| View Map | View GroundRent Redemption | View GroundRent Registration |
|---|---|---|

Special Tax Recapture: None

**Account Identifier:** District - 01 Account Number - 002813

## Owner Information

| | | | |
|---|---|---|---|
| Owner Name: | PARANDHAMAIA GK<br>PARANDHAMAIA JAN | Use:<br>Principal Residence: | RESIDENTIAL<br>NO |
| Mailing Address: | PO BOX 142<br>SWANTON MD 21561- | Deed Reference: | /02513/ 00350 |

## Location & Structure Information

| | | | |
|---|---|---|---|
| Premises Address: | 5405 GLENDALE RD<br>SWANTON 21561- | Legal Description: | 3.24 AC<br>TRACT 2 SECT C<br>MEADOW MTN TRAILS |

| Map: | Grid: | Parcel: | Neighborhood: | Subdivision: | Section: | Block: | Lot: | Assessment Year: | Plat No: | A 59 |
|---|---|---|---|---|---|---|---|---|---|---|
| 0051 | 0018 | 0044 | 1010028.12 | 0680 | C | | 0002 | 2022 | Plat Ref: | 0002/ 0154 |

Town: None

| Primary Structure Built | Above Grade Living Area | Finished Basement Area | Property Land Area | County Use |
|---|---|---|---|---|
| 1991 | 2,594 SF | | 3.2400 AC | |

| Stories | Basement | Type | Exterior | Quality | Full/Half Bath | Garage | Last Notice of Major Improvements |
|---|---|---|---|---|---|---|---|
| 2 | YES | STANDARD UNIT | FRAME/ | 4 | 2 full/ 1 half | 1 Attached | |

## Value Information

| | Base Value | Value | Phase-in Assessments | |
|---|---|---|---|---|
| | | As of<br>01/01/2022 | As of<br>07/01/2023 | As of<br>07/01/2024 |
| Land: | 32,200 | 32,400 | | |
| Improvements | 202,400 | 230,400 | | |
| Total: | 234,600 | 262,800 | 253,400 | 262,800 |
| Preferential Land: | 0 | 0 | | |

## Transfer Information

| | | |
|---|---|---|
| Seller: HINEBAUGH JOHN E & CAROL A | Date: 09/20/2023 | Price: $380,000 |
| Type: ARMS LENGTH IMPROVED | Deed1: /02513/ 00350 | Deed2: |
| Seller: ORTH, CHARLES A & JANET M | Date: 04/17/1990 | Price: $15,000 |
| Type: ARMS LENGTH IMPROVED | Deed1: /00546/ 00334 | Deed2: |
| Seller: | Date: | Price: |
| Type: | Deed1: | Deed2: |

## Exemption Information

| Partial Exempt Assessments: | Class | 07/01/2023 | 07/01/2024 |
|---|---|---|---|
| County: | 000 | 0.00 | |
| State: | 000 | 0.00 | |
| Municipal: | 000 | 0.00|0.00 | 0.00|0.00 |

Special Tax Recapture: None

## Homestead Application Information

Homestead Application Status: No Application

## Homeowners' Tax Credit Application Information

Homeowners' Tax Credit Application Status: No Application          Date:



BOOK: 2513  PAGE: 350

GARRETT COUNTY CIRCUIT COURT (Land Records) WLB 2513, p. 0350, MSA_CE87_2516. Date available 09/25/2023. Printed 11/13/2023.

CRAIG INGRAM ATTORNEY AT LAW OAKLAND, MARYLAND 21650

```
LR - Deed (w Taxes)
Recording Fee - ALL
                    20.00
Name:
Hinebaugh/Parandhamaia
Ref: Ingram
LR - County Transfer
Tax - linked   3,800.00
LR - Surcharge - linked
                    40.00
LR - Recordation Tax -
linked         2,660.00
LR - State Transfer Tax
- linked       1,900.00
LR - NR Tax - lkd   0.00
=======================
SubTotal:      8,420.00
=======================
Total:         8,500.00
09/20/2023   12:33
                 CC11-PP
#17572570 CC0402 -
Garrett
County/CC04.02.01 -
Register 01
```

**This Deed**, Made this ___ day of September, 2023, by and between Carol A. Hinebaugh, by Stephanie Kay Welch, her attorney in fact, Grantor, and GK Parandhamaia and Jan Parandhamaia, husband and wife, Grantees.

**Witnesseth**, That in consideration of the sum of THREE HUNDRED EIGHTY THOUSAND DOLLARS ($380,000.00), which amount is certified and affirmed by the Grantor as the actual consideration, the receipt whereof is hereby acknowledged, the Grantor does hereby grant and convey the following property unto the Grantees to be held as set forth below.

All that parcel of land situate in Election District No. 1, Garrett County, Maryland, which is described as follows:

All that property designated as Tract No. 2 containing 3.244 acres, in Section C, on a plat entitles "Section C & D" of Meadow Mountain Trails and recorded October 23, 1979 in Plat Book No. 2, page 154, one of the Plat Records of Garrett County.

**Subject To** a reservation of all oil and gas in and under the surface of said lands and all the rights of ownership therein as set forth in deed recorded in Liber No. 405, folio 180.

**Subject To** covenants and restrictions recorded in Liber No. 380, folio 309, one of the Land Records of Garrett County, Maryland.

**Being** the same property that was conveyed to the Grantor from Charles A. Orth and Janet M. Orth, husband and wife, by deed dated March 14, 1990, and recorded in Liber No. 546, folio 334, one of the Land Records of Garrett County, Maryland. John E. Hinebaugh's interest in said property passed by operation of law to Carol A. Hinebaugh as the surviving tenant by the entirety.

**Together** with the buildings and improvements thereon and the rights, roads, ways, waters, privileges and appurtenances thereunto belonging or in anywise appertaining.

**To Have And To Hold** the above granted property with all and singular the appurtenances thereto unto the said GK Parandhamaia and Jan Parandhamaia, husband and wife, as tenants by the entirety, their heirs and assigns, forever in fee simple.

The said Grantor covenants that she will warrant specially the property hereby conveyed and that she will execute such other and further assurances of said land as may be requisite.

**EXHIBIT A**

GARRETT COUNTY CIRCUIT COURT (Land Records) WLB 2513, p. 0351, MSA_CE87_2516. Date available 09/25/2023. Printed 11/13/2023.

CRAIG INGRAM ATTORNEY AT LAW OAKLAND, MARYLAND 21550

Witness the hand and seal of the Grantor the day and year first above written.

Witness:

*Carol A. Hinebaugh by Stephanie Kay Welch, her attorney in fact* (SEAL)

Carol A. Hinebaugh by Stephanie Kay Welch, her attorney in fact

**State of Maryland, Garrett County**, to-wit:

On this _14_ day of September, 2023, before me, the undersigned officer, personally appeared Carol A. Hinebaugh, by Stephanie Kay Welch her attorney in fact satisfactorily proven to me to be the person whose name is subscribed to the within instrument, and as such and being so authorized, acknowledged the aforegoing deed to be her act.

_____
Notary Public
My commission expires: JULY 07, 202_

This is to certify that the within instrument was prepared by or under the supervision of the undersigned Maryland attorney.

_____
Craig Ingram

ALL TAXES PAID TO DATE

SEP 18 2023

COLLECTIONS OFFICE

**EXHIBIT A**

**Agents Certification as to the Validity of Power of Attorney and Agents Authority**

**State of Maryland, Garrett County, to-wit:**

County of Garrett:

I (Stephanie Kay Welch) certify under penalty of perjury that (Carol A. Hinebaugh) granted me authority as an agent or successor agent in a power of attorney dated (10/12/2015). I further certify that to my knowledge:

The principal is alive and has not revoked the power of attorney or my authority to act under the power of attorney and the power of attorney and my authority to act under the power of attorney have not terminated. My Father, John E. Hinebaugh, is deceased.

9-14.23

**Date**

**Signature and Acknowledgment**

Stephanie Kay Welch

Stephanie Kay Welch

760-889-5831

Agent's telephone number

**State of Maryland, Garrett County, to-wit:**

This document was acknowledged before me on 14 day of Sept, 2023, by (Agent).

Notary Public

My commission expires:

EXHIBIT A

BOOK: 2513  PAGE: 353

| | | |
|---|---|---|
| MARYLAND FORM **WH-AR** | Certification of Exemption from Withholding Upon Disposition of Maryland Real Estate Affidavit of Residence or Principal Residence | **2023** |

Based on the certification below, Transferor claims exemption from the tax withholding requirements of §10-912 of the Tax-General Article, Annotated Code of Maryland. Section 10-912 provides that certain tax payments must be withheld and paid when a deed or other instrument that effects a change in ownership of real property is presented for recordation. The requirements of §10-912 do not apply when a transferor provides a certification of Maryland residence or certification that the transferred property is the transferor's principal residence.

1. **Transferor Information**

   Name of Transferor  Carol A. Hinebaugh

2. **Description of Property** (Street address. If no address is available, include county, district, subdistrict and lot numbers).
   5405 Glendale Road

3. **Reasons for Exemption**

   **Resident Status**  [✔] As of the date this form is signed, I, Transferor, am a resident of the State of Maryland.

   [ ] Transferor is a resident entity as defined in Code of Maryland Regulations (COMAR)03.04.12.02B(11), I am an agent of Transferor, and I have authority to sign this document on Transferor's behalf.

   **Principal Residence**  [ ] Although I am no longer a resident of the State of Maryland, the Property is my principal residence as defined in IRC 121 (principal residence for 2 (two) of the last 5 (five) years) and is currently recorded as such with the State Department of Assessments and Taxation.

   Under penalty of perjury, I certify that I have examined this declaration and that, to the best of my knowledge, it is true, correct, and complete.

   **3a. Individual Transferors**

   _____
   Witness

   Stephanie Kay Welch, AIF    9-14.23
   Name                **Date

   x *Carol A Hinebaugh by Stephanie Kay Welch,*
   Signature
   *her attorney in fact*

   **3b. Entity Transferors**

   _____
   Witness/Attest

   _____
   Name of Entity

   _____
   By

   _____
   Name                **Date

   _____
   Title

** Form must be dated to be valid.

**Note:** Form is only valid if it was executed on the date the Property was transferred and is properly recorded with the Clerk of the Court.

**To the Clerk of the Court:** Only an un-altered Form WH-AR should be considered a valid certification for purposes of Section 10-912.

01/22

**EXHIBIT A**

GARRETT COUNTY CIRCUIT COURT (Land Records) WLB 2513, p. 0353, MSA_CE87_2516. Date available 09/25/2023. Printed 11/13/2023.

BOOK: 2513 PAGE: 354

# State of Maryland Land Instrument Intake

[ ] Baltimore City    [ X ] County: GARRETT

*Information provided is for the use of the Clerk's Office and State Department of Assessments and Taxation, and the County Finance Office only.*
(Type or Print in Black Ink Only—All Copies Must Be Legible)

**1  Type(s) of Instruments**    ([ ] Check Box if Addendum Intake Form is Attached.)

| | Deed | Mortgage | Other ____ | Other ____ |
| | Deed of Trust | Lease | | |

**2  Conveyance Type Check Box**

| Improved Sale | Unimproved Sale | Multiple | Not an Arms- |
| Arms-Length [1] | Arms-Length [2] | Arms Length [3] | Length Sale [9] |

**3  Tax Exemptions** (if Applicable) Cite or Explain Authority

| Recordation | |
| State Transfer | |
| County Transfer | |

**4  Consideration and Tax Calculations**

| Consideration Amount | | Finance Office Use Only | |
|---|---|---|---|
| | | **Transfer and Recordation Tax Consideration** | |
| Purchase Price/Consideration | $   380,000.00 | | |
| Any New Mortgage | $ | Transfer Tax Consideration | $ |
| Balance of Existing Mortgage | $ | X ( )% = | $ |
| Other: | $ | Less Exemption Amount  - | $ |
| | | Total Transfer Tax  = | $ |
| Other: | $ | Recordation Tax Consideration | $ |
| | | X ( ) per $500 = | $ |
| Full Cash Value | $ | TOTAL DUE | $ |

**5  Fees**

| Amount of Fees | Doc. 1 | Doc. 2 | Agent: |
|---|---|---|---|
| Recording Charge | $  20.00 | $ | |
| Surcharge | $  40.00 | $ | Tax Bill: |
| State Recordation Tax | $  2660.00 | $ | |
| State Transfer Tax | $  1900.00 | $ | C.B. Credit: |
| County Transfer Tax | $  3800.00 | $ | |
| Other | $ | $ | Ag. Tax/Other: |
| Other | $ | $ | no  a.g |

**6  Description of Property**
SDAT requires submission of all applicable information. A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i).

| District | Property Tax ID | Grantor Liber/Folio | Map | Parcel No. | Var. LOG |
|---|---|---|---|---|---|
| 1 | 1-002813 | 546/334 | 51 | 44 | [ ] (5) |

| Subdivision Name | Lot (3a) | Block(3 | Sect/AR(3c | Plat Ref. | SqFt/Acreage(4) |
|---|---|---|---|---|---|
| Meadow Mountain Trails | | | C | 0002/0154 | 3.24 AC |

Location/Address of Property Being Conveyed (2)
5405 Glendale Road, Swanton, MD 21561

| Other Property Identifiers (if applicable) | Water Meter Account No. |
|---|---|
| | |

Residential [ X ] or Non-Resid. [ ]    Fee Simple [ X ] or Ground Rent [ ]    Amount:

Partial Conveyance? [ ] Yes [ X ] No    Description/Amt. of SqFt/Acreage Transferred:

If Partial Conveyance, List Improvements Conveyed:

**7  Transferred From**

| Doc. 1 - Grantor(s) Name(s) | Doc. 2 - Grantor(s) Name(s) |
|---|---|
| Carol A Hinebaugh, by Stephanie Kay Welch, her attorney in fact | |
| Doc. 1 - Owner(s) of Record, if Different from | Doc. 2 - Owner(s) of Record, if Different from Grantor(s) |

**8  Transferred To**

| Doc. 1 - Grantee(s) Name(s) | Doc. 2 - Grantee(s) Name(s) |
|---|---|
| GK Parandhamaia and Jan Parandhamaia | |

New Owner's (Grantee) Mailing Address
PO Box 142, Swanton, MD 21561

**9  Other Names to Be Indexed**

| Doc. 1 - Additional Names to be Indexed (Optional) | Doc. 2 - Additional Names to be Indexed (Optional) |
|---|---|
| | |

**10  Contact/Mail Information**

Instrument Submitted By or Contact Person
Name:  Craig Ingram
Firm:  Attorney at Law
Address: 322 Alder Street
Oakland, MD 21550    Phone: 301-334-3724

[ X ] Return to Contact Person
[ ] Hold for Pickup
[ ] Return Address Provided

**11  IMPORTANT: *BOTH* THE ORIGINAL DEED *AND* A PHOTOCOPY MUST ACCOMPANY EACH TRANSFER**

Assessment Information

Yes [ X ] No    Will the property being conveyed be the grantee's principal residence?
Yes [ X ] No    Does transfer include personal property? If yes, identify: ____
Yes [ X ] No    Was property surveyed? If yes, attach copy of survey (if recorded, no copy

Assessment Use Only - Do Not Write Below This Line

| [ ] Terminal Verification | [ ] Agricultural Verification | [ ] Whole | [ ] Part | | [ ] Tran. Process Verification |
|---|---|---|---|---|---|
| Transfer Number: | Date Received: | Deed Reference: | Assigned Property No.: | | |

| Year | 19 | 19 | Geo. | Map | Sub | Block |
|---|---|---|---|---|---|---|
| Land | | | Zoning | Grid | Plat | Lot |
| Buildings | | | Use | Parcel | Section | Occ. Cd. |
| Total | | | Town Cd. | Ex. St. | Ex. Cd. | |

REMARKS:

**EXHIBIT A**

# EXHIBIT D

**EXHIBIT A**

dotloop signature verification: dtlp.us/9137-TJSE-PXoO

E-FILED; Garrett District Court
Docket: 10/21/2022 1:16 PM; Submission: 10/21/2022 1:16 PM

## RESIDENTIAL LEASE AGREEMENT

THIS RESIDENTIAL LEASE AGREEMENT (this "Lease") is entered into the 21st day of July, 2022, by and between Smith Farm Holdings, LLC (the "Landlord"); and GK Parandhamaia and Jan A. Parandhamaia (the "Tenant").

The parties agree:                                                    D-122-CV-22-007273

1. **Lease, Payment, and Additional Charges.**

   a. The Landlord hereby leases to the Tenant and the Tenant hereby leases from the Landlord, premises (the house and garage)  known as **2440 Bittinger Road, Swanton, Maryland** (the "Premises").

   b. The Tenant shall pay to the Landlord $ 1.00 each year ("Rent") on or before July 21st of each year, beginning July 21, 2022, and continuing for a total of **60 months** (the "Rent Due Date"). **Tenant shall as a component of the "Rent" also provide general maintenance for the Premises, pay all utilities, and perform all further obligations set forth herein.**

   c. The Tenant shall pay Rent to the Landlord at <u>1570 Bonita Lane, Naples, FL</u> (or at such other place as the Landlord may from time to time designate) without diminution, deductions, or demand and said obligation to pay Rent is independent of any other clause herein.

2. **Term.**

   a. Notwithstanding any provision herein to the contrary, this Lease is for a term of 60 months, beginning on July 21, 2022, and ending on July 20, 2027.

3. **Security Deposit. No Security Deposit is Required.**

4. **Possession.**

   The Landlord shall deliver possession on the commencement of the term of this Lease.

5. **Acceptance of Property.**

   a. Delivered in compliance with law. The Landlord covenants that the Premises and all common areas are delivered in a clean, safe, and sanitary condition, free of rodents and vermin, in a habitable condition, and in complete compliance with all applicable law. The Tenant acknowledges that he/she has been given an opportunity to examine the Premises, that he/she has examined the Premises and found them to be in satisfactory condition. information only, and the Landlord is not be obligated to make any repairs.

6. **Uses/Authorized Occupant.**

   The Tenant shall use the Premises solely for residential purposes.



**EXHIBIT A**

dotloop signature verification: dtlp.us/A127-TGE-PXoG

7. Maintenance/Utilities

    a.   The Tenant shall maintain the Premises in a clean, sanitary, and safe condition.  The Tenant is responsible for all replacement of or repairs to any items damaged or destroyed by Tenant during Tenant's occupancy with regard to structural elements of the house and garage, and electrical, plumbing and heating systems. The Tenant shall pay utility charges and make all required deposits.



8. Smoke Detectors.

    a.   It is the responsibility of the Tenant to check Smoke Detectors periodically during the tenancy and replace batteries as necessary to keep the Smoke Detectors in proper working condition and to report any malfunctions to the Landlord in writing.

9. Sublet/Assignment.

    a.   Tenant shall not assign this Lease or sublet the Premises or any portion thereof, or transfer possession or occupancy thereof to any other person or persons without the prior written consent of the Landlord.

10. Insurance.

    a.   The Tenant shall obtain renter's insurance in the amount of $100,000.00 and a liability policy with policy limits of at least $100,000.00 per incident. The Tenant shall name the Landlord as an additional insured on such policy and provide proof of the same to the Landlord within five (5) days of the date of this Agreement, and annually upon request of the Landlord.

11. Hold Harmless.

    a.   The Tenant shall indemnify and save the Landlord harmless from any and all loss, claim or damage by reason of any accident, injury, or damage to any person or property occurring anywhere on or about the leased premises.

12. Landlord Access to Premises.

    a.   The Landlord may enter the Premises immediately without notice to the Tenant in an emergency situation.

13. Default.

    a.   In the event of any default, the Landlord has the right to terminate this Lease by giving the Tenant personally or by sending via first class mail to the Tenant a thirty (30) day written notice to quit and vacate the Premises containing in said notice the basis for the termination.

14. Court Awarded Legal Fees/Waiver.

    a. In an action by the Landlord to recover possession of the Premises, the Tenant is obligated to pay actual court costs, legal costs and attorney fees awarded by a court to the Landlord, if any. Any waiver of a default hereunder is not to be deemed a waiver of this Lease of any subsequent

**EXHIBIT A**

dotloop signature verification: dtlp.us/743-1-139-PXeG

default. Acquiescence in a default does not operate as a waiver of such default, even though such acquiescence continues for an extended period of time.

15. **Termination Hold-Over.**

a. Either the Landlord or the Tenant may terminate this Lease at the expiration of the Lease or any extension thereof by giving the other written notice of termination on the 1st day of the month in which the tenancy or intended tenancy will expire.

b. This Lease will then terminate on the last day of the month in which notice was given.

16. **Surrender of Premises.**

a. The Tenant shall, upon termination of this Lease turn the property over to Landlord in the same condition as it was at the time of the commencement of the lease, normal wear and tear expected, and is responsible for all damages to the premises which occur during said lease term. The Landlord has no obligation to make any repairs to the Premises whatsoever, for any reason.

17. **Notice.**

a. Method of Notice. Each party giving notice pursuant to this Lease shall give notice in writing and use one of the following methods of delivery: registered, certified, or express mail (postage prepaid and return receipt requested); nationally recognized overnight courier (all fees prepaid); facsimile; or e-mail.

b. Contact Information. A party giving notice shall address the notice to the appropriate person at the address listed below:

    i. To Landlord: 1570 Bonita Lane, Naples, FL.

    ii. To Tenant: 2440 Bittinger Road, Swanton, MD.

18. **Cumulative Remedies.**

a. In the event of breach of this Lease, the non-breaching party may pursue all remedies available at law and in equity.

19. **No Waiver.**

a. Delay or failure of any party to exercise any right pursuant to this Lease does not constitute a waiver of the rights and obligations set forth in this Lease.

20. **Applicable Law.**

a. The laws of the State of Maryland, without giving effect to its conflict of law principles, govern all matters arising out of or relating to this Lease and all of the transactions this Lease contemplates, including validity, interpretation, construction, performance, and enforcement.

21. **Headings.**

a. The headings of the Sections of this Lease are for convenience only and do not affect or control the

**EXHIBIT A**

dotloop signature verification: dotloop.com/my/verification

meaning or construction of any provisions of this Lease.

22. **Amendments.**

   a. The parties may amend this Lease only by a written document signed by all parties.

23. **Force Majeure.**

   a. No party is responsible for any failure to fulfill its obligations pursuant to this Lease due to causes beyond the party's reasonable control, including, but not limited to, acts or omissions of government or military authority, acts of God, fires, floods, labor disturbances, riots, wars, or terrorist acts.

24. **Severability.**

   a. Each provision of this Lease is to be interpreted in such a way as to be valid under applicable law. If any provision is invalid under applicable law, it is to be considered ineffective only to the extent of such invalidity, and the remainder of the provision and the other provisions of this Lease remain valid.

25. **Entire Agreement.**

   a. This Lease, together with the attachments, exhibits, and schedules to this Lease, constitutes the entire agreement between the parties as to the subject matter of this Lease and supersedes all previous negotiations, commitments, and writings.

[Signature Page Follows]

IN WITNESS WHEREOF, the parties have executed, acknowledged, sealed, and delivered this Lease the day and year first hereinabove set forth.

ATTEST:

LANDLORD

Smith Farm Holdings, LLC, by:

*Smith Farm Holdings, LLC*    dotloop verified 07/21/22 5:54 PM EDT XKEX-RJGJ-GFU6-UIMJ    (SEAL)    Date:

Steven G. Smith, Member

*Alyssa Smith*    dotloop verified 07/21/22 5:55 PM EDT A659-HDRW-LPBS-AQLK    (SEAL)    Date:

Alyssa L. Smith, Member

TENANT

_____    (SEAL)    Date: 7/21/22

GK Parandhamaia

_____    (SEAL)    Date: 7/21/22

Jan A. Parandhamaia

Page 4 of 4

**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of June, 2024, I filed the foregoing *Motion for Sanctions* with the Clerk of the Court using the e-filing system, which will send notification of such filing to the following counsel of record for Plaintiffs:

Arnold F. Philips, Esquire
25254-B Garrett Highway
McHenry, MD 21541
afplaw@gmail.com

Adam Greivell, Esquire
Greivell & Garrott Johnson, LLC
5 Cornell Avenue
Hagerstown, Maryland 21742
adam@greivelllawoffice.com


_s/Nichols L. Fiske_____
Nicholas L. Fiske, Esq.

20599464.1

**EXHIBIT A**

**IN THE CIRCUIT COURT FOR GARRETT COUNTY, MARYLAND**

GK PARANDHAMAIA and JAN
PARANDHAMAIA,                                      CIVIL NUMBER:  C-11-CV-23-000070
                                                                                 C-11-CV-22-000109

*Plaintiff and Counterclaim Defendant*,

                          v.

SMITH FARM HOLDINGS, LLC,

*Defendant and Counterclaim Plaintiff.*

**<u>PROPOSED ORDER</u>**

AND NOW, to wit, this ____ day of _____, 2024, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant/Counterclaim Plaintiff, Smith Farm Holdings, Inc.s', Motion for Sanctions is hereby GRANTED and the following is ordered:

a.   The lease between Plaintiffs and Defendant is voided and/or terminated

b.   Plaintiffs are instructed to provide a monetary payment of $10,000 to Defendant;

c.   Plaintiffs are required to pay the attorney's fees, costs and expenses incurred by Defendant in connection with Defendant's attempt to enforce this Honorable Court's October 13, 2023 Order and the terms of and terminate the lease; and

d.   Such other relief as this Court deems just and proper.

J., _____

20599464.1

**EXHIBIT A**