**DISTRICT COURT OF MARYLAND FOR** Garrett County

City/County

Located at 203 S. Third Street Oakland, Maryland 21550    Case No. D-122-CV-22-007273
Court Address

| | | |
|---|---|---|
| GK & Jan Parandhamaia | vs. | Smith Farm Holdings, LLC |
| Tenant(s) | | Landlord(s)/Agent(s) |
| 2440 Bittinger Road | | 2417 Bittinger Road |
| Address | | Address |
| Swanton, MD, 21561 | | Swanton, MD 21561 |
| City, State, Zip | | City, State, Zip |
| | | |
| Telephone Number | | Telephone Number |

**Serve By:** ☐ Sheriff/Constable    ☐ Certified Mail    ☐ Private Process Server

## COMPLAINT FOR ☒ RENT ESCROW ☒ INJUNCTION
### (Real Property § 8-211)

1. I rent the property located at 2440 Bittinger Road,    Swanton    Marland    21561
   Address    City    State    Zip

2. My rent is $ 1 _____ ☒ per month ☐ per week    I last paid my rent on: July 21, 2022
   Date

3. The property has: *Check all that apply.*
   - ☐ no heat    ☒ no running water    ☐ inadequate sewage disposal facilities
   - ☐ no hot water ☐ no electricity    ☐ fire hazard    ☐ rodent infestation in 2+ units
   - ☐ structural defect which presents a serious and substantial threat to the physical safety of occupants
   - ☐ other serious and substantial threat to the life, safety or health of an occupant *(describe)*
     The well on the property has run dry.  The landlord has failed to address the problem

4. The first time the landlord was asked to fix these problems: September 13, 2022
   Date or Estimated Date

5. I notified the landlord: *Check all that apply.*
   - ☐ in person    ☐ by phone    ☐ text message    ☒ in writing    ☐ regular mail    ☐ certified mail
   - ☐ e-mail    ☐ other written notice    ☐ inspection by an official
   - ☐ other: _____

6. I am asking the court to: *Check all that apply.*
   - ☒ order the landlord to fix the problems
   - ☒ allow me to pay my rent to the court until the problems are fixed
   - ☐ reduce my rent to $ _____ until the problems are fixed
   - ☐ reduce my rent, paid or owed, starting from when my landlord was first told about these problems, in the **total amount** of $ _____
   - ☐ give me back the rent paid to the court, after all problems are fixed
   - ☐ end my lease
   - ☐ other: _____

7. Prior judgments:
   - ☐ During the last 12 months, the landlord has obtained 0 _____ judgments for possession of this property against me.
     Total # of judgments

8. Additional paperwork is attached to this petition: ☒ Yes ☐ No

## MILITARY SERVICE AFFIDAVIT

I hereby affirm under the penalty of perjury that my landlord ☐ is ☒ is not in the military service. That facts on which I base this statement are: _____ . OR, ☒ I don't know whether my landlord is in the military service.

*Date and signature as to the Complaint and the Affidavit:*

October 20, 2022
Date    Signature of Tenant or Attorney    Attorney Number

## WRIT OF SUMMONS

TO THE LANDLORD:

You are summoned to appear for trial on _____ at _____ in this court to
Date    Time

answer the ☐ Rent Escrow Complaint ☐ Complaint for Injunction above.

_____    _____
Date    Signature of Clerk

**To request a foreign language interpreter or a reasonable accommodation under the Americans with Disabilities Act, please contact the court immediately. Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.**

DC-CV-083 (Rev. 07/2021)

**EXHIBIT A**

# ARNOLD F. PHILIPS, ESQUIRE, PA

**25254-B Garrett Highway**
**McHenry, MD 21541**                    D-122-CV-22-007273

AFPLAW@GMAIL.COM
(301) 387-2800
(301) 387-2860 Fax

## CERTIFIED MAIL

September 13, 2022

Smith Farm Holdings, LLC
1570 Bonita Lane,
Naples, Florida, 34102-1517

steve.smith@plusconsulting.com

Re:  2440 Bittinger Road, Swanton, Maryland:  Failure of water system

Dear Steven and Alyssa Smith:

Please be advised that I have been retained by Mr. & Mrs. GK Parandhamaia regarding a well failure at their leased premises at the address listed above.

I have reviewed your Residential Lease Agreement dated July 21, 2022.  Your Lease does not hold the Tenant responsible for major repairs.  I also note that under paragraph 20 of said Lease, states that the laws of the State of Maryland Apply to any and all disputes.

The Annotated Code of Maryland, Real Property Section 8-211 applies to residential dwelling units in the State of Maryland and provided remedies and imposed obligations upon landlords to repair and eliminate conditions and defects which constitute a serious threat the health safety of the occupants.  Subsection (e)1 of the law specifically imposes the obligation upon the landlord to correct any problem with running water.

Mr. Parandhamaia has informed me that you have refused to acknowledge your duty to repair the water supply to the property.  Upon inspection by Wayne's Water and Wells, a local well driller, the current well on the property is no longer able to provide reliable water the property and they have suggested drilling a deeper well to correct the situation.

Please be on notice that my client makes the demand that you remedy the water situation within 30 days to avoid further legal action.  While you are not obligated to use the contractor chosen by my clients, my clients will cooperate and allow access to any contractor hired by you to make the repairs.

**EXHIBIT**

**1**

Pursuant to the statute, my clients could obtain an order to force you to make the repairs and in addition claim damages for the loss of use of the house.  These damages would include any cost of replacement housing pending correction of the water problem.

Thank you for your time and attention in this matter.  If you have any questions, please feel free to call our office.

Sincerely,

Arnold F. Phillips, Esquire

AFP:



# UNITED STATES
# POSTAL SERVICE.

```
              MC HENRY
          1914 DEEP CREEK DR
        MC HENRY, MD 21541-9998
             (800)275-8777
09/13/2022                     01:47 PM
------------------------------------------
Product          Qty   Unit      Price
                       Price
------------------------------------------
First-Class Mail®   1            $0.60
Letter
    Naples, FL 34102
    Weight: 0 lb 0.60 oz
    Estimated Delivery Date
       Sat 09/17/2022
    Certified Mail®                $4.00
       Tracking #:
       70210350000127640909
    Return Receipt               $3.25
       Tracking #:
       9590 9402 6170 0220 5086 74
Total                            $7.85

Grand Total:                     $7.85

Personal/Bus Check               $7.85
```

```
*********************************************
      Every household in the U.S. is now
      eligible to receive a third set
           of 8 free test kits.
         Go to www.covidtests.gov
*********************************************

 Text your tracking number to 28777 (2USPS)
 to get the latest status. Standard Message
 and Data rates may apply. You may also
 visit www.usps.com USPS Tracking or call
             1-800-222-1811.

             Preview your Mail
            Track your Packages
            Sign up for FREE @
     https://informeddelivery.usps.com

 All sales final on stamps and postage.
 Refunds for guaranteed services only.
      Thank you for your business.

       Tell us about your experience.
  Go to: https://postalexperience.com/Pos
 or scan this code with your mobile device,
```



```
        or call 1-800-410-7420.
```

```
UFN: 235652-0574
Receipt #: 840-52100141-2-2430119-2
Clerk: 03
```



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

Naples, FL 34102

| Certified Mail Fee | $4.00 | |
| $ | | $3.25 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | $0.00 |
| ☐ Return Receipt (electronic) | $ | $0.00 |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 |
| ☐ Adult Signature Required | $ | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | |
| $ | $0.60 | |
| Total Postage and Fees | | |
| $ | $7.85 | |

Sent To  Smith Farm Holding LLC
Street and Apt. No., or PO Box No.  1570 Bonita Lane
City, State, ZIP+4®  Naples FL 34102-1517

Postmark Here   09/13/2022

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7021 0350 0000 1276 4090 9

Case 1:25-cv-02691-SAG     Document 10-1     Filed 09/21/25     Page 5 of 9

# SMITH FARM HOLDINGS, LLC: W23088164

## ⚠ Notice                                                                    ✕

Please be aware of an **ongoing scam** in which newly registered businesses are being instructed to send additional payment in order to obtain a Certificate of Status. Any 3rd party solicitation from a company attempting to represent the 'Maryland Secretary of State' via mail or email should be fully vetted before submitting additional payment information.

**Department ID Number:**

W23088164

**Business Name:**

SMITH FARM HOLDINGS, LLC

**Principal Office:**

2417 BITTINGER ROAD

SWANTON MD 21561

**Resident Agent:**

JUSTIN GREGORY

5000 THAYER CENTER

OAKLAND MD 21550

**Status:**

ACTIVE

**Good Standing:**

THIS BUSINESS IS IN GOOD STANDING

**Business Type:**

DOMESTIC LLC

**Business Code:**

20 ENTITIES OTHER THAN CORPORATIONS

**Date of Formation/ Registration:**

07/14/2022

**State of Formation:**

MD

**Stock Status:**

N/A

**Close Status:**

N/A

D-122-CV-22-007273



EXHIBIT
2

## RESIDENTIAL LEASE AGREEMENT

THIS RESIDENTIAL LEASE AGREEMENT (this "Lease") is entered into the 21st day of July, 2022, by and between Smith Farm Holdings, LLC (the "Landlord"); and GK Parandhamaia and Jan A. Parandhamaia (the "Tenant").

The parties agree:

D-122-CV-22-007273

1. **Lease, Payment, and Additional Charges.**

   a.  The Landlord hereby leases to the Tenant and the Tenant hereby leases from the Landlord, premises (the house and garage)  known as **2440 Bittinger Road, Swanton, Maryland** (the "Premises").

   b.  The Tenant shall pay to the Landlord $ 1.00 each year ("Rent") on or before July 21st of each year, beginning July 21, 2022, and continuing for a total of **60 months** (the "Rent Due Date"). **Tenant shall as a component of the "Rent" also provide general maintenance for the Premises, pay all utilities, and perform all further obligations set forth herein.**

   c.  The Tenant shall pay Rent to the Landlord at **1570 Bonita Lane, Naples, FL** (or at such other place as the Landlord may from time to time designate) without diminution, deductions, or demand and said obligation to pay Rent is independent of any other clause herein.

2. **Term.**

   a.  Notwithstanding any provision herein to the contrary, this Lease is for a term of 60 months, beginning on July 21, 2022, and ending on July 20, 2027.

3. **Security Deposit. No Security Deposit is Required.**

4. **Possession.**

   The Landlord shall deliver possession on the commencement of the term of this Lease.

5. **Acceptance of Property.**

   a.  Delivered in compliance with law. The Landlord covenants that the Premises and all common areas are delivered in a clean, safe, and sanitary condition, free of rodents and vermin, in a habitable condition, and in complete compliance with all applicable law. The Tenant acknowledges that he/she has been given an opportunity to examine the Premises, that he/she has examined the Premises and found them to be in satisfactory condition. information only, and the Landlord is not be obligated to make any repairs.

6. **Uses/Authorized Occupant.**

   The Tenant shall use the Premises solely for residential purposes.


EXHIBIT 3

dotloop signature verification: dtlp.us/9l37-TjSE-PXoO

## 7. Maintenance/Utilities

a.  The Tenant shall maintain the Premises in a clean, sanitary, and safe condition.  The Tenant is responsible for all replacement of or repairs to any items damaged or destroyed by Tenant during Tenant's occupancy with regard to structural elements of the house and garage, and electrical, plumbing and heating systems. The Tenant shall pay utility charges and make all required deposits.



## 8.  Smoke Detectors.

a.  It is the responsibility of the Tenant to check Smoke Detectors periodically during the tenancy and replace batteries as necessary to keep the Smoke Detectors in proper working condition and to report any malfunctions to the Landlord in writing.

## 9.  Sublet/Assignment.

a.  Tenant shall not assign this Lease or sublet the Premises or any portion thereof, or transfer possession or occupancy thereof to any other person or persons without the prior written consent of the Landlord.

## 10.  Insurance.

a.  The Tenant shall obtain renter's insurance in the amount of $100,000.00 and a liability policy with policy limits of at least $100,000.00 per incident. The Tenant shall name the Landlord as an additional insured on such policy and provide proof of the same to the Landlord within five (5) days of the date of this Agreement, and annually upon request of the Landlord.

## 11.  Hold Harmless.

a.  The Tenant shall indemnify and save the Landlord harmless from any and all loss, claim or damage by reason of any accident, injury, or damage to any person or property occurring anywhere on or about the leased premises.

## 12.  Landlord Access to Premises.

a.  The Landlord may enter the Premises immediately without notice to the Tenant in an emergency situation.

## 13.  Default.

a.  In the event of any default, the Landlord has the right to terminate this Lease by giving the Tenant personally or by sending via first class mail to the Tenant a thirty (30) day written notice to quit and vacate the Premises containing in said notice the basis for the termination.

## 14.  Court Awarded Legal Fees/Waiver.

a. In an action by the Landlord to recover possession of the Premises, the Tenant is obligated to pay actual court costs, legal costs and attorney fees awarded by a court to the Landlord, if any. Any waiver of a default hereunder is not to be deemed a waiver of this Lease of any subsequent

dotloop signature verification: dtlp.us/H37J-TJ5E-PXoG

default. Acquiescence in a default does not operate as a waiver of such default, even though such acquiescence continues for an extended period of time.

## 15. Termination Hold-Over.

a.  Either the Landlord or the Tenant may terminate this Lease at the expiration of the Lease or any extension thereof by giving the other written notice of termination on the 1st day of the month in which the tenancy or intended tenancy will expire.

b.  This Lease will then terminate on the last day of the month in which notice was given.

## 16. Surrender of Premises.

a. The Tenant shall, upon termination of this Lease turn the property over to Landlord in the same condition as it was at the time of the commencement of the lease, normal wear and tear expected, and is responsible for all damages to the premises which occur during said lease term. The Landlord has no obligation to make any repairs to the Premises whatsoever, for any reason.

## 17. Notice.

a.  Method of Notice. Each party giving notice pursuant to this Lease shall give notice in writing and use one of the following methods of delivery: registered, certified, or express mail (postage prepaid and return receipt requested); nationally recognized overnight courier (all fees prepaid); facsimile; or e-mail.

b.  Contact Information. A party giving notice shall address the notice to the appropriate person at the address listed below:

    i. To Landlord: 1570 Bonita Lane, Naples, FL.

    ii. To Tenant: 2440 Bittinger Road, Swanton, MD.

## 18. Cumulative Remedies.

a. In the event of breach of this Lease, the non-breaching party may pursue all remedies available at law and in equity.

## 19. No Waiver.

a. Delay or failure of any party to exercise any right pursuant to this Lease does not constitute a waiver of the rights and obligations set forth in this Lease.

## 20. Applicable Law.

a. The laws of the State of Maryland, without giving effect to its conflict of law principles, govern all matters arising out of or relating to this Lease and all of the transactions this Lease contemplates, including validity, interpretation, construction, performance, and enforcement.

## 21. Headings.

a. The headings of the Sections of this Lease are for convenience only and do not affect or control the

meaning or construction of any provisions of this Lease.

## 22. Amendments.

a. The parties may amend this Lease only by a written document signed by all parties.

## 23. Force Majeure.

a. No party is responsible for any failure to fulfill its obligations pursuant to this Lease due to causes beyond the party's reasonable control, including, but not limited to, acts or omissions of government or military authority, acts of God, fires, floods, labor disturbances, riots, wars, or terrorist acts.

## 24. Severability.

a. Each provision of this Lease is to be interpreted in such a way as to be valid under applicable law. If any provision is invalid under applicable law, it is to be considered ineffective only to the extent of such invalidity, and the remainder of the provision and the other provisions of this Lease remain valid.

## 25. Entire Agreement.

a. This Lease, together with the attachments, exhibits, and schedules to this Lease, constitutes the entire agreement between the parties as to the subject matter of this Lease and supersedes all previous negotiations, commitments, and writings.

**[Signature Page Follows]**

IN WITNESS WHEREOF, the parties have executed, acknowledged, sealed, and delivered this Lease the day and year first hereinabove set forth.

ATTEST:

LANDLORD

**Smith Farm Holdings, LLC, by:**

*Smith Farm Holdings, LLC*  dotloop verified 07/21/22 5:54 PM EDT XKEX-RJGJ-GFU6-UIMJ    (SEAL)    Date:

Steven G. Smith, Member

*Alyssa Smith*  dotloop verified 07/21/22 5:55 PM EDT A659-HDRW-LPBS-AQLK    (SEAL)    Date:

Alyssa L. Smith, Member

TENANT

_____ (SEAL)    Date: 7|21|22

GK Parandhamaia

_____ (SEAL)    Date: 7/21/22

Jan A. Parandhamaia

Page 4 of 4