E-FILED; Garrett Circuit Court
Docket: 4/13/2023 12:16 PM; Submission: 4/13/2023 12:16 PM

## IN THE CIRCUIT COURT FOR GARRETT COUNTY, MARYLAND

**GK PARANDHAMAIA,**
**JAN PARANDHAVAIA**

    **2440 BITTINGER ROAD,**
    **SWANTON, MD  21561**
        **PLAINTIFFS**

    **VS.**

**SMITH FARM HOLDINGS, LLC**

**1570 BONITA LANE**
**NAPLES  FL, 34102-1517**

    **DEFENDANT**

C-11-CV-23-000070

**CASE NO.:** _____

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

**COMES NOW,** the Plaintiffs, GK Parandhamaia, Jan Parandhamaia by and through attorney, Arnold Phillips, Esquire, and hereby sues Defendant Smith Farm Holdings, LLC and in support thereof, say as follows:

1. Plaintiffs are residents of Garrett County, Maryland

2. Defendant is a Maryland LLC with offices located in Naples Florida.

3. That the parties are parties to a Residential Lease Agreement dated the 21st day of July, 2022. (Exhibit #1 herein).

4. That the amount in controversy in this matter is greater than Thirty Thousand Dollars ($30,000).

5. That on or about, July 21, 2022, Plaintiffs sold Real Property including the residents located at 2440 Bittinger Road, Swanton, Maryland.

**EXHIBIT B**

6.      That in conjunction with said Real Estate closing, Defendant agreed to rent the property located at 2440 Bittinger Lane to Plaintiffs for 60 months at the rate of One Dollar ($1) per year.

7.      That said property has a fair market rental value of approximately One Thousand Two Hundred Dollars per month ($1,200).

8.      That in September of 2022, Plaintiffs experienced a well failure.

9.      That since September 2022, the well at 2440 Bittinger Road has not produced adequate water to support the residence.

10.     Plaintiffs promptly notified Defendant and requested that Defendant correct the water problem.

11.     Defendant refused to remedy the situation and notified Plainitffs that Plaintiffs could drill a well at their expense.

12.     That on or about the 13th day of September of 2022, Plaintiffs notified Defendant by Certified Mail of the Failure of the water system. (Exhibit #2).

13.     To date, Defendant has refused to correct the water issue.

14.     That Plaintiffs filed a matter in District Court of Maryland under the Maryland Rent Escrow Law, Annotated Code of Maryland, Real Property section 8-211. **D-122-CV-22-007273.**

15.     That Defendant appealed the Judgment from the District Court and said matter is proceeding in this Court as Case **C-11-CV-22-000109.**

16.     That Plaintiffs have filed this matter as they have encountered damages exceeding the amount that would re recoverable under Real Property section 8-211.

**COUNT ONE DECLATORY JUDGMENT**

PLAINTIFFS, GK and Jan Parandhamia hereby request that this Court issue a Declaratory Judgment and in support thereof, say as follows:

17.   That Plaintiffs incorporate all prior paragraphs as if fully stated herein.

18.   That the Residential Lease dated July 21, 2022 is ambiguous and the sections therein are interpreted differently by the parties.

19.   That said Lease was drafted by Defendants herein.

20.   That said lease paragraph numbered 7 contains the following:

**7. Maintenance/Utilities**

a.    The Tenant shall maintain the Premises in a clean sanitary, and safe condition.  The Tenant is responsible for all replacement of or repairs to any items damaged or destroyed by the Tenant during Tenant's occupancy with regard to structural elements of the house an garage, and electrical, plumbing and heating systems. The Tenant shall pay utility charges and make all required deposits.

21.   That said lease paragraph numbered 16 appears to conflict with paragraph numbered 7 and provides as follows.

**Surrender of Premises**

a.   The Tenant shall, upon termination of this Lease turn over the property to Landlord in the same condition as it was at the time of the commencement of the lease, normal wear and tear expected, and is responsible for all damages to the premises which occur during the lease term, The Landlord has no

<u>obligation to make any repairs to the Premises whatsoever, for any reason.</u>

21.    That the Annotated Code of Maryland Real Property Section 8-208 requires that a lease contain the landlord's and tenants' specific obligations as to heat, gas, electricity, water and repair of the premises.

22.    That the lease, Exhibit #1 herein, fails to specify the obligations of landlord and tenant in regards to a well failure and is ambiguous as to the responsibilities of the parties.

23.    That Plaintiffs believe that a new well needs to be drilled at a cost likely to exceed Twenty Thousand Dollars ($20,000).

24.    That the failure of said well is not the result of any damage, destruction or misuse of Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court enter into a Declaratory Judgment that specifies the responsibilities of the landlord and tenants in regard to:

   a.    Whether said lease violates the Annotated Code of Maryland, Real Property, Section 8-208.

   b.    Whether that the Defendant is obligated to drill a well or otherwise correct the water supply issues to the property located at 2440 Bittinger, Road, Swanton, MD.

   c.    And for such other and further relief as the nature of Plaintiffs cause may require.

## COUNT TWO

## BREACH OF CONTRACT

25.   That Plaintiffs incorporate all prior paragraphs as if fully stated herein.

26.   That Plaintiffs had expected to reside in the home located at 2440 Bittinger Road, for the 5 year term of the Lease.

27.   That Defendant as a Lessor in the State of Maryland is obligated to provide Plaintiffs with adequate water and to provide a dwelling that is fit for human habitation.

28.   That Plaintiffs continue to live in said home.

29.   That in order to survive, Plaintiffs haul water to the home from other locations, travel to do laundry and take showers.

30.   That the loss of water has caused annoyance, aggravation, inconvenience plus the costs of hauling water and travel.

31.   That Plaintiffs have been damaged as a result of Defendants Breach of Contract and claim the difference between the fair rental value of the home and the actual value they received in a home without water.

WHEREFORE, Plaintiffs respectfully pray for the following relief.

A.   That this Court grant Plaintiffs General and Special Damages against Defendant in an amount greater than Thirty Thousand Dollars ($30,000).

B.   That this Court grant Plaintiffs attorney fees as authorized by the Annotated Code of Maryland, Real Property section 8-208(g)(2).

C.   And for such other and further relief as the nature of their cause may require.

Respectfully Submitted,

_____

Arnold Phillips, Esquire
Attorney for Defendant
25254B Garrett Highway
McHenry, MD 21541
(301) 387-2800
afplaw@gmail.com
AIS #9412150051

dotloop signature verification: dtlp.us/9137-7JS8-PX9O

## RESIDENTIAL LEASE AGREEMENT

THIS RESIDENTIAL LEASE AGREEMENT (this "Lease") is entered into the 21st day of July, 2022, by and between Smith Farm Holdings, LLC (the "Landlord"); and GK Parandhamaia and Jan A. Parandhamaia (the "Tenant").

The parties agree:

1. **Lease, Payment, and Additional Charges.**

   a. The Landlord hereby leases to the Tenant and the Tenant hereby leases from the Landlord, premises (the house and garage) known as **2440 Bittinger Road, Swanton, Maryland** (the "Premises").

   b. The Tenant shall pay to the Landlord $ 1.00 each year ("Rent") on or before July 21st of each year, beginning July 21, 2022, and continuing for a total of **60 months** (the "Rent Due Date"). **Tenant shall as a component of the "Rent" also provide general maintenance for the Premises, pay all utilities, and perform all further obligations set forth herein.**

   c. The Tenant shall pay Rent to the Landlord at **1570 Bonita Lane, Naples, FL** (or at such other place as the Landlord may from time to time designate) without diminution, deductions, or demand and said obligation to pay Rent is independent of any other clause herein.

2. **Term.**

   a. Notwithstanding any provision herein to the contrary, this Lease is for a term of 60 months, beginning on July 21, 2022, and ending on July 20, 2027.

3. **Security Deposit. No Security Deposit is Required.**

4. **Possession.**

   The Landlord shall deliver possession on the commencement of the term of this Lease.

5. **Acceptance of Property.**

   a. Delivered in compliance with law. The Landlord covenants that the Premises and all common areas are delivered in a clean, safe, and sanitary condition, free of rodents and vermin, in a habitable condition, and in complete compliance with all applicable law. The Tenant acknowledges that he/she has been given an opportunity to examine the Premises, that he/she has examined the Premises and found them to be in satisfactory condition. information only, and the Landlord is not be obligated to make any repairs.

6. **Uses/Authorized Occupant.**

   The Tenant shall use the Premises solely for residential purposes.

Page 1 of 4



dotloop signature verification: dtlp.us/7427-TJSE-PXoO

7. **Maintenance/Utilities**

   a.   The Tenant shall maintain the Premises in a clean, sanitary, and safe condition.  The Tenant is responsible for all replacement of or repairs to any items damaged or destroyed by Tenant during Tenant's occupancy with regard to structural elements of the house and garage, and electrical, plumbing and heating systems. The Tenant shall pay utility charges and make all required deposits.

    b.

8. **Smoke Detectors.**

   a.   It is the responsibility of the Tenant to check Smoke Detectors periodically during the tenancy and replace batteries as necessary to keep the Smoke Detectors in proper working condition and to report any malfunctions to the Landlord in writing.

9. **Sublet/Assignment.**

   a.   Tenant shall not assign this Lease or sublet the Premises or any portion thereof, or transfer possession or occupancy thereof to any other person or persons without the prior written consent of the Landlord.

10. **Insurance.**

   a.   The Tenant shall obtain renter's insurance in the amount of $100,000.00 and a liability policy with policy limits of at least $100,000.00 per incident. The Tenant shall name the Landlord as an additional insured on such policy and provide proof of the same to the Landlord within five (5) days of the date of this Agreement, and annually upon request of the Landlord.

11. **Hold Harmless.**

   a.   The Tenant shall indemnify and save the Landlord harmless from any and all loss, claim or damage by reason of any accident, injury, or damage to any person or property occurring anywhere on or about the leased premises.

12. **Landlord Access to Premises.**

   a.   The Landlord may enter the Premises immediately without notice to the Tenant in an emergency situation.

13. **Default.**

   a.   In the event of any default, the Landlord has the right to terminate this Lease by giving the Tenant personally or by sending via first class mail to the Tenant a thirty (30) day written notice to quit and vacate the Premises containing in said notice the basis for the termination.

14. **Court Awarded Legal Fees/Waiver.**

   a. In an action by the Landlord to recover possession of the Premises, the Tenant is obligated to pay actual court costs, legal costs and attorney fees awarded by a court to the Landlord, if any. Any waiver of a default hereunder is not to be deemed a waiver of this Lease of any subsequent

Page 2 of 4

dotloop signature verification: dltp...H3.ft54PXoO

default. Acquiescence in a default does not operate as a waiver of such default, even though such acquiescence continues for an extended period of time.

15. **Termination Hold-Over.**

    a.  Either the Landlord or the Tenant may terminate this Lease at the expiration of the Lease or any extension thereof by giving the other written notice of termination on the 1st day of the month in which the tenancy or intended tenancy will expire.

    b.  This Lease will then terminate on the last day of the month in which notice was given.

16. **Surrender of Premises.**

    a. The Tenant shall, upon termination of this Lease turn the property over to Landlord in the same condition as it was at the time of the commencement of the lease, normal wear and tear expected, and is responsible for all damages to the premises which occur during said lease term. The Landlord has no obligation to make any repairs to the Premises whatsoever, for any reason.

17. **Notice.**

    a.  Method of Notice. Each party giving notice pursuant to this Lease shall give notice in writing and use one of the following methods of delivery: registered, certified, or express mail (postage prepaid and return receipt requested); nationally recognized overnight courier (all fees prepaid); facsimile; or e-mail.

    b.  Contact Information. A party giving notice shall address the notice to the appropriate person at the address listed below:

        i. To Landlord: 1570 Bonita Lane, Naples, FL.

        ii. To Tenant: 2440 Bittinger Road, Swanton, MD.

18. **Cumulative Remedies.**

    a. In the event of breach of this Lease, the non-breaching party may pursue all remedies available at law and in equity.

19. **No Waiver.**

    a. Delay or failure of any party to exercise any right pursuant to this Lease does not constitute a waiver of the rights and obligations set forth in this Lease.

20. **Applicable Law.**

    a. The laws of the State of Maryland, without giving effect to its conflict of law principles, govern all matters arising out of or relating to this Lease and all of the transactions this Lease contemplates, including validity, interpretation, construction, performance, and enforcement.

21. **Headings.**

    a. The headings of the Sections of this Lease are for convenience only and do not affect or control the

dotloop signature verification: dlbuccl37 TISE-PXoO

meaning or construction of any provisions of this Lease.

22. **Amendments.**

a. The parties may amend this Lease only by a written document signed by all parties.

23. **Force Majeure.**

a. No party is responsible for any failure to fulfill its obligations pursuant to this Lease due to causes beyond the party's reasonable control, including, but not limited to, acts or omissions of government or military authority, acts of God, fires, floods, labor disturbances, riots, wars, or terrorist acts.

24. **Severability.**

a. Each provision of this Lease is to be interpreted in such a way as to be valid under applicable law. If any provision is invalid under applicable law, it is to be considered ineffective only to the extent of such invalidity, and the remainder of the provision and the other provisions of this Lease remain valid.

25. **Entire Agreement.**

a. This Lease, together with the attachments, exhibits, and schedules to this Lease, constitutes the entire agreement between the parties as to the subject matter of this Lease and supersedes all previous negotiations, commitments, and writings.

**[Signature Page Follows]**

IN WITNESS WHEREOF, the parties have executed, acknowledged, sealed, and delivered this Lease the day and year first hereinabove set forth.

ATTEST:

LANDLORD

**Smith Farm Holdings, LLC, by:**

*Smith Farm Holdings, LLC*    dotloop verified 07/21/22 5:54 PM EDT XKEX-RJGJ-GFUG-UiMJ    (SEAL)    Date:

Steven G. Smith, Member

*Alyssa Smith*    dotloop verified 07/21/22 5:55 PM EDT A659-HDRW-LPBS-AQLK    (SEAL)    Date:

Alyssa L. Smith, Member

TENANT

_____    (SEAL)    Date: 7|21|22

GK Parandhamaia

_____    (SEAL)    Date: 7|21|22

Jan A. Parandhamaia

Page 4 of 4

E-FILED; Garrett Circuit Court
Docket: 4/13/2023 12:16 PM; Submission: 4/13/2023 12:16 PM

# ARNOLD F. PHILIPS, ESQUIRE, PA

## 25254-B Garrett Highway
### McHenry, MD 21541          D-122-CV-22-007273

AFPLAW@GMAIL.COM
(301) 387-2800
(301) 387-2860 Fax

## CERTIFIED MAIL

September 13, 2022


Smith Farm Holdings, LLC
1570 Bonita Lane,
Naples, Florida, 34102-1517


steve.smith@plusconsulting.com


Re:  2440 Bittinger Road, Swanton, Maryland:  Failure of water system


Dear Steven and Alyssa Smith:

Please be advised that I have been retained by Mr. & Mrs. GK Parandhamaia regarding a well failure at their leased premises at the address listed above.

I have reviewed your Residential Lease Agreement dated July 21, 2022.  Your Lease does not hold the Tenant responsible for major repairs.  I also note that under paragraph 20 of said Lease, states that the laws of the State of Maryland Apply to any and all disputes.

The Annotated Code of Maryland, Real Property Section 8-211 applies to residential dwelling units in the State of Maryland and provided remedies and imposed obligations upon landlords to repair and eliminate conditions and defects which constitute a serious threat the health safety of the occupants.  Subsection (e)1 of the law specifically imposes the obligation upon the landlord to correct any problem with running water.

Mr. Parandhamaia has informed me that you have refused to acknowledge your duty to repair the water supply to the property.  Upon inspection by Wayne's Water and Wells, a local well driller, the current well on the property is no longer able to provide reliable water the property and they have suggested drilling a deeper well to correct the situation.

Please be on notice that my client makes the demand that you remedy the water situation within 30 days to avoid further legal action.  While you are not obligated to use the contractor chosen by my clients, my clients will cooperate and allow access to any contractor hired by you to make the repairs.

**EXHIBIT**
**2**

Pursuant to the statute, my clients could obtain an order to force you to make the repairs and in addition claim damages for the loss of use of the house.  These damages would include any cost of replacement housing pending correction of the water problem.

Thank you for your time and attention in this matter.  If you have any questions, please feel free to call our office.

Sincerely,

Arnold F. Phillips, Esquire

AFP:

*✗ 1 -94 Parandhamar*
*GK*

**UNITED STATES POSTAL SERVICE.**

MC HENRY
1914 DEEP CREEK DR
MC HENRY, MD 21541-9998
(800)275-8777

09/13/2022                    01:47 PM

---

Product              Qty   Unit      Price
                           Price

---

First-Class Mail®     1              $0.60
Letter
   Naples, FL 34102
   Weight: 0 lb 0.60 oz
   Estimated Delivery Date
      Sat 09/17/2022
   Certified Mail®                    $4.00
      Tracking #:
         70210350000127640909
   Return Receipt                     $3.25
      Tracking #:
         9590 9402 6170 0220 5086 74
Total                                 $7.85

---

Grand Total:                          $7.85

---

Personal/Bus Check                    $7.85

---

```
**********************************************
       Every household in the U.S. is now
         eligible to receive a third set
               of 8 free test kits.
             Go to www.covidtests.gov
**********************************************
```

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
             1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,



or call 1-800-410-7420.

---

UFN: 235652-0574
Receipt #: 840-52100141-2-2430119-2
Clerk: 03

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Naples, FL 34102

| Certified Mail Fee | $4.00 | |
|---|---|---|
| $ | | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ | $0.00 |
| ☐ Return Receipt (electronic) | $ | $0.00 |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 |
| ☐ Adult Signature Required | $ | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $0.60 | |
| $ | | |
| Total Postage and Fees | $7.85 | |
| $ | | |

$3.25

Postmark Here

SEP 2023

09/13/2022

Sent To  Smith Farm Holding LLC
Street and Apt. No., or PO Box No.  1570 Bonita Lane
City, State, ZIP+4®  Naples FL 34102-1517

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions