**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| GK PARANDHAMAIA and JAN PARANDHAMAIA, | ) CIVIL ACTION<br>)<br>) No. 1:25-cv-02691-SAG |
| Plaintiffs, | )<br>) |
| vs. | ) **FILED ELECTRONICALLY**<br>) |
| SMITH FARM HOLDINGS, LLC and STEVEN G. SMITH, | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO REMAND**

AND NOW, come Defendants Smith Farm Holdings, LLC ("SFH") and Steven G. Smith (collectively "Defendants") by and through their attorneys, Steptoe & Johnson PLLC, and file the within Brief in Opposition to Plaintiffs' Motion to Remand (ECF No. 12).

**I.      INTRODUCTION**

Plaintiffs' Motion to Remand misstates both the procedural history and the governing law. Removal was timely pursuant to Plaintiffs' own filings, and complete diversity exists because Steven G. Smith (both individually and in his capacity as a member of SFH) and Alyssa L. Smith (in her capacity as a member of SFH) are domiciled in and are citizens of Florida. Plaintiffs' reliance on testimony that Defendants "resided" in Maryland is not only controverted by the very evidence they cite, it is legally irrelevant, as residence does not establish citizenship. Accordingly, Plaintiffs' Motion to Remand should be denied.

1

## II.    ARGUMENT

### A.    Plaintiffs Conflate Residence with Citizenship

Under 28 U.S.C. § 1332, federal courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. § 1332(a). Complete diversity requires that the citizenship of each plaintiff differ from the citizenship of each defendant. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Whether jurisdiction exists must be determined as of "the time [the case] was filed in state court." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998).

Plaintiffs' argument rests entirely on Defendant's testimony that he "resided" at a Maryland property and, as such, there is no diversity in this matter. But that argument is not only legally insufficient to establish Maryland citizenship, it is belied by the very same evidence and testimony that Plaintiffs point to in support of same. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). "Domicile requires physical presence, coupled with an intent to make the State a home." *Id*. Residence, by contrast, is not determinative. As the Supreme Court has made clear, "one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (stating that "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there").

The Fourth Circuit has repeatedly emphasized this distinction: "[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Put another way, "the existence of such citizenship cannot be inferred from allegations of mere

residence, standing alone." *Id*. Thus, an allegation of residency, standing alone, does not establish citizenship in a state.

When a party's citizenship "is questioned, a court must make an individualized inquiry relying on certain factors such as voter registration; current residence; the location of real and personal property; location of bank and brokerage accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017). "No single factor is dispositive." *Id.*

Here, in conjunction with the filing of their Notice of Removal,[1] Defendant Steven G. Smith—individually and as a member of SFH—along with Alyssa L. Smith, whom is also a member of SFH, both provided a Declaration in support of their Notice of Removal. (ECF Nos. 2-2 and 2-3). Therein, Steven and Alyssa Smith both declared under penalty of perjury that (i) their permanent and primary residence is in Florida at 1570 Bonita Lane, Naples, Florida 34102; (ii) both intend for Florida to be their permanent home indefinitely; (iii) both hold a Florida driver's license; (iv) both are registered to vote in Florida; and (v) both file state and federal income tax returns through their Florida address. (*Id*.).

Based on the above information, it is clear that Defendant Steve Smith and Alyssa Smith are domiciled in Florida for purposes of diversity jurisdiction. Plaintiffs' reliance on snippets of testimony concerning Defendant Smith's second residence in Maryland, at which they spend the limited period of each Summer, cannot overcome the clear legal requirement that domicile—not residence—controls citizenship.

---

[1] The Notice of Removal filed at ECF No. 2 is incorporated by reference as though set forth at further length herein.

This is doubly true where the actual evidence and testimony cited by Plaintiffs not only fails to establish citizenship in Maryland, but in fact, confirms that Defendants are domiciled in and citizens of Florida.  Specifically, Plaintiffs point to the Affidavit filed with the Circuit Court of Garrett County, Maryland in which Steve Smith affirmed that he was a "resident of Garret County, Maryland" and listing his address in the Applications for Statement of Charges and during the hearing stemming from Plaintiffs' criminal charges as Swanton, Maryland.  (*See* Motion to Remand, ¶¶ 10, 11, 12 [ECF No. 12]).  However, the documents and Court did not require Mr. Smith to affirm his *domicile* or *citizenship* in Maryland, and indeed all of this evidence stemmed from a property dispute *occurring in Swanton, Maryland at which he was residing during the Summer of 2023*.  Of course, Mr. Smith gave his local address at which he was staying at the time, could be contacted at and at which he had been served in Plaintiffs' criminal proceedings.

Further, Plaintiffs fail to set forth the complete discussion on the record at the first day of trial in the subsequent civil suit between the parties, in which Mr. Smith testified that he and his family actually live in Florida, but spend the summers at their property in Maryland, despite attaching same as an exhibit to their Motion.  That entire exchange is as follows:

Q.    Good afternoon, Mr. Smith. Where do you live?

A.    Uh, we live at, uh, what's the address? don't know the address, uh, 465 Hickory Ridge Road.

Q.    And where's that?

A.    Swanton.

Q.    Okay. And, um, just to clear something up as far as your location, during the winter of 2023, where were you?

A.    **I'm a resident of Florida and, uh, 1570 Bonita Lane[2] is our address down south.**

Q.    **And --**

A.    **That's in Naples, Florida.**

Q.    **And how long were you in Naples, Florida during the winter of 2023?**

A.    **About eight months.** We got hit by the hurricane the second we got there, and then it kind of crushed everything for us, so --

Q.    Right. **And then you came back to Maryland when?**

A.    **May, near the end of May**.

*Smith Testimony*, attached as Exhibit 4 to the Motion to Remand (emphasis added). Accordingly, Mr. Smith's testimony was clear that he and his family live in Florida, but spend four months of the year at their properties in Maryland. This is insufficient to establish that Mr. Smith and his wife are anything other than temporary, seasonal residents of Maryland, which is not in dispute. *Seaplane Enters. LLC v. Tue*, 718 F. Supp. 3d 105, 113 (D. Mass. 2024) (holding that plaintiff who lived seasonally in California and Massachusetts but maintained voter registration, driver's license, and vehicle registrations in North Carolina had not changed his domicile, explaining that "the legal question is not where he 'lives,' but what is his 'domicile,'" and that a second or seasonal residence does not establish citizenship for diversity purposes). In turn, Plaintiffs have offered no evidence to counter the fact that Mr. Smith and his wife, and thus SFH, are citizens of Florida and, in fact, the very evidence they attach to their Motion for Remand supports Defendants' Florida citizenship.

---

[2] The Lease between Plaintiffs and SFH also requires that notices to SFH be sent to this same address in Naples, Florida. (*See* Lease, attached as Exhibit D to Exhibit 5 of Plaintiffs Complaint [ECF No. 2-1]).

Accordingly, because Defendant Steve Smith and Alyssa Smith are citizens of Florida and Plaintiffs are Maryland citizens, complete diversity exists, and removal was proper under §§ 1332 and 1441.

### B.     Plaintiff's Notice of Removal Was Filed Timely.

Plaintiffs' alternative argument—that removal was untimely—is contradicted by Plaintiffs' own filings and admissions.  Maryland authorizes service via "mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery — show to whom, date, address of delivery.' " Md. Rule 2-121(a)(3). "Service by certified mail under this Rule is complete upon delivery." *Id*. Where a plaintiff effectuates service via certified mail, the plaintiff must file proof of service with the court and shall include the original return receipt. Md. Rule 2-126(a)(3).

In line with this, and because Defendants' counsel agreed to accept service of the Complaint on behalf of Defendants, Plaintiffs purportedly attempted to serve the Complaint on the undersigned via certified mail on May 30, 2025.  (*See* 6/30/25 Affidavit of Non-Service [ECF No. 2-13]).  However, the undersigned was not aware of this prior service attempt at the time it was made and because Plaintiffs utilized Defendants' prior office address, the Complaint was returned to Plaintiffs as undelivered on June 27, 2025.  (*Id*.).  In turn, Plaintiffs filed an "Affidavit of Non-Service" on June 30, 2025, indicating that their initial service attempt had failed but that they attempted service by mail, again, on June 27, 2025.  (*See Id.*; State Court Docket [ECF No. 2-4]). On July 28, 2025, Plaintiffs filed an Affidavit of Service in the Circuit Court for Garrett County, Maryland affirming that this second service attempt was successful and that service was effectuated on the undersigned via certified mail on July 16, 2025. (*See* 7/28/25 Affidavit of Service [ECF No. 2-13]; State Court Docket [ECF No. 2-4]).

Plaintiffs make no actual argument that providing a copy of the Complaint to defense counsel via email constituted proper service under the Maryland Rules of Civil Procedure, and their two attempts to serve same via certified mail confirms that they do not believe this to be the case. *See* Md. Rule 2-121(a)(3) (permitting service by certified mail, restricted delivery, and return receipt requested, thereby foreclosing informal methods such as email); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–50 (1999) (holding that a defendant's 30-day removal period under § 1446(b) is triggered by formal service of process, not by mere receipt of a courtesy copy of the complaint, because "service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant"). Further, the equivocal language in their Motion to Remand concedes their own understanding of the weakness of any position to the contrary. (ECF No. 12, ¶ 3) (stating that Defendants Notice of Removal is "perhaps, an untimely removal filing").

Because the Notice of Removal was filed within 30 days of July 16, 2025, it was indisputably timely under 28 U.S.C. § 1446(b).

## III.    CONCLUSION

Plaintiffs' Motion to Remand fails on both timeliness and jurisdiction. The Court should deny the Motion and retain jurisdiction.


Dated: September 29, 2025

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Tracey B. Eberling*
Tracey B. Eberling (MD Fed. Bar ID 11393)
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd, Suite 300

7

Martinsburg, WV 25404
(O):  304.263.6991
tracey.eberling@steptoe-johnson.com

*/s/ Nicholas L. Fiske*
Nicholas L. Fiske*
Pennsylvania Bar No. 309696
nick.fiske@steptoe-johnson.com

Joseph R. Lewis III*
Pennsylvania Bar No. 328830
joseph.lewis@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
One PPG Place, Suite 3300
Pittsburgh, Pennsylvania 15222
Telephone: 412-504-8010
Fax: 412-504-8011
*\*Admitted Pro Hac Vice*

*Counsel for Defendants, Smith Farm
Holdings, LLC and Steven G. Smith*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 29th day of September, 2025, I electronically filed the

foregoing with the Clerk of the Court using the ECF system which will send notification of such

filing to all counsel of record.

Adam Greivell, Esquire
5 Cornell Ave
Hagerstown, MD 21742
(240)528-8150
adam@gfirm.us

*AND BY ELECTRONIC MAIL TO:*

Arnold Phillips, Esquire
25254B Garrett Highway
McHenry, MD 21541
(301) 387-2800
afplaw@gmail.com

*/s/ Nicholas L. Fiske*
Nicholas L. Fiske
Pennsylvania Bar No. 309696