**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<table>
<tr>
<td>

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

</td>
<td>

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**MDD_SAGchambers@mdd.uscourts.gov**

</td>
</tr>
</table>

November 3, 2025

**LETTER ORDER**

   RE: GK Parandhamaia et al. v. Smith Farm Holdings, LLC et al.
      Civil Case No. SAG-25-02691

Dear Counsel:

   On August 21, 2025, Defendants Smith Farm Holdings, LLC ("SFH") and Steven G. Smith (collectively "Defendants") filed a motion to dismiss the Complaint in this case, which was removed from state court to federal court. ECF 9. Instead of filing a response to that motion to dismiss, Plaintiffs filed a motion to remand, ECF 12, advancing two arguments. This Court has reviewed the motion to remand and the opposition, ECF 15. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the motion to remand will be denied and Plaintiffs will be afforded two weeks to file a substantive response to the motion to dismiss.

   Plaintiffs argue that remand is warranted because diversity is lacking and removal was untimely. Removing parties, here Defendants, bear the burden of establishing diversity of citizenship. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Both parties agree that Plaintiffs are Maryland citizens. The issue is Defendants' citizenship: Plaintiffs contend that Defendants may be citizens of Maryland, while Defendants maintain that they are citizens of Florida.

   A person's citizenship is determined by the state in which he is domiciled. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). A single LLC may be a citizen of more than one state, if it is composed of members who are residents of different states. *See New Day Fin., LLC v. Katz*, Civ. No. CCB–15–2245, 2015 WL 5092022, at *3 n. 2 (D. Md. Aug. 28, 2015).

   Here, in connection with their Notice of Removal, Defendant Steven G. Smith provided a declaration that his permanent and primary residence is in Naples, Florida, that he intends for Florida to be his permanent home indefinitely, that he holds a Florida driver's license, is registered to vote in Florida, and files tax returns using his Florida address. ECF 2-2. The only

1

other member of SFH, Alyssa L. Smith, provided an identical declaration establishing her domicile in Florida. ECF 2-3.

The evidence Plaintiffs cite to contest the Florida domicile is unavailing. They cite to some documents signed by, and some testimony provided by, Steven G. Smith in the summer of 2023, identifying his residence/address as located in Swanton, Garrett County, Maryland. ECF 12 ¶¶ 10–14. In fact, on September 5, 2023, Mr. Smith testified that he lived in Swanton but could not initially recall the home address. *Id.* ¶ 14. On October 4, 2023, counsel for Mr. Smith told a court that Mr. Smith "spends the winter" in Florida. Id. ¶ 15. That evidence is not inconsistent with Mr. Smith's professed domicile in Florida, as it is not uncommon for persons to spend portions of the year in different states. *See Seaplane Enters. LLC. v. Chen*, 718 F. Supp. 3d 105, 113 (D. Mass. 2024) (determining that a second or seasonal residence did not establish citizenship for diversity purposes). None of the evidence suggests that Mr. Smith's permanent domicile is in Maryland and, in fact, his inability to recall the home address suggests that it is not. Defendants have therefore satisfied their burden, on the present record, to establish diversity of citizenship.

Plaintiffs' argument about the timeliness of removal is also unmeritorious. The state court record and docket reflect that, after a prior attempt to an incorrect address, service of process was effected on Defendants' counsel, via certified mail, on July 16, 2025. ECF 2-4, 2-13. While Plaintiffs may also have emailed the relevant information to Defendants' counsel earlier, they offer no authority to contravene the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999), which held that formal service of process, not mere receipt of a copy, triggers the 30 day removal period under 28 U.S.C. 1446(b). Because Defendants removed this case within 30 days after July 16, 2025, removal was timely and remand is unwarranted.

Accordingly, Plaintiffs' motion to remand, ECF 12, is DENIED. Plaintiffs will be afforded fourteen days to file a substantive opposition to Defendants' motion to dismiss, ECF 9. Despite the informal nature of this letter, it constitutes an order of the Court and should be docketed accordingly.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge