IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND NORTHERN DIVISION

| | | |
|---|---|---|
| GK PARANDHAMAIA and JAN PARANDHAMAIA, | * * * | |
|    Plaintiffs, | * * * | CIVIL ACTION No. 1:25-cv-02691-SAG |
|   v. | * * * | |
| SMITH FARM HOLDINGS, LLC and STEVEN G. SMITH, | * * * * | |
|    Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**FIRST AMENDED COMPLAINT (Comparison Copy)**

COME NOW Plaintiffs, GK Parandhamaia and Jan Parandhamaia (collectively, "Plaintiffs"), by and through their undersigned counsel, and file this First Amended Complaint against Defendants, Smith Farm Holdings, LLC and Steven G. Smith (collectively, "Defendants"), and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendants. Plaintiffs are citizens of Maryland. Defendant Smith Farm Holdings, LLC is a limited liability company whose members are citizens of states other than Maryland. Defendant Steven G. Smith is a citizen of Maryland, but complete diversity exists based on the citizenship of Smith Farm Holdings, LLC.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as the events giving rise to the claims occurred in Garrett County, Maryland, which is within the Northern Division of

the Greivel firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

Deleted: CIRCUIT

Deleted: GARRETT COUNTY

Deleted: GK PARANDHAMAIA, ¶ JAN PARANDHAVAIA¶
¶
2440 BITTINGER ROAD,¶
SWANTON, MD  21561¶
→→PLAINTIFFS¶
¶
VS.¶
¶
SMITH FARM HOLDINGS, LLC¶
¶
2147 BITTINGER ROAD¶
SWANTON, MD  21561¶
¶
DEFENDANT¶
¶
And¶
¶
STEVEN G.  SMITH¶
¶
→2714 BITTINGER LANE¶
→SWANTON, MARYLAND 21561¶
¶
→DEFENDANT¶
¶

Deleted: ¶      ... [1]

Moved down [1]: Code Ann.,

Deleted: Md.

Deleted: Cts. & Jud. Proc. § 1-501

Deleted: claims arise from events occurring

Deleted: Garrett County,

Moved down [2]: Code Ann.,

Deleted: Md.

Deleted: Cts. & Jud. Proc. § 6-201

Deleted: cause of action arose

Deleted: and Defendants conduct business and/or reside…

Deleted: this jurisdiction

this District. This action was originally filed in The Circuit Court for Garrett County, Maryland, Case No.: C-11-25-000054 and removed to this Court by Defendants.

**PARTIES**

3.  Plaintiffs GK Parandhamaia and Jan Parandhamaia are individuals residing at 2440 Bittinger Road, Swanton, Maryland 21561, and are citizens of Maryland. Jan Parandhamaia is the wife of GK Parandhamaia and is female.

4.  Defendant Smith Farm Holdings, LLC is a limited liability company with a principal Maryland address at 2417 Bittinger Road, Swanton, Maryland, and is the recorded owner of the property at issue, and its members are citizens of states other than Maryland.

5.  Defendant Steven G. Smith is an individual who upon information and belief is the principal or agent of Smith Farm Holdings, LLC, and has been found by this Court to be a citizen of Florida.

**FACTUAL ALLEGATIONS**

6.  On or about July 21, 2022, Plaintiffs executed a Deed transferring property located at 2440 Bittinger Road, Swanton, Maryland, to Defendant Smith Farm Holdings, LLC. Said Deed was recorded among the Land Records of Garrett County, Maryland, at Book 2433, Page 115 (attached hereto as Exhibit #1)[1].

7.  On or about September 16, 2022, Defendants re-recorded the Deed with unauthorized alterations to the description of property being sold, recorded at Book 2444, Page 9 (attached hereto as Exhibit #2). This altered Deed included copies of Plaintiffs' original signatures from the Deed recorded at Book 2433, Page 115, without Plaintiffs' consent or authorization.

the
Greivell
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

---

[1] All references to exhibits refer to and incorporate by reference as if attached hereto such exhibits as were attached to the original Complaint unless otherwise specified.

**Deleted:** at 2714 Bittinger Lane, Swanton, MD 21561, and is believed to be

**Deleted:** ).

8. On or about July 21, 2022, Plaintiffs and Defendants executed a residential Lease Agreement permitting Plaintiffs to reside in a portion of the property at 2440 Bittinger Road (attached hereto as Exhibit #3).

9. The parties were involved in prior litigation regarding the lease wherein the Circuit Court for Garrett County, Maryland entered a declaratory judgment regarding the rights and responsibilities of the parties which specified that Plaintiffs have the right to use the house and curtilage of the house under the lease (Exhibit 4 Order).

10. Since the time of said Order, Defendants have taken several actions to attempt to further restrict Plaintiffs' use with the intention of having Plaintiffs abandon the lease and the property.

11. Defendants have breached the covenant of quiet enjoyment implied in the Lease Agreement by engaging in harassing and intrusive conduct, including but not limited to:

a. Defendant Steven G. Smith frequently entering the curtilage of the leased premises, peering into windows, and attempting to open doors;

b. Installing video cameras on or about June 21, 2024, in the yard near the house, pointed toward Plaintiffs' bedroom and living areas, said cameras appear capable of recording private activities inside the home;

c. Relocating said cameras closer to the home after Plaintiffs' counsel, Adam Greivell, Esq., demanded their removal by letter dated June 10, 2024;

d. Failing to remove said cameras in violation of the Criminal Law of the State of Maryland, even after demand;

e. Erecting barbed wire fencing around the house to restrict Plaintiffs' use of the curtilage;

f. Driving trucks, recreational vehicles, and other vehicles through the driveway and yard, sometimes employing others to do so, to intimidate and harass Plaintiffs.

the
Greivell
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

**Deleted:** That the

**Deleted:** herein whereas

**Deleted:** into

**Deleted:** .

**Deleted:**

**Deleted:** a.

**Deleted:** b.

**Deleted:** ,

**Deleted:** c.

**Deleted:** ; d.

**Deleted:** e.

12. On October 5, 2024, Defendant Steven G. Smith attempted to forcibly enter the leased premises without notice or permission.

13. Defendants attempted to evict Plaintiffs by filing a Motion for Sanctions intended to initiate a baseless eviction proceeding against Plaintiffs, falsely claiming Plaintiffs no longer reside at the property. Said proceeding failed but caused Plaintiffs to incur legal fees. (See Exhibit 5).

14. Defendants disabled the security gate to the premises placing Plaintiffs in fear and risk of intruders.

15. Defendants have refused to allow the security gate to be used by Plaintiffs.

16. As a result of the Defendants' actions, Plaintiffs have suffered loss of privacy and financial harm.

17. The actions of Defendants herein are a continuing attack on the rights of Plaintiffs that have been motivated by ill will and malice.

18. Due to Defendants' actions, Plaintiffs feel uncomfortable having guests and family at the premises.

19. Defendants' installation of cameras has resulted in actual recording and viewing of Plaintiffs' private activities inside the home, including intimate moments in the bedroom and living areas, as evidenced by Defendants' knowledge of specific private events occurring inside the premises that could only be known through surveillance footage. Plaintiffs have not seen the camera footage but believe, upon information and belief, that prior statements of Defendants indicating that Plaintiffs were not living at the house indicate that the cameras are surveilling the Plaintiffs, leading to their information and belief that the cameras are placing them under constant surveillance.

20. Defendants' conduct, including the persistent harassment and surveillance, was undertaken with actual malice, ill will, and a deliberate intent to force Plaintiffs to

the
Greivel
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

Deleted: and emotional distress.

Deleted: That

Deleted: Plaintiff

Deleted: That

Deleted: emotional distress,

Deleted: ,

Deleted: That the

Deleted:

Deleted: Plaintiff, Jan Parandhamaia, is fearful, anxious and on high alert when she has to stay at the premises alone. ¶
That due to Defendants actions, …

abandon the lease, as demonstrated by Defendants' escalation of actions following Plaintiffs' successful prior litigation and demands for compliance with the lease.

**COUNT I: BREACH OF CONTRACT (Lease Agreement)**

21. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

22. The Lease Agreement (Exhibit #3) constitutes a valid and enforceable contract between Plaintiffs and Defendants.

23. Defendants breached the implied covenant of quiet enjoyment by engaging in the harassing and intrusive conduct described herein.

24. The Lease Agreement (Exhibit #3) includes an implied covenant of quiet enjoyment and explicit terms requiring Defendants to maintain the premises in a safe and habitable condition; Defendants breached these obligations by installing cameras, disabling the security gate, restricting the curtilage of the house with barbed wire fence, and attempting to forcibly enter the house. The Lease explicitly requires the landlord to ensure the premises are free from disturbances that interfere with tenants' peaceful possession (see Lease § 12, allowing entry only for emergencies or with notice, which was violated), and the disabling of the security gate breached the implied warranty of habitability by creating an unsafe environment vulnerable to intruders.

25. As a direct and proximate result, Plaintiffs have suffered loss of use and enjoyment of the leased premises and financial damages in an amount to be proven at trial.

**COUNT II: INVASION OF PRIVACY (Intrusion Upon Seclusion)**

26. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

27. Defendants intentionally intruded upon Plaintiffs' private affairs by installing cameras directed at Plaintiffs' bedroom, recording private activities, and physically encroaching upon the curtilage of the leased premises.

28. Defendants' installation of cameras on June 21, 2024, directed at Plaintiffs' bedroom and living areas constitutes an intentional intrusion upon seclusion. Such intrusions are

the
Greivell
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

Page 5 of 13

**Deleted:** 1 through 17

**Deleted:** defendants

**Deleted:** , emotional distress,

**Deleted:** 1 through 21

**Deleted:**

highly offensive to a reasonable person and violate Plaintiffs' reasonable expectation of privacy under Maryland law. The cameras captured and allowed Defendants to view footage of Plaintiffs' intimate and private activities inside the home, including undressing and personal conversations, without consent, in a manner that would be highly offensive to a reasonable person.

29. Defendants' continued maintenance of the cameras trained upon the private areas as well as the yard, curtilage, and exterior areas of the house beyond October 1, 2025, constitutes additional criminal conduct under Maryland law, and is likewise highly offensive both to Plaintiffs and to a reasonable person.

30. As a direct and proximate result, Plaintiffs have suffered loss of privacy in an amount to be proven at trial.

**COUNT III: NUISANCE**

31. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

32. Defendants have engaged in a pattern of intentional and unreasonable conduct that substantially interferes with the Plaintiffs' use and enjoyment of the leased premises at 2440 Bittinger Road, Swanton, Maryland, including but not limited to:

    a. Defendant Steven G. Smith's frequent unauthorized entries onto the curtilage of the leased premises, including peering into windows and attempting to open doors;

    b. Installing video cameras on or about June 21, 2024, in the yard near the house, directed toward Plaintiffs' bedroom and living areas, capable of recording private activities, and relocating said cameras closer to the home after Plaintiffs' counsel demanded their removal;

    c. Erecting barbed wire fencing around the house to restrict Plaintiffs' access to and use of the curtilage, in violation of the declaratory judgment specifying Plaintiffs' rights to the house and curtilage (Exhibit 4);

the
Greivell
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

**Deleted:** emotional distress and

**Deleted: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**Deleted:** 1 through 25

**Deleted:** <#>Defendants' conduct including installing invasive cameras, attempting forcible entry, driving vehicles through the yard, and filing baseless eviction proceedings, placing barbed wire on the curtilage—constitutes extreme and outrageous behavior.¶
Defendants' conduct, including installing cameras to record private activities and attempting forcible entry was extreme and outrageous.¶
As a result, Plaintiffs have suffered severe emotional distress, including anxiety and fear, in an amount to be proven at trial.¶
**COUNT IV: NUISANCE**¶
Plaintiffs re-allege paragraphs 1 through 29 as if fully set forth herein.¶

**Deleted:** a.

**Deleted:** b.

**Deleted:** c.

d.  Driving trucks, recreational vehicles, and other vehicles through the driveway and yard, or employing others to do so, to harass and intimidate Plaintiffs;

e.  Disabling the security gate to the premises, thereby increasing Plaintiffs' fear and risk of intruders and denying Plaintiffs access to its use;

f.  Initiating a baseless eviction proceeding on or about October 5, 2024, falsely claiming Plaintiffs no longer reside at the property, with the ulterior motive of harassing and intimidating Plaintiffs into abandoning their tenancy (Exhibit 5).

33. Defendants' actions are intentional, unreasonable, and undertaken with malice or reckless disregard for Plaintiffs' rights as tenants, as evidenced THEIR persistence in harassing conduct following the declaratory judgment (Exhibit 4) and Plaintiffs' demand for removal of the invasive cameras. These actions constitute nontrespassory invasions, such as constant surveillance and noise from vehicles, that materially diminish the value of the premises as a dwelling and seriously interfere with Plaintiffs' ordinary comfort and enjoyment.

34. Defendants' conduct constitutes a private nuisance under Maryland law, as it substantially and unreasonably interferes with Plaintiffs' quiet enjoyment and use of the leased premises, causing loss of privacy.

35. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages, including loss of use and enjoyment of the leased premises and financial harm, including legal fees incurred in defending against the baseless eviction proceeding, in an amount to be proven at trial.

**COUNT IV: TRESPASS TO LAND**

36. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

37. Defendant Steven G. Smith intentionally entered the curtilage of the leased premises without Plaintiffs' consent on multiple occasions, including on October 5, 2024. These entries interfered with Plaintiffs' possessory interest by physically intruding into the

the
Greivel
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

Deleted: d.

Deleted: .

Deleted: e.

Deleted: .

Deleted: f.

Deleted: by their

Deleted: , emotional distress, and fear, particularly for Plaintiff Jan Parandhamaia, who feels anxious and unsafe when alone at the property…

Deleted: emotional distress,

Deleted: ,

Deleted: V

Deleted: 1 through 33

leased area, causing damage to locks and doors during forcible attempts, and preventing Plaintiffs from exclusive use of the premises.

38. The Defendants' placement of cameras and fencing further constitutes an unauthorized intrusion onto the leased premises.

39. As a direct and proximate result, Plaintiffs have suffered loss of use and enjoyment of the property in an amount to be proven at trial.

**COUNT V: RETALIATORY EVICTION**

40. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

41. Under Md. Code Ann., Real Prop. § 8-208.1, Defendants are prohibited from taking retaliatory actions, including eviction, against Plaintiffs for exercising their legal rights as tenants.

42. Plaintiffs had previously filed a claim against Defendants to secure water for the premises; said suit was successful and Plaintiffs obtained a judgment requiring Defendants to provide water to the premises.

43. Defendants responded to Plaintiffs' request with a baseless retaliatory request to cancel the Lease.

44. Plaintiffs, through their counsel Adam Greivell, Esq., exercised their legal right to demand removal of the invasive cameras violating their privacy and quiet enjoyment of the leased premises on June 10, 2024, which is a protected activity under Md. Code Ann., Real Prop. § 8-208.1, as it constituted a good faith complaint about a violation of the lease and a condition threatening health and safety.

45. In direct response to Plaintiffs' demand, Defendants initiated a baseless eviction proceeding, falsely claiming Plaintiffs no longer resided at the property, as an act of retaliation for asserting their rights. (See Exhibit 5). This action occurred on June 12, 2024, within six months of Plaintiffs' protected complaint on June 10, 2024, and was not

the Greivell firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

Deleted: VI

Deleted: 1 through 37

Deleted:

Deleted: Defendant

Moved (insertion) [1]

Deleted: 4)

for any legitimate non-retaliatory reason, but solely to punish Plaintiffs for enforcing their rights.

46. Said retaliatory eviction attempt failed but caused Plaintiffs to incur legal fees and disruption of their tenancy.

47. Said retaliatory eviction also was a breach of said lease which prohibits said conduct.

48. As a direct and proximate result, Plaintiffs have suffered damages in an amount to be proven at trial, and are entitled to statutory remedies, including reasonable attorney's fees, under Md. Code Ann., Real Prop. § 8-208.1(d) and damages not to exceed three months' rent.

**COUNT VI: CIVIL CONSPIRACY (BREACH OF LEASE)**

49. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

50. Defendant Steven G. Smith, acting in his individual capacity and outside the scope of his role as principal or agent of Defendant Smith Farm Holdings, LLC, entered into an agreement or understanding with Defendant Smith Farm Holdings, LLC and unknown individuals to breach the Lease Agreement through the harassing and intrusive conduct described herein, including installing cameras, disabling the security gate, restricting the curtilage with barbed wire fencing, and attempting forcible entry.

51. This conspiracy involved unlawful acts or lawful acts by unlawful means, resulting in breaches of the implied covenant of quiet enjoyment and the Lease's explicit terms requiring maintenance of the premises in a safe and habitable condition. Specifically, Steven G. Smith conspired with unknown individuals to install the cameras, disable the security gate, and place barbed wire fencing in the curtilage of the house.

52. As a direct and proximate result of this conspiracy, Plaintiffs have suffered loss of use and enjoyment of the leased premises and financial damages in an amount to be proven at trial.

**COUNT VII: CIVIL CONSPIRACY (RETALIATORY EVICTION)**

the
Greivell
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

**Deleted:** , emotional distress,

**Deleted:** ).

53. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

54. Defendant Steven G. Smith, acting in his individual capacity and outside the scope of his role as principal or agent of Defendant Smith Farm Holdings, LLC, entered into an agreement or understanding with Defendant Smith Farm Holdings, LLC and unknown individuals to engage in retaliatory eviction actions against Plaintiffs in violation of Md. Code Ann., Real Prop. § 8-208.1.

**Moved (insertion) [2]**

55. This conspiracy involved initiating a baseless eviction proceeding as retaliation for Plaintiffs' exercise of their legal rights, including demanding removal of invasive cameras and prior successful litigation to secure water for the premises.

56. As a direct and proximate result of this conspiracy, Plaintiffs have suffered damages, including legal fees and disruption of their tenancy, in an amount to be proven at trial, and are entitled to statutory remedies under Md. Code Ann., Real Prop. § 8-208.1.

### COUNT VIII: PERMANENT INJUNCTION (REMOVAL OF CAMERAS)

57. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

58. Defendant Smith Farm Holdings, LLC has installed and maintained video cameras directed at Plaintiffs' leased premises, constituting an ongoing violation of Plaintiffs' rights under the Lease and Maryland law.

59. Plaintiffs have no adequate remedy at law, as monetary damages cannot compensate for the continued invasion of privacy and interference with quiet enjoyment.

60. The balance of hardships favors Plaintiffs, and an injunction is in the public interest to enforce tenant rights.

61. Plaintiffs request a permanent injunction ordering Defendant Smith Farm Holdings, LLC to immediately remove all cameras directed at or capable of recording the leased premises.

### COUNT IX: PERMANENT INJUNCTION (REMOVAL OF FENCING)

62. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

the
Greivel
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

63. Defendant Smith Farm Holdings, LLC has erected barbed wire fencing within the curtilage of the leased premises, restricting Plaintiffs' access and use in violation of the declaratory judgment (Exhibit 4) and the Lease.

64. The barbed wire fence located next to the house creates a dangerous condition that has prevented Plaintiffs from entertaining guests and grandchildren due to the unsafe environment.

65. Plaintiffs have no adequate remedy at law, as monetary damages cannot restore unrestricted access to the curtilage.

66. The balance of hardships favors Plaintiffs, and an injunction is in the public interest to uphold judicial orders and lease rights.

67. Plaintiffs request a permanent injunction ordering Defendant Smith Farm Holdings, LLC to immediately remove all barbed wire fencing within the curtilage of the leased premises.

**COUNT X: PERMANENT INJUNCTION**
**(REMOVAL OF CHAINS ON SECURITY GATE)**

68. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

69. Defendant Smith Farm Holdings, LLC has disabled the security gate by locking it open with chains, refusing to allow Plaintiffs to use it, in violation of the Lease's implied warranty of habitability and safe conditions.

70. Plaintiffs leased the property with the knowledge that the gate, which was operable until Defendants tampering, provided them with additional security and being a appurtenance to the property subject to the lease.

71. Plaintiffs have no adequate remedy at law, as monetary damages cannot address the ongoing safety risks from an unsecured gate.

72. The balance of hardships favors Plaintiffs, and an injunction is in the public interest to ensure tenant safety.

the
Greivell
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

73. Plaintiffs request a permanent injunction ordering Defendant Smith Farm Holdings, LLC to immediately remove all chains locking the security gate open and restore Plaintiffs' ability to use the gate.

**COUNT XI: DECLARATORY JUDGMENT AND EQUITABLE RELIEF**
**(EXTENSION OF LEASE TERM)**

74. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

75. Defendants' breaches of the Lease Agreement, including violations of the implied covenant of quiet enjoyment and warranty of habitability, have deprived Plaintiffs of the full benefit of their bargain under the original five-year Lease term.

76. As a result of Defendants' actions, Plaintiffs are entitled to equitable relief reforming the Lease to extend its term for an additional five years from the date of judgment, to ensure Plaintiffs receive the full benefit of the Lease as originally intended.

77. Plaintiffs request a declaratory judgment that the Lease term is extended for five years from the date of judgment, and such other equitable relief as necessary to enforce this extension.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment in favor of Plaintiffs and against Defendants on all counts;

b. Award compensatory damages in an amount to be determined at trial, but no less than $100,000;

c. Award punitive damages for Defendants' willful, wanton, and malicious conduct in the tort claims, as Defendants acted with actual malice and intent to harm;

d. Issue a permanent injunction ordering Defendants to remove all cameras, cease trespassing, and refrain from further harassment or retaliatory actions; remove all barbed wire fencing within the curtilage; and remove chains locking the security gate open, restoring Plaintiffs' use of the gate;

the
Greivel
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us

**Deleted:** ¶
a.

**Deleted:** ¶
b.

**Deleted:** ¶
c.

**Deleted:** ;¶
d.

**Deleted:** ¶
e.

e.  Issue a declaratory judgment that the Lease term is extended for five years from the date of judgment

f.  Award pre- and post-judgment interest as allowed by law;

g.  Award Plaintiffs' costs, reasonable attorney's fees, and expenses incurred in this action, including those authorized under Md. Code Ann., Real Prop. § 8-208.1 for retaliatory eviction;

h.  Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 17, 2025                    /s/ *Adam D. Greivell*
                                                             Adam D. Greivell, Esquire
                                                             (MD Bar No. 28917)
                                                             **The Greivell Firm**
                                                             5 Cornell Avenue
                                                             Hagerstown, MD 21742
                                                             (240) 528-8150
                                                             adam@gfirm.us
                                                             Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I reviewed the Court's CM/ECF system, and it reports that on November 17, 2025, an electronic copy of the foregoing First Amended Complaint will be served electronically by the Court's CM/ECF system on the following:

Tracey B. Eberling (tracey.eberling@steptoe-johnson.com)
Nicholas L. Fiske (nick.fiske@steptoe-johnson.com)
Joseph R. Lewis, III (joseph.lewis@steptoe-johnson.com)

                                                             /s/ *Adam D. Greivell*
                                                             Adam D. Greivell, Esquire

the
Greivell
firm

5 Cornell Avenue
Hagerstown, MD 21742
(240) 528-8150
www.gfirm.us



**Deleted:** ↵
f.

**Deleted:** ↵
g.

**Deleted:** Dated: March 29, 2025¶

**Deleted:** Respectfully submitted,↵
¶
¶
¶
→→→→→→_____
_____¶
Arnold Phillips, Esquire¶
→→→→→→Attorney for Plaintiffs¶
→→→→→→25254B Garrett Highway¶
→→→→→→McHenry, MD 21541¶
→→→→→→(301) 387-2800¶
→→→→→→afplaw@gmail.com¶
→→→→→→AIS #9412150051¶
¶
¶
_____/

**Deleted:** /_____¶

**Deleted:** Ave

**Deleted:** adam@gfirm.us¶
ARS # 0521130328¶
↵
¶

| Page 1: [1] Deleted | Adam Greivell | 11/17/25 9:01:00 PM |
|---|---|---|