IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GK PARANDHAMAIA, *et al.* | * |
| Plaintiffs, | * |
| v. | * Civil Case No.: SAG-25-02691 |
| SMITH FARM HOLDINGS, LLC, *et al.* | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiffs GK Parandhamaia and Jan Parandhamaia filed this lawsuit against Smith Farm Holdings, LLC and Steven G. Smith (collectively, "Defendants") regarding a property and lease dispute. ECF 4. This Court previously granted Defendants' motion to dismiss the original complaint and afforded Plaintiffs an opportunity to seek leave to file an amended complaint. ECF 20. Plaintiffs have now filed a Motion for Leave to File Amended Complaint, ECF 21, which Defendants opposed, ECF 22. Plaintiffs did not file a reply. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Plaintiffs' motion will be granted.

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 permits a plaintiff to amend its pleading once as of right within twenty-one days of service of a motion to dismiss. Fed. R. Civ. P. 15(1)(b). A party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to

amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

## II.  DISCUSSION

Defendants do not argue prejudice or bad faith. Rather, they contend that amendment is futile because none of Plaintiffs' claims would survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Court's review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, Civ. No. RDB-12-02109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alterations in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376–79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

Without pre-judging the merits of Defendants' arguments for dismissal of Plaintiffs' claims, the proposed amended complaint is not "clearly insufficient or frivolous on its face."

3

Because the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court is not inclined to apply the Rule 12(b)(6) standard at this stage. Though this procedure is somewhat lacking in efficiency, in this Court's view, the cleanest record will be produced by permitting Plaintiff's Amended Complaint to be filed and then allowing Defendants to re-file their arguments in favor of dismissal, if they so choose, for this Court's substantive consideration under the Rule 12(b)(6) standard.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File Amended Complaint, ECF 21, will be granted, permitting the Amended Complaint to be docketed. Defendants should respond to the Amended Complaint in the ordinary course. A separate Order follows.

Dated: February 25, 2026                              /s/
                                            Stephanie A. Gallagher
                                            United States District Judge