**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| GK PARANDHAMAIA and JAN PARANDHAMAIA, | ) CIVIL ACTION |
| | ) |
| | ) No. 1:25-cv-02691-SAG |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **FILED ELECTRONICALLY** |
| | ) |
| SMITH FARM HOLDINGS, LLC and STEVEN G. SMITH, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

AND NOW, come Defendants Smith Farm Holdings, LLC ("SFH") and Steven G. Smith ("Smith" and collectively with SFH, "Defendants") by and through their attorneys, Steptoe & Johnson PLLC, and move the Court to dismiss the Amended Complaint in the above-captioned matter in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1.     As set forth at further length in the accompanying Memorandum of Law in Support of this Motion to Dismiss, which is incorporated herein by reference, Plaintiffs' Amended Complaint must be dismissed in its entirety for failure to state a claim upon which relief may be granted.

2.     Specifically, Plaintiffs fail to state a claim for Breach of Contract (Count I) because, *inter alia,* the allegations do not identify any lease provision breached, nor do the conclusory allegations concerning "harassment" and "quiet enjoyment" state a cognizable contractual violation under Maryland law.

3.     Plaintiffs' claim for Invasion of Privacy (Intrusion Upon Seclusion) (Count II) fails as a matter of law because, *inter alia*, Plaintiffs allege only that cameras were installed which

1

"appear capable" of recording, without alleging that any private activities were actually recorded, viewed, or disseminated. Speculative allegations cannot sustain this tort.

4.      Plaintiffs' claim for Nuisance (Count III) fails as a matter of law because, *inter alia*, Maryland law requires a nontrespassory interference with land use, whereas Plaintiffs allegations do not rise to the level of interference with the use of the property and/or allege only trespassory conduct.

5.      Plaintiffs' claim for Trespass (Count IV) fails as a matter of law because, *inter alia*, the alleged conduct occurred on property owned by SFH outside of Plaintiffs' limited leasehold rights to the cabin and garage, and vague allegations of "attempted entry" do not establish an actual, unauthorized intrusion into the leased premises.

6.      Plaintiffs' claim for Retaliatory Eviction (Count V) fails as a matter of law because, *inter alia*, Md. Code Ann., Real Prop. § 8-208.1 applies only where a landlord takes retaliatory action to terminate a tenancy. Plaintiffs remain in possession of the property, and the filing of a Motion for Sanctions—which was denied—does not constitute a retaliatory eviction under Maryland law.

7.      Plaintiffs' claims for Conspiracy (Counts VI and VII) fail as a matter of law because, *inter alia*, Plaintiffs have failed to establish the existence of an underlying tort and the principal of a company (here, Defendant Smith) cannot conspire with the company (here, Defendant SFH).

8.      Plaintiffs' claims for Permanent Injunctive Relief (Counts VIII, IX and X) fail as a matter of law because, *inter alia*, Plaintiffs have failed to establish the existence of an underlying cause of action justifying the award of an equitable remedy or the threat of irreparable harm.

9.      Plaintiffs' claim for Declaratory Relief (Count XI) fail as a matter of law because,

2

*inter alia*, there is no justiciable controversy requiring the clarification of rights or contracts in this action.

10.    Plaintiffs' claim for punitive damages fails as a matter of law because, *inter alia*, Plaintiffs have failed to plead the existence of a claim giving rise to punitive damages and cannot establish that Defendants' alleged conduct justifies the award of such damages.

11.    Accordingly, Plaintiffs' Amended Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6).

WHEREFORE, for the reasons set forth above and in further detail in Defendants' accompanying Memorandum of Law, which Defendants incorporate herein by reference, Defendants respectfully request that this Court grant the present motion and dismiss the Amended Complaint in its entirety, with prejudice.

Dated: March 18, 2026

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Nicholas L. Fiske*
Tracey B. Eberling (MD Fed. Bar ID 11393)
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd, Suite 300
Martinsburg, WV 25404
(O):  304.263.6991
tracey.eberling@steptoe-johnson.com

Nicholas L. Fiske*
Pennsylvania Bar No. 309696
nick.fiske@steptoe-johnson.com

Joseph R. Lewis III*
Pennsylvania Bar No. 328830
joseph.lewis@steptoe-johnson.com

3

**STEPTOE & JOHNSON PLLC**
One PPG Place, Suite 3300
Pittsburgh, Pennsylvania 15222
Telephone: 412-504-8010
Fax: 412-504-8011
*Admitted Pro Hac Vice*

*Counsel for Defendants, Smith Farm*
*Holdings, LLC and Steven G. Smith*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 18th day of March, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Adam Greivell, Esquire
5 Cornell Ave
Hagerstown, MD 21742
(240)528-8150
adam@gfirm.us

*AND BY ELECTRONIC MAIL TO*:

Arnold Phillips, Esquire
25254B Garrett Highway
McHenry, MD 21541
(301) 387-2800
afplaw@gmail.com

*/s/ Nicholas L. Fiske*
Nicholas L. Fiske
Pennsylvania Bar No. 309696