**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| GK PARANDHAMAIA and JAN PARANDHAMAIA, | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 1:25-cv-02691-SAG |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **FILED ELECTRONICALLY** |
| | ) | |
| SMITH FARM HOLDINGS, LLC and STEVEN G. SMITH, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM
IN FURTHER SUPPORT OF MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiffs' Opposition does not cure the defects in the Amended Complaint. Instead, it confirms that Plaintiffs' claims rest on speculation, conclusory allegations, and attempts to recast the pleaded theories through briefing rather than facts alleged in the Amended Complaint. Across each count, Plaintiffs either fail to identify the legal duty at issue, fail to plead facts satisfying the required elements, plead conclusory allegations masked as "facts," or improperly plead remedies as standalone causes of action. None of Plaintiffs' claims in their Amended Complaint state a plausible claim for relief under Rule 12(b)(6), and for the reasons below, and those set forth Defendants' Memorandum of Law in Support of its Motion to Dismiss which is incorporated herein by reference, the Amended Complaint should be dismissed in its entirety, with prejudice.

## II.    ARGUMENT

### A.    Plaintiffs' Opposition confirms that their claims rest on speculation and conclusory allegations.

The basic problem with Plaintiffs' Opposition is that it tries to use narrative to make up for

30980389.1

missing facts. Plaintiffs say the relevant details are in Defendants' possession and can be developed in discovery. But Plaintiffs must first plead enough facts to state a plausible claim before they are entitled to discovery. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (noting that Rule 8 " 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions' ") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Fourth Circuit has made clear that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,' " as required by Rule 8." *Id*.

That problem is clearest in Count II. Plaintiffs argue the Court should infer actual recording and viewing of private activity inside the home because cameras were installed near the house and because Defendants supposedly knew facts that "could only" have come from surveillance. (ECF No. 25 ¶ 19). But Plaintiffs still do not identify any specific private event, any actual recording, or any concrete fact showing the cameras were positioned or capable of capturing the interior of the residence. (*See generally* ECF No. 25). Their theory remains speculative and conclusory.

The same is true across the Amended Complaint. Plaintiffs repeatedly invoke a broader "pattern" of conduct to try to supply missing elements for breach of contract, invasion of privacy, nuisance, trespass, retaliation, conspiracy, and equitable relief. But each count must stand on its own factual allegations. Instead, they all rest on speculation and conclusory allegations rather than facts. That is not enough to survive a motion to dismiss, and trying to supply those facts through briefing does not save their claims.

**B.      Count I fails because Plaintiffs still do not plead a viable breach-of-lease claim.**

Plaintiffs assert in their opposition that their breach of contact claim (Count I) rests on three overlapping theories: Plaintiffs' right of exclusive possession, the implied covenant of quiet

2

enjoyment, and the implied warranty of habitability—all of which hinge on the installation of cameras and fencing (on SFH property), the disabling of a gate (on SFH property), and a single alleged attempted entry on October 5, 2024 (which is disputed). (ECF No. 28, pp. 12-14).

At the outset, a non-party to a contract cannot be liable for breach of contract. *Mathis v. Hargrove*, 888 A.2d 377, 396 (Md. App. 2005) (stating that "the plaintiff must prove that the defendant had a contractual obligation and that the obligation was breached"); Md. Code Ann., Real Prop. § 2-115 (stating that "there is an implied covenant *by the lessor* that the lessee shall quietly enjoy the land") (emphasis added). Plaintiffs' opposition does not attempt to explain why Smith, individually, is a proper party to Count I. The only plausible explanation for Plaintiffs' silence is because Smith, in fact, is not a party to the Lease. (*See* Lease, Ex. D to Ex. 5 to Am. Compl. [ECF 4.1]). Because Smith is not a party to the Lease, he owes no contractual duties to Plaintiffs and cannot breach the implied covenant of quiet enjoyment or the implied warranty of habitability. Accordingly, Smith should be dismissed from Count I.

As to SFH, Plaintiffs still do not identify any lease provision prohibiting cameras, fencing, or the alleged condition of the gate. Instead, they rely on general references to quiet enjoyment, peaceful possession, and habitability. That is not enough. A breach-of-contract claim requires Plaintiffs to identify an actual contractual duty and facts showing breach of that duty. *Cont'l Masonry Co. v. Verdel Const. Co.*, 369 A.2d 566, 569 (Md. App. 1977) (affirming trial court's finding that plaintiff failed to state a claim and stating it is clear plaintiff's complaint contained "skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of a contractual duty").

Plaintiffs also point to an alleged attempted entry on October 5, 2024. Even if accepted as true, one alleged attempted entry does not transform all of the conduct listed in Count I into a

30980389.1

plausible contract claim. The count remains a collection of tort-style allegations restated as a breach of contract claim.

To that end, Plaintiffs still do not explain how cameras, a disabled gate, and the fence—all of which are located outside the leased curtilage and on property owned by SFH—render the home, which Plaintiffs alleged they currently live in, uninhabitable. Plaintiffs allege fear of intruders, but they do not allege that any intruder ever entered the property, that any crime occurred, or that the premises became uninhabitable. (ECF No. 25, ¶¶ 22-25). Speculation about possible future harm is not enough. *See Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013) (stating that it is "well established that mere conclusory and speculative allegations are not sufficient to withstand a motion to dismiss").

Count I should be dismissed against both Smith and SFH, with prejudice.

### C.      Counts II, III, and IV remain deficient.

Count II still fails because Plaintiffs do not plausibly plead an actual intrusion upon seclusion. Plaintiffs' opposition suggests that the alleged entries onto the leased property fall under Count II; however, Plaintiffs did not plead the same. (*Compare* ECF No. 28 p. 15, with ECF No. 25 ¶¶ 27-30). Indeed, the Amended Complaint only makes reference to the installation of the cameras. (ECF No. 25 ¶¶ 27-30). And Plaintiffs' opposition does little to rectify the fact that the Amended Complaint does not identify what private events Defendants allegedly knew, how the cameras were positioned, whether they could capture activity inside the home, who viewed any footage, or when any viewing occurred. (*Id*. at ¶¶ 19, 27-30). That is not enough to state a plausible invasion-of-privacy claim.

Even if Smith's alleged entry onto the lease property does fall under Count II, Plaintiffs have not alleged (beyond conclusory allegations) that Smith invaded Plaintiffs' reasonable

30980389.1

expectation of privacy. *Furman v. Sheppard*, 130 Md. App. 67, 744 A.2d 583, 586 (Md. App. 2000) ("Not every trespass constitutes an unreasonable search or intrusion. A trespass becomes relevant only when it invades a defendant's reasonable expectation of privacy.") (citations and quotations omitted).

Plaintiffs' opposition argues that SFH's placement of cameras on its own property and directed towards the leasehold is highly offensive to a reasonable person, "as a matter of law and common sense." (ECF No. 28 p. 15). Of course, however, Plaintiffs cite no authority in support of this position. (*Id.*). Plaintiffs' theory is also internally inconsistent. On the one hand, Plaintiffs allege that Defendants' leaving the gate open created a risk of intruders and rendered the premises unsafe. (ECF No. 25 ¶¶ 14-15, 24, 32(e), 69-73). On the other hand, Plaintiffs allege that cameras directed toward the premises are inherently invasive and highly offensive. (*Id.* ¶¶ 19, 27-30, 58-61). But cameras are, by their nature, a security measure intended to monitor access to property and deter unauthorized entry. Plaintiffs cannot plausibly treat alleged surveillance as a grave invasion of privacy while simultaneously alleging that the lack of additional security measures exposed them to danger from intruders. That contradiction further underscores the speculative and conclusory nature of Count II.

Plaintiffs' nuisance claim (Count III) fails for a similar reason. Plaintiffs try to save it by calling some conduct "nontrespassory," including surveillance and vehicle noise. But Count III still rests on the same allegations underlying the other counts: entries, cameras, fencing, vehicle movement, the gate, and the sanctions motion. Calling some of that conduct "nontrespassory" does not make it a viable nuisance claim. Plaintiffs still do not plead concrete facts showing a substantial and unreasonable interference with use and enjoyment of the premises. Further, Plaintiffs' reliance on *Exxon Mobil Corp. v. Albright*, 71 A.3d 30 (Md. App. 2013) does not help. There, the alleged

30980389.1

nuisance arose from a 26,000-gallon gasoline spill, contaminated wells, limits on water use, and lights, noise, and odors associated with remediation. *Exxon Mobil*, 71 A.3d 30, 37-38. The Court made clear that not every interference supports nuisance liability and that "a plaintiff must establish an unreasonable and substantial interference with his or her use and enjoyment of his or her property, such that the injury is of such a character as to diminish materially the value of the property as a dwelling . . . and seriously interfere with the ordinary comfort and enjoyment of it." *Id*. at 94. (citations and quotations omitted). Here, Plaintiffs' allegations are nothing like those in *Exxon Mobil*. However, like *Exxon Mobil*, the "psychological distress" Plaintiffs complain of but do not plead is "not objectively reasonable" *Id*. at 96 (finding that the appellee's "fear of future contamination and resultant effects thus far is not objectively reasonable"). At most, Plaintiffs plead isolated grievances and subjective displeasure, not the kind of substantial, property-based interference that *Exxon Mobil* addressed.

Furthermore, "[i]n order to recover for nuisance, however, a plaintiff must establish that any adjustments he, she or it makes in the use of his, her, or its property as a result of the defendant's tortious conduct are objectively reasonable." *Exxon Mobil*, 71 A.3d 30, 96. Nowhere in the Amended Complaint do Plaintiffs explain the adjustments they made in their use of or to the leasehold as a result of Defendants alleged conduct. For that reason alone, and those set forth above, Count III should be dismissed.

Count IV is no better. Plaintiffs rely on vague allegations of "frequent" entries, one dated attempted entry, and the theory that cameras and fencing themselves were intrusions onto the leased premises. But they do not plausibly allege that the cameras or fencing were physically located within the actual leasehold, as opposed to on SFH's surrounding property. Nor do they plausibly allege dispossession or meaningful interference with exclusive possession. In fact,

30980389.1

Plaintiffs continue to allege that they reside at the premises. Count IV remains too vague and conclusory to proceed.

Counts II, III, and IV should be dismissed, with prejudice.

**D.    Count V fails because Plaintiffs change theories in their Opposition and still do not state a retaliatory-eviction claim.**

Count V is one of the clearest examples of Plaintiffs trying to salvage a defective claim through briefing. Plaintiffs' retaliatory eviction claim is premised solely on a violation of Md. Code Ann., § 8-208.1. (*See* ECF No. 25 ¶¶ 41-48). The Amended Complaint alleges that Plaintiffs' counsel made a protected demand to remove the cameras on June 10, 2024, and that, "[i]n direct response," Defendants initiated a retaliatory eviction proceeding on June 12, 2024. (*Id*. at ¶¶ 44-45). In their opposition, however, Plaintiffs concede the referenced letter was actually dated December 23, 2024. (ECF No. 28, p. 3, n.1). Given this concession, Plaintiffs' opposition attempts to shift the basis of its retaliatory eviction claim based on a broader "pattern" theory based on prior disputes, suggesting it can do so because Count V incorporated all facts asserted in the Amended Complaint. (*Id*. at pp 16-17).

First, Count V is pleaded as a statutory retaliatory-action claim under § 8-208.1. Plaintiffs' blanket incorporation of prior paragraphs does not cure their retaliatory action claim since the incorporated allegations still do not plausibly plead the elements of that statutory claim. *See Dynport Vaccine Co. LLC v. Lonza Biologics, Inc.*, No. CIV. JKB-14-2921, 2015 WL 2036510, at *4 (D. Md. Apr. 30, 2015) (dismissing negligence count that incorporated by reference the preceding paragraphs in the complaint since the preceding paragraphs were "clearly cast in language of a contract claim and do not allow an inference of a separate duty of care arising either from the contract or from circumstances external to the contract").

30980389.1

Further, it permits Plaintiffs to recast Count V in their Opposition as some broader retaliation theory untethered to the facts or statute.[1] The Court must evaluate Count V as pleaded, and Plaintiffs may not amend that theory through briefing. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (stating that it "is well-established that parties cannot amend their complaints through briefing or oral advocacy").

**E.    Counts VI and VII fail because Plaintiffs do not plead a viable conspiracy.**

The conspiracy counts fail for several reasons. First, conspiracy is not an independent tort. It depends on a viable underlying tort. Because Plaintiffs have not plausibly pleaded invasion of privacy, nuisance, trespass, or retaliatory eviction, the conspiracy counts fail as well.

Second, Plaintiffs do not plead a conspiracy among legally distinct actors. Their Opposition says Smith had an "independent personal stake" because he lives on adjacent property and personally engaged in some of the alleged conduct. (ECF No. 28 p. 18). Of course, the Amended Complaint makes no such reference to Smith's "independent personal stake," and for that reason alone, Plaintiffs' civil conspiracy counts should be dismissed. *See Facey v. Dae Sung Corp.*, 992 F. Supp. 2d 536, 542 (D. Md. 2014) (dismissing conspiracy claim where "plaintiff has not alleged that any individual "possess[ed] a personal stake independent of [their] relationship to" their employer") (citing *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 179 (4th Cir. 2002)).

Further, personal involvement is not enough to avoid the intracorporate-conspiracy doctrine. *Balt.-Wash. Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 744 (D. Md. 2008) (stating that a "corporation cannot conspire with its employees, and its employees, when acting in the scope

---

[1] Even if Count V could be read to assert some broader retaliatory action theory untethered to § 8-208.1, the claim still fails since Maryland courts treat a retaliatory action in the residential landlord-tenant context as a statutory remedy, not as a common law cause of action. Section 8-208.1 is a remedial statute enacted to provide tenant remedies that were not available at common law. *See Lockett v. Blue Ocean Bristol, LLC*, 446 Md. 397, 424-28, 132 A.3d 749, 765-67 (2016) (explaining that § 8-208.1 provides remedies for retaliatory landlord conduct and that "[t]hese remedies were not available at common law").

30980389.1

of their employment, [and] cannot conspire among themselves"). Plaintiffs' allegation that Smith acted "outside the scope" of his role is also just a conclusion. *See Marks v. Dann*, No. DKC 13-0347, 2013 WL 8292331, at \*13–14 (D. Md. July 24, 2013) (rejecting allegation made "in conclusory fashion" that defendant acted outside the scope of his duties where the complaint lacked plausible supporting facts).

Third, Plaintiffs' reference to "unknown individuals" does not help, particularly where these unknown individuals are not named as parties to the action. They do not allege who those persons were, when any agreement was made, what each person did, or what facts show an actual meeting of the minds. Employing others to install a camera and a fence and to disable the gate (all of which is disputed), does not give rise to a civil conspiracy even if Smith or SFH were somehow held liable for any of the tort claims.

Accordingly, Counts VI and VII should be dismissed, with prejudice.

**F.    Counts VIII, IX, X, and XI should be dismissed because Plaintiffs improperly plead remedies as claims.**

Counts VIII, IX, and X should be dismissed because injunctive relief is a remedy, not an independent cause of action. Plaintiffs effectively concede the point by asking the Court to treat those counts as requests for relief tied to their substantive claims.

Even if Count VIII were construed only as a request for relief, it still fails. At most, Count VIII is derivative of Count II and rises or falls with that claim. Plaintiffs allege that cameras were installed and maintained, that monetary damages are inadequate, and that the balance of hardships favors an injunction. (ECF No. 25 ¶¶ 58-60). But those are conclusions, not facts. Plaintiffs have not plausibly alleged an underlying invasion-of-privacy claim, and they likewise have not pleaded facts showing the sort of actual and imminent irreparable harm necessary to justify permanent injunctive relief. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391

(2006) (setting out the traditional four-factor test for permanent injunctive relief); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812–13 (4th Cir. 1991) (equitable relief requires a clear showing of irreparable harm; speculative or remote injury is insufficient) (citations omitted). Because Count VIII is merely an improper remedy count, and because Plaintiffs have not plausibly pleaded either an underlying claim or entitlement to extraordinary equitable relief, Count VIII should be dismissed.

Count IX should be dismissed for the same threshold reason as Count VIII. That is, it seeks only injunctive relief and therefore is not an independent cause of action. In any event, Count IX still fails because Plaintiffs do not plausibly allege that the fence is actually located within the leasehold, rather than on SFH's surrounding property, and they do not plead facts showing actual and imminent irreparable harm. *See eBay*, 547 U.S. at 391.

Count X should be dismissed for the same threshold reason as Counts VIII and IX. Again, it seeks only injunctive relief and therefore is not an independent cause of action. Regardless, Count X still fails because Plaintiffs do not identify any lease provision giving them a right to control the gate or requiring SFH to operate it in a particular manner, and their alleged injury— fear of possible intruders—is purely speculative. *See eBay*, 547 U.S. at 391; *Direx*, 952 F.2d at 812.

Count XI should also be dismissed. Plaintiffs' opposition diverges greatly from its Amended Complaint. Plaintiffs' opposition suggests they are seeking a declaration confirming that Defendants' purported conduct violates the Lease, while the Amended Complaint seeks reformation of the Lease term by extending it an additional five years. (*Compare* ECF No. 28 p. 19, *with* ECF No. 25 ¶¶ 75-77). Thus, contrary to Plaintiffs' opposition, Plaintiffs are not asking the Court to construe an existing lease provision. They ask the Court to extend the Lease for an

30980389.1

additional five years from the date of judgment. (ECF No. 25 ¶¶ 75-77). That is not declaratory relief; it is a request to rewrite the parties' Lease. Count XI is therefore either duplicative of Count I, to the extent it seeks a declaration of breach, or improper, to the extent it seeks judicial reformation without a valid basis for such relief. *See John M. Floyd & Assocs., Inc. v. Howard Bank*, No. CV RDB-18-2887, 2019 WL 1755968, at \*4 (D. Md. Apr. 18, 2019) (dismissing declaratory judgment claim that is duplicative of breach of contract claim); *see also Fed. Home Loan Mortg. Corp. v. Murriel*, 2023 WL 4764578, at \*2-3 (D. Md. July 26, 2023) (a court sitting in equity can reform a written instrument only upon a showing of a mutual mistake by the parties).

Accordingly, Counts VIII, IX, X, and XI fail to state a claim and should be dismissed, with prejudice.

### G.      Plaintiffs' request for punitive damages should be dismissed.

Plaintiffs concede that punitive damages are not available for Counts I and V. (ECF No. 28 p. 19). Because Plaintiffs do not plausibly plead any viable tort claim, their request for punitive damages fails as to Counts II, III, IV, VI, and VIII as well. Their repeated references to "actual malice," "ill will," and deliberate intent are conclusory, not plead with the heightened specificity required, and cannot support punitive damages absent a properly pleaded substantive tort. *See Titan Custom Cabinets, Inc. v. Truist Bank*, 505 F. Supp. 3d 558, 570 (D. Md. 2020) (granting motion to dismiss as to the plaintiffs' claim for punitive damages where the plaintiffs "allege[d] that the [d]efendant acted with malice or 'ill will and intent to injure', but fail[ed] to offer any factual allegations that would support this legal conclusion").

Even if one of Plaintiffs' tort claims can survive this motion to dismiss, the Defendants' conduct does not give rise to actual malice, ill will, or deliberate intent, and Plaintiffs' conclusory

30980389.1

allegations do not save them. Accordingly, Plaintiffs' request for punitive damages should be dismissed, with prejudice.

## III.  CONCLUSION

For all of these reasons, and for the reasons set forth in Defendants' Motion to Dismiss and Memorandum in Support, Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice.


Dated: April 15, 2026

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Nicholas L. Fiske*
Tracey B. Eberling (MD Fed. Bar ID 11393)
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd, Suite 300
Martinsburg, WV 25404
(O):  304.263.6991
tracey.eberling@steptoe-johnson.com

Nicholas L. Fiske*
Pennsylvania Bar No. 309696
nick.fiske@steptoe-johnson.com

Joseph R. Lewis III*
Pennsylvania Bar No. 328830
joseph.lewis@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
One PPG Place, Suite 3300
Pittsburgh, Pennsylvania 15222
Telephone: 412-504-8010
Fax: 412-504-8011
*Admitted Pro Hac Vice*

*Counsel for Defendants, Smith Farm
Holdings, LLC and Steven G. Smith*

30980389.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 15th day of April, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Adam Greivell, Esquire
5 Cornell Ave
Hagerstown, MD 21742
(240)528-8150
adam@gfirm.us


*/s/ Nicholas L. Fiske*
Nicholas L. Fiske
Pennsylvania Bar No. 309696

30980389.1