**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GK PARANDHAMAIA, *et al.* | * |
| | * |
| | * |
| Plaintiffs, | * |
| | *   Civil Case No.: SAG-25-02691 |
| v. | * |
| | * |
| SMITH FARM HOLDINGS, LLC, *et al.* | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiffs GK Parandhamaia and Jan Parandhamaia ("Plaintiffs") bring this action against

Smith Farm Holdings, LLC and Steven G. Smith (collectively, "Defendants") regarding a property

and lease dispute. ECF 25. Defendants have filed a motion to dismiss, ECF 26, which Plaintiffs

opposed, ECF 28. Defendants then filed a reply. ECF 29. This Court has reviewed the filings and

finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained

below, the motion to dismiss will be granted in part and denied in part.

## I.    BACKGROUND

The following facts are derived from Plaintiffs' amended complaint, ECF 25, and are

assumed to be true for purposes of this motion.

In 2022, Plaintiffs executed both a deed that transferred a parcel of land to Smith Farm

Holdings and a residential lease that allowed Plaintiffs to reside on a portion of that parcel for five

years. *Id.* ¶¶ 6, 8. The parties have previously litigated issues relating to the lease in state court,

including an action that resulted in a declaratory judgment stating that Plaintiffs have the right to

use the house and its curtilage on the portion of the parcel concerned in the lease. *Id.* ¶ 9. That

same action also involved a successful claim brought by Plaintiffs that required Defendants to

provide the house and curtilage with access to water. *Id.* ¶ 42. During this same litigation, Defendants filed a Motion for Sanctions against Plaintiffs, arguing that the lease should be terminated. *Id.* ¶ 13; ECF 4-1 at 16–20.

During and subsequent to the litigation, Defendants engaged in various conduct relating to the house and its curtilage. *Id.* ¶ 11. Smith, the principal or agent of Smith Farm Holdings, has "frequently" entered the curtilage, peered through windows of the house, and attempted to open its doors. *Id.* ¶ 11(a). On one occasion, he attempted to forcibly enter the home and thereby damaged locks and doors. *Id.* ¶¶ 12, 37. Defendants installed video cameras in the yard near the house that were pointed toward Plaintiffs' bedroom and living areas. *Id.* ¶ 11(b). Defendants have known of specific private events occurring in the house, suggesting to Plaintiffs that the cameras have recorded those events. *Id.* ¶ 19. They moved those cameras closer to the home after Plaintiffs' counsel sent Defendants a letter demanding their removal. *Id.* ¶ 11(c). Defendants also erected a barbed wire fence around the house that restricted Plaintiffs' use of the curtilage. *Id.* ¶ 11(e). They have driven trucks, recreational vehicles, and other vehicles through the driveway and yard. *Id.* ¶ 11(f). Finally, they have disabled the security gate to the premises by locking it open with chains, an action that has caused Plaintiffs fear about intruders. *Id.* ¶¶ 14, 69. Because of all of these actions, Plaintiffs feel uncomfortable inviting guests to the premises. *Id.* ¶ 18.

Plaintiffs now bring eleven claims. Count I alleges breach of contract. *Id.* ¶¶ 21–25. Count II alleges intrusion upon seclusion. *Id.* ¶¶ 26–30. Count III alleges nuisance. *Id.* ¶¶ 31–35. Count IV alleges trespass to land. *Id.* ¶¶ 36–39. Count V alleges retaliatory eviction. *Id.* ¶¶ 40–48. Count VI and VII both allege civil conspiracy. *Id.* ¶¶ 49–56. Counts VIII–X are each titled "Permanent Injunction." *Id.* ¶¶ 57–73. And Count XI is titled "Declaratory Judgment and Equitable Relief (Extension of Lease Term)." *Id.* ¶¶ 74–77. The Prayer for Relief section of the complaint seeks

compensatory damages, punitive damages, injunctive relief, and the extension of the lease term for five years. *Id.*

## II.    LEGAL STANDARD

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

### A.  Breach of Contract

Plaintiffs first allege that Defendants breached the lease agreement. As an initial matter, this Court will dismiss this claim against Smith, who is not a party to that agreement. Under

Maryland law, breach of contract requires a contractual obligation that the defendant owed the plaintiff and a breach of that obligation by the defendant. *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001).

First, Plaintiffs allege that Defendants' conduct breached the implied covenant of quiet enjoyment. The covenant of quiet enjoyment, implied in all leases, prevents the landlord from interfering with the tenant's use and enjoyment of the premises for the purposes contemplated in the lease. *Bocchini v. Gorn Mgmt. Co.*, 69 Md. App. 1, 6–7 (1986); *see also* Md. Code Ann. Real Prop. § 2-115 ("[I]n a lease, unless the lease provides otherwise, there is an implied covenant by the lessor that the lessee shall quietly enjoy the land."). Absent actual or constructive eviction, a claim for breach of the covenant of quiet enjoyment requires that the landlord interferes with the tenant's enjoyment of the "essence of what the landlord is to provide." *Nationwide Mut. Ins. Co. v. Regency Furniture, Inc.*, 183 Md. App. 710, 734 (2009). In *Wright v. Willow Lake Apartments (MD) Owner, LLC*, 648 F. Supp. 3d 647, 668 (D. Md. 2023), the plaintiff sufficiently pled such a claim by alleging, in part, that other tenants, whose conduct was attributable to the landlord, "came up to her glass windows and looked inside repeatedly." Here, Plaintiffs have similarly alleged that an individual, Smith, whose conduct is attributable to their landlord,[1] frequently peered through the windows of their home. The complaint further alleges that Defendants installed cameras pointed toward the bedroom and living areas of the home. As in *Wright*, these allegations of repeated viewing of the interior of the home without permission sufficiently plead a claim for breach of the covenant of quiet enjoyment.

---

[1] Although neither party addresses whether Smith's conduct was attributable to Smith Farm Holdings, this Court may reasonably infer at this early stage that Smith, the principal or agent of Smith Farm Holdings, was acting as an agent of that landlord while engaging in conduct related to the leased premises.

Second, Plaintiffs allege that the disabling of the security gate and erection of the barbed wire fence created dangerous conditions violative of the implied warranty of habitability. The warranty of habitability, implied in all residential leases, guarantees that premises are free from conditions that constitute "a serious and substantial threat to the life, health, or safety of occupants." Md. Code Ann., Real Prop. §§ 8-211(c)(1); 8-212(a). This Court is not persuaded that the disabling of a security gate outside of the home, as opposed to a door to the home itself, or the erection of a barbed wire fence outside of the home creates "a serious and substantial threat" to life, health, or safety. Plaintiffs have failed to state a claim for breach of the implied warranty of habitability.

Accordingly, Plaintiffs may proceed on Count I only as to breach of the covenant of quiet enjoyment against Smith Farm Holdings.

## B. Intrusion Upon Seclusion

Intrusion upon seclusion is "the intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person." *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 163 (1986). This tort protects "the integrity and sanctity of physical areas a person would naturally consider private and off limits to uninvited, unwelcome, prying persons." *New Summit Assocs. Ltd P'ship v. Nistle*, 73 Md. App. 351, 360 (1987) (quoting *Cummings v. Walsh Constr. Co.*, 561 F. Supp. 872, 884 (S.D. Ga. 1983)). A person has the greatest expectation of privacy in his home. *Furman v. Sheppard*, 130 Md. App. 67, 74 (2000).

Plaintiffs allege that Defendants installed video cameras in the yard near the home and that the cameras were pointed toward Plaintiffs' bedroom and living areas and captured events in those areas. Plaintiffs thereby allege that Defendants positioned cameras in such a way that they could

capture events occurring inside a private place, Plaintiffs' home, and in one of the most private areas of the home, the bedroom. At this stage, these facts sufficiently plead that Defendants intentionally intruded on the privacy of Plaintiffs in a manner that would be highly offensive to a reasonable person.

Defendants' counterarguments are unavailing. Defendants argue that Plaintiffs cannot know what events any camera recorded without accessing such footage or knowing the zoom capabilities of the cameras involved. But Plaintiffs have alleged that Defendants had knowledge of specific events that occurred in the home, and, at this stage, this Court may reasonably infer that a camera pointed toward an area of a home would capture events occurring in that area of the home. Defendants further note that the cameras were located on their own property and that the filming of a private residence through a camera not located on the real property of the residence does not violate Maryland's criminal surveillance statute. The complaint does not allege on whose property the cameras were located, alleging only that that Defendants placed them in the yard near the house, but, regardless, conduct may violate a common law tort without also violating a criminal statute. At this stage, Count II may proceed.

### C. Nuisance

Private nuisance is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Exxon Mobil Corp. v. Albright*, 433 Md. 303, 408 (2013) (quoting *Wietzke v. Chesapeake Conf. Ass'n*, 421 Md. 355, 374 (2011)). Not every interference with the use and enjoyment of land constitutes nuisance; rather, a nuisance claim requires a plaintiff to show "an unreasonable and substantial interference with his or her use and enjoyment of his or her property, such that the injury is 'of such a character as to diminish materially the value of the property as a

dwelling.'" *Exxon Mobil*, 433 Md. at 408–09 (quoting *Washington Suburban Sanitary Comm'n v. CAE-Link Corp.*, 330 Md. 115, 143 (1993)).

Plaintiffs focus this claim on the allegedly "constant surveillance and noise from vehicles." Although this Court has located no Maryland cases concerning recording devices as a nuisance, it concludes that persistent recording of the bedroom and living areas of a home may constitute "a nontrespassory invasion of another's interest in the private use and enjoyment of land" and thus may constitute nuisance if causing an unreasonable and substantial interference. Similarly, noise may constitute nuisance "if it be of such a character as to be productive of actual physical discomfort and annoyance to persons of ordinary sensibilities." *Corbi v. Hendrickson*, 268 Md. 459, 464–65 (1973). At this stage, Plaintiffs have alleged that the surveillance and noise were sufficiently disruptive to state a claim for nuisance. Count III may therefore proceed.

### D. Trespass

To state a claim for trespass, a plaintiff must allege (1) interference with his possessory interest in his property, (2) through physical act or force against the property, and (3) done without his consent. *Mitchell v. Balt. Sun Co.*, 164 Md. App. 497, 508 (2005). Plaintiff's allegations that Smith frequently entered the curtilage, peered into windows, and attempted to open doors plausibly state these elements. Although Defendants characterize these allegations as insufficiently specific, Plaintiffs need not, at this stage, state the specific dates on which these allegedly frequent incursions occurred. Count IV will therefore proceed.

### E. Retaliatory Eviction

A residential landlord may not "[b]ring or threaten to bring an action for possession against a tenant" because of certain protected activity taken by the tenant or his agent, including making a good faith complaint regarding the lease to the landlord or filing a lawsuit against the landlord.

Md. Code Ann., Real Prop. § 8-208.1(a). Any such action by the landlord is not retaliatory, however, if it is taken more than six months after the tenant's protected activity. § 8-208.1(e). The complaint identifies two instances of alleged retaliatory eviction.

First, it alleges that Defendants retaliated against Plaintiffs for filing the claim relating to water access on the premises through a "request to cancel the Lease." ECF 25 ¶ 43. The complaint does not allege, however, when Defendants made a "request to cancel the Lease." Nor does the complaint provide any description of this request. Accordingly, this Court can determine neither whether the "request" involved the threat of an action for possession nor whether Defendants made it within six months of Plaintiffs bringing the claim for water access. Plaintiffs have therefore failed to state a retaliatory eviction claim as to these allegations.

Second, the complaint alleges that Defendants retaliated against Plaintiffs for sending the letter demanding removal of the cameras on June 10, 2024 by filing the Motion for Sanctions requesting cancellation of the lease on June 12, 2024. *Id.* ¶¶ 44–45. But Plaintiffs concede that the complaint erroneously alleged that their counsel sent the letter on June 10, 2024 and that, in fact, counsel sent that letter on December 23, 2024. *See* ECF 28 at 3 n.1. Thus, the allegedly retaliatory action taken on June 12 occurred before the allegedly protected activity on December 23. These allegations therefore fail to state a claim for retaliatory eviction.

Accordingly, Count V will be dismissed.

**F. Civil Conspiracy**

Count VI alleges civil conspiracy based on breach of the lease, and Count VII alleges civil conspiracy based on retaliatory eviction. Civil conspiracy requires "(1) a confederation of two or more persons by agreement or understanding; (2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal;

8

and (3) actual legal damage resulting to the plaintiff." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 154 (2007) (quoting *Van Royen v. Lacey*, 262 Md. 94, 97–98 (1971)). A civil conspiracy claim may not survive independent of other tortious injury. *Hale Trucks of Md., LLC v. Volvo Trucks N. Am., Inc.*, 224 F. Supp. 2d 1010, 1021 (D. Md. 2002). For that reason, such a claim may not be based on an injury in contract. *See id.* ("A civil conspiracy to breach a contract is not a viable claim."). Count VI, based on breach of the lease, therefore fails. Furthermore, because civil conspiracy depends on underlying tortious conduct, pleading such a claim requires adequately pleading the underlying tortious conduct. *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176, 198 (1995). Because Plaintiffs have failed to plead retaliatory eviction, they have failed to plead civil conspiracy to commit retaliatory eviction in Count VII.

### G. Injunctive Relief

Counts VIII–X are each a claim for "Permanent Injunction," seeking removal of the cameras, the barbed wire fencing, and the chains on the gate respectively. The Prayer for Relief section of the complaint requests this same relief. A request for injunctive relief does not constitute an independent cause of action. *Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 682 n.1 (D. Md. 2001). Counts VIII–X will therefore be dismissed, but Plaintiffs may still pursue this relief as to their surviving substantive claims.

### H. Reformation

Count XI is labeled "Declaratory Judgment and Equitable Relief (Extension of Lease Term)," and it seeks reformation of the lease to extend it for an additional five years from the date of judgment. A court may exercise its equitable powers to reform a contract to conform it to the intentions of the parties when a mutual mistake of fact has occurred or a mistake by one party was caused by fraud, duress, or other inequitable conduct by another party. *Flester v. Ohio Cas. Ins.*

*Co.*, 269 Md. 544, 556 (1973). The complaint alleges no mistake made in the formation of the lease and therefore supplies no basis for the lease's reformation. Accordingly, Count XI must be dismissed.

### I.  Punitive Damages

Finally, Defendants contend that Plaintiffs may not seek punitive damages. They first note that punitive damages are unavailable for breach of contract, *see Miller Bldg. Supply, Inc. v. Rosen*, 61 Md. App. 187, 194 (1985), a point Plaintiffs concede. As to the surviving tort claims, punitive damages are generally recoverable only when the defendant's conduct exhibited "evil motive, intent to injure, ill will, or fraud." *Ellerin v. Fairfax Sav., F.S.B.*, 337 Md. 216, 228–29 (1995). Plaintiff's allegations of continuous interference with their use of the premises, particularly the moving of the cameras closer to the home after Plaintiffs complained about them, raise a reasonable inference of ill will. This Court therefore will not dismiss the request for punitive damages at this stage, although Defendants may, of course, challenge it again in later phases of the case.

### IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, ECF 26, will be granted in part and denied in part. Count I will be dismissed as to Smith, and Counts V–XI will be dismissed as to both Defendants. A separate Order follows.


Dated: June 15, 2026                                                      /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge