**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| GK PARANDHAMAIA and JAN PARANDHAMAIA, | ) CIVIL ACTION |
| | ) |
| | ) No. 1:25-cv-02691-SAG |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **FILED ELECTRONICALLY** |
| | ) |
| SMITH FARM HOLDINGS, LLC and STEVEN G. SMITH, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Smith Farm Holdings, LLC ("Smith Farm Holdings") and Steven G. Smith ("Smith") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Answer to the First Amended Complaint (ECF 25) filed by Plaintiffs GK Parandhamaia and Jan Parandhamaia (collectively, "Plaintiffs"). This Answer is filed following the Court's Memorandum Opinion and Order dated June 15, 2026 (ECF 30 and ECF 31), which granted in part and denied in part Defendants' Motion to Dismiss (ECF 26).

Pursuant to the Court's June 15, 2026 Order (ECF 31), the following claims have been dismissed: (a) Count I Breach of Contract as against Smith individually; (b) the implied warranty of habitability theory under Count I as to Smith Farm Holdings; (c) Count V Retaliatory Eviction; (d) Count VI Civil Conspiracy (Breach of Lease); (e) Count VII Civil Conspiracy (Retaliatory Eviction); (f) Count VIII Permanent Injunction (Removal of Cameras); (g) Count IX Permanent Injunction Removal of Fencing; (h) Count X Permanent Injunction Removal of Chains on Security Gate; and (i) Count XI Declaratory Judgment and Equitable Relief (Extension of Lease Terms).

1

31619205.1

Defendants respond to Counts V through XI and the dismissed portion of Count I only to the extent necessary to preserve the record, and otherwise note that no response is required because those claims have been dismissed with prejudice by Order of this Court.

Unless expressly admitted herein, Defendants deny each and every allegation of the First Amended Complaint. Each denial is made upon information and belief after reasonable inquiry. Defendants respond to the specific paragraphs of the First Amended Complaint as follows:

## <u>RESPONSES TO SPECIFIC ALLEGATIONS</u>

### JURISDICTION AND VENUE

1.     The averments set forth in Paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is required, it is admitted that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332; admitted that the amount in controversy is alleged to exceed $75,000, exclusive of interest and costs, for jurisdictional purposes only and without conceding the merits of such claim; admitted that Plaintiffs are citizens of the State of Maryland; admitted that Smith Farm Holdings' members are citizens of states other than Maryland; and admitted that complete diversity of citizenship exists. It is denied that Smith is a citizen of Maryland.

2.     The averments set forth in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is required, same are admitted.

### PARTIES

3.     Admitted that Jan Parandhamaia is a female and the wife of GK Parandhamaia. It is denied that Plaintiffs reside at 2440 Bittinger Road, Swanton, Maryland 21561.  To the contrary, Plaintiffs reside at 5405 Glendale Road, Swanton, Maryland 21561.

4.     Admitted.

31619205.1

5.      Admitted that Smith is an individual and a member of Smith Farm Holdings and that he is a citizen of Florida.

## FACTUAL ALLEGATIONS

6.      Admitted that a Deed was executed on or about July 21, 2022 transferring the property at 2440 Bittinger Road, Swanton, Maryland to Smith Farm Holdings, LLC; admitted that the Deed was recorded at Book 2433, Page 115 of the Garrett County Land Records; admitted that Exhibit 1 is attached to the First Amended Complaint. Defendants refer to the Deed itself for its complete terms.

7.      Denied. Defendants deny that the September 16, 2022 re-recorded Deed (Book 2444, Page 9) contained unauthorized alterations or that any signatures were used without consent.

8.      Admitted that a residential Lease Agreement was executed on or about July 21, 2022.  It is denied that the Lease Agreement is attached to the First Amended Complaint as Exhibit 3. Rather, Exhibit 3 was a prior draft of the Lease Agreement and is not the operative Lease.

9.      Admitted that prior litigation in the Circuit Court for Garrett County resulted in a declaratory judgment regarding the parties' rights under the Lease, including Plaintiffs' right to use the house and curtilage as set forth therein. Defendants refer to the Circuit Court's Order for its full terms and deny any characterization inconsistent therewith.

10.     Denied.

11.     The averments set forth in Paragraph 11 and its subparts constitute conclusions of law to which no response is required.  To the extent a response is required, same denied. By way of further response, Defendants deny each and every allegation contained in Paragraph 11, including all subparts (a) through (f). Defendants specifically deny: frequent entries onto the curtilage for the purpose of harassment; peering into windows; attempting to open doors; installing

31619205.1

cameras directed at bedrooms or living areas; that any cameras have the capability to record private or intimate activities occurring within the home; relocating cameras after receipt of Plaintiffs' counsel's letter; failing to remove cameras; erecting barbed wire fencing to restrict Plaintiffs' use of the curtilage; and driving vehicles onto or near the property to intimidate or harass Plaintiffs.

12.     Denied. Defendants deny that Steven G. Smith attempted to forcibly enter the premises on October 5, 2024 or at any other time.

13.     Denied in part. Defendants deny the characterization of the Motion for Sanctions as "baseless" or as an attempt to evict Plaintiffs from the property. Admitted only that a Motion for Sanctions was filed in the prior state court litigation seeking termination of the Lease based on alleged breaches thereof.

14.     Its is admitted that Smith Farm Holding disabled its own entry gate.  It is denied that this was a "security gate" or that its disabling placed Plaintiffs in fear or at risk of harm or that same was intended by Defendants.

15.     Denied.  By way of further response, Plaintiffs possessed no right to use the entry gate.

16.     The averments set forth in Paragraph 16 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

17.     The averments set forth in Paragraph 17 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

18.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, emotional state, or mental condition and therefore deny the allegations of this paragraph. By way of further response, it is denied that Plaintiffs reside at the premises or use it for any purpose aside from storage.

31619205.1

19.     Denied. Defendants deny that any cameras have recorded or viewed Plaintiffs' private activities; deny knowledge of specific private events occurring inside the premises; and deny surveillance of Plaintiffs.  By way of further response, Defendants' knowledge of Plaintiffs residing at 5405 Glendale Road, Swanton, Maryland 21561, rather than 2440 Bittinger Road, is based on Defendants viewing Plaintiffs at their new residence, reviewing the deed to the new residence, and the lack of any indication that Plaintiffs reside at 2440 Bittinger Road or even regularly visit the property.

20.     The averments set forth in Paragraph 20 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.  By way of further response, Defendants deny actual malice, ill will, evil motive, or any intent to force Plaintiffs to abandon the Lease or vacate the premises.  By way of further response, Plaintiffs abandoned the Lease and vacated the premises long before any of the conduct alleged in the Complaint, which conduct is nevertheless explicitly denied.  This is further confirmed by Plaintiffs' purchase and move to their new residence at 5405 Glendale Road, Swanton, Maryland 21561 on or about September 14, 2023.

**<u>COUNT I</u>**

**BREACH OF CONTRACT**

*(Surviving as to Smith Farm Holdings, LLC only, and only on the covenant of quiet enjoyment theory; dismissed as to Steven G. Smith and as to the implied warranty of habitability theory)*

21.     Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

5

22.     The averments set forth in Paragraph 22 constitute conclusions of law to which no response is required.  To the extent a response is required, it is admitted that the Lease was a valid and enforceable contract between Plaintiffs and Smith Farm Holdings.   It is denied that Smith Farm Holding has breached the Lease in any way.  By way of further response, Plaintiffs have breached the Lease by, *inter alia,* failing to use the premises solely for residential purposes.  It is denied that any contract exists between Plaintiffs and Smith, individually. The Court's June 15, 2026 Order (ECF 31) dismissed Count I as to Smith because Smith is not a party to the Lease and owes no contractual duty to Plaintiffs.

23.     The averments set forth in Paragraph 23 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

24.     The averments set forth in Paragraph 24 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied. By way of further response, it is denied that Smith Farm Holding breached the covenant of quiet enjoyment. Likewise, it is denied that any breach of an implied warranty of habitability occurred; the Court's Memorandum Opinion (ECF 30) expressly rejected the implied warranty of habitability theory as inapplicable under the circumstances of this case. Defendants refer to the Lease for its complete terms any mischaracterization of same is denied.

25.     The averments set forth in Paragraph 25 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied. Defendants deny that Plaintiffs are entitled to any damages, whether compensatory, consequential, or punitive, arising from any alleged breach of contract. The Court's Memorandum Opinion further holds that punitive damages are unavailable for breach of contract under Maryland law.

31619205.1

## COUNT II

### INTRUSION UPON SECLUSION

26.     Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

27.     The averments set forth in Paragraph 27 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.  By way of further, response, Defendants deny that they intentionally intruded upon the solitude, seclusion, or private affairs of Plaintiffs, that they installed any cameras directed at Plaintiffs' bedroom, that any private activities were recorded, or that Defendants physically encroached on the leased premises.

28.     The averments set forth in Paragraph 28 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that they intentionally intruded upon the solitude, seclusion, or private affairs of Plaintiffs, that they engaged in any offensive conduct or that the cameras could capture activity inside the home.

29.     The averments set forth in Paragraph 29 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they engaged in any offensive, improper or illegal conduct.

30.     The averments set forth in Paragraph 30 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any damages, including punitive damages.

31619205.1

## COUNT III

### NUISANCE

31.    Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

32.    The averments set forth in Paragraph 32 and its subparts constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny each and every subpart of Paragraph 32. By way of further response, Defendants deny that any conduct constituted an unreasonable or substantial interference with Plaintiffs' use and enjoyment of the leased premises sufficient to constitute a private nuisance under Maryland law.

33.    The averments set forth in Paragraph 33 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

34.    The averments set forth in Paragraph 34 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that any conduct constituted an unreasonable or substantial interference with Plaintiffs' use and enjoyment of the leased premises sufficient to constitute a private nuisance under Maryland law

35.    The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any damages, including attorneys fees or punitive damages.

## COUNT IV

### TRESPASS TO LAND

36.    Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

37.    The averments set forth in Paragraph 37 constitute conclusions of law to which no

31619205.1

response is required. To the extent a response is required, same are denied. By way of further response, Defendants deny that any entry onto the curtilage or premises was unauthorized, unlawful, or without consent, license, or privilege. Specifically, Defendant Smith, as the principal of Defendant Smith Farm Holding, sought to access the home only on the day of a pre-planned and authorized inspection of the premises. Defendants deny that they engaged in any of the remaining alleged conduct.

38. The averments set forth in Paragraph 38 constitute conclusions of law to which no response is required. To the extent a response is required, same are denied.

39. The averments set forth in Paragraph 39 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any damages, including punitive damages.

## COUNT V

### RETALIATORY EVICTION

40-48. Count V has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 40 through 48.

## COUNT VI

### CIVIL CONSPIRACY (BREACH OF LEASE)

49-52. Count VI has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 49 through 52.

9

31619205.1

## COUNT VII

### CIVIL CONSPIRACY (RETALIATORY EVICTION)

53-56. Count VII has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 53 through 56.

## COUNT VIII

### PERMANENT INJUNCTION (REMOVAL OF CAMERAS)

57-61. Count VIII has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 57 through 61.

## COUNT IX

### PERMANENT INJUNCTION (REMOVAL OF FENCING FENCING)

62-67. Count IX has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 62 through 67.

## COUNT X

### PERMANENT INJUNCTION (REMOVAL OF CHAINS ON SECURITY GATE)

68-73. Count X has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants

31619205.1

incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 68 through 73.

## COUNT XI

## DECLARATORY JUDGMENT AND EQUITABLE RELIEF
## (EXTENSION OF LEASE TERM)

74-77. Count XI has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 74 through 77.

## GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation contained in the First Amended Complaint, whether express or implied, and demand strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any issue upon which it would otherwise rest with Plaintiffs, and without waiving any of the foregoing denials, Defendants assert the following affirmative and other defenses:

1.    **Failure to State a Claim.**

The First Amended Complaint, or portions thereof, fails to state a claim upon which relief can be granted as to any remaining theories beyond those expressly preserved and set forth by the Court's June 15, 2026 Memorandum Opinion and Order (ECF 30 and 31).

2.    **Res Judicata and Collateral Estoppel.**

Plaintiffs' claims, or portions thereof, are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel based on the prior state court litigation in the Circuit Court for

11

31619205.1

Garrett County, including the declaratory judgment action and the water access action, in which the parties' rights under the Lease and with respect to the property were previously adjudicated.

### 3.      Law of the Case and Partial Dismissal.

Count I as against Smith and Counts V through XI have been dismissed by the Court's June 15, 2026 Order (ECF 31). Any allegations of breach of the implied warranty of habitability under Count I have been rejected as a matter of law. These rulings constitute the law of the case, and Plaintiffs are barred from relitigating or reasserting those claims or theories.

### 4.      No Contractual Duty Owed by Smith.

Smith is not a party to the Lease and owes no contractual duty to Plaintiffs. This defense is preserved by the Court's dismissal of Count I as to Smith. Any remaining claims sounding in contract against Smith individually fail as a matter of law.

### 5.      No Breach of the Covenant of Quiet Enjoyment.

Defendants did not breach the implied covenant of quiet enjoyment. Any conduct alleged by Plaintiffs did not interfere with the "essence of what the landlord is to provide" and did not amount to an actual or constructive eviction. Plaintiffs have remained in possession of the leased premises at all relevant times although they have resided at 5405 Glendale Road, Swanton, Maryland 21561 prior to any of the conduct alleged in this action.

### 6.      No Actual or Constructive Eviction.

Plaintiffs have not been actually or constructively evicted from the leased premises. Plaintiffs have remained in continuous possession of same.  Any abandonment of the property was because they purchased a new residence located at 5405 Glendale Road, Swanton, Maryland 21561 on or about September 20, 2023, with the intent of residing at same well before any of the alleged

31619205.1

conduct set forth in the Amended Complaint, which is denied.   In any event, the alleged conduct does not rise to the level of constructive eviction under Maryland law.

### 7.      Consent, License, and Authorization.

To the extent Defendants entered upon any portion of the property, such entry was with Plaintiffs' consent, by license, or was expressly authorized by the terms of the Lease, which permits the landlord's entry for inspection, maintenance, and other lawful purposes.

### 8.      Justification and Privilege.

Any conduct alleged by Plaintiffs was lawful, justified, and privileged, including conduct occurring on Defendants' own real property, outside the curtilage, or in areas where Defendants retained rights of access and use.

### 9.      No Reasonable Expectation of Privacy Violated.

Any cameras or surveillance equipment were lawfully placed on Defendants' own property and did not capture private activities occurring within Plaintiffs' home, much less in a manner that would be highly offensive to a reasonable person. Plaintiffs had no reasonable expectation of privacy in exterior areas visible from Defendants' property, particularly where Plaintiffs were aware of the presence of the cameras.

### 10.     No Highly Offensive Intrusion.

Plaintiffs cannot establish that any alleged intrusion was "highly offensive to a reasonable person" as required to sustain a claim for intrusion upon seclusion under Maryland law.

### 11.     No Unreasonable or Substantial Interference (Nuisance).

The alleged conduct did not constitute an unreasonable or substantial interference with Plaintiffs' use and enjoyment of the leased premises sufficient to establish a claim of private nuisance.

31619205.1

**12.** **No Trespass.**

Any entry onto the curtilage or other portions of the property was with consent, by license, by privilege as landlord and/or property owner, or was otherwise authorized by the terms of the Lease or by operation of law. Defendants had a lawful right to be present on the property which Smith Farm Holdings owned.

**13.** **Failure to Mitigate Damages.**

Plaintiffs failed to take reasonable steps to mitigate their alleged damages, if any, and any recovery should be reduced accordingly.

**14.** **Comparative/Contributory Fault and Unclean Hands.**

Plaintiffs' own conduct contributed to or caused the conditions of which they complain. Plaintiffs come to this Court with unclean hands, and their claims are barred or reduced by the doctrines of comparative fault, contributory negligence, and/or unclean hands under Maryland law.

**15.** **Estoppel, Waiver, and Laches.**

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of estoppel, waiver, and/or laches based on Plaintiffs' conduct, delay, and acquiescence.

**16.** **Statute of Limitations.**

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations under Maryland law as to any conduct occurring outside the applicable limitations periods.

**17.** **Setoff and Recoupment.**

Defendants are entitled to setoff and/or recoupment for any amounts owed by Plaintiffs under the Lease Agreement, including but not limited to unpaid rent, late fees, or other charges.

31619205.1

**18.    Prior Material Breach.**

Plaintiffs materially breached the terms of the Lease, including by failing to use the premises solely for residential purposes, and, as such, they cannot maintain a claim for an alleged breach of the Lease against Smith Farm Holding.

**19.    No Proximate Causation.**

Defendants' alleged conduct was not the proximate cause of Plaintiffs' alleged damages, if any. Any damages claimed by Plaintiffs were caused by third parties, by Plaintiffs themselves, or by independent intervening causes.

**20.    Speculative and Unsupported Damages.**

Plaintiffs' claimed damages are speculative, conjectural, remote, and unsupported by competent evidence.

**21.    No Entitlement to Punitive Damages.**

Defendants did not act with actual malice, evil motive, intent to injure, or ill will as required to support an award of punitive damages under Maryland law. Additionally, punitive damages are unavailable for breach of contract under Maryland law.

**22.    No Entitlement to an Award of Attorneys' Fees**

No remaining claim gives rise to an award for attorneys' fees or expenses incurred by Plaintiffs in this or any other action related to the subject property.

**23.    Lawful Surveillance.**

To the extent Plaintiffs' claims are premised on Defendants' placement of cameras or surveillance equipment on their own property, such conduct constitutes lawful surveillance of one's own real property. Defendants are entitled to monitor their own property for security and property-protection purposes.

15

31619205.1

**24.** **Compliance with Applicable Statutes.**

Defendants have complied with all applicable statutes, including Maryland's criminal surveillance statute, and all other applicable provisions of Maryland law.

**25.** **Reservation of Rights.**

Defendants reserve the right to assert additional affirmative defenses and to amend or supplement this Answer and these defenses as discovery proceeds and additional facts are developed or as otherwise set forth in the applicable Rules of Civil Procedure, including Rule 15.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Smith Farm Holdings, LLC and Steven G. Smith respectfully request that this Court enter judgment in their favor and against Plaintiffs as follows:

a. Dismiss the First Amended Complaint with prejudice;

b. Enter judgment in favor of Defendants and against Plaintiffs on all remaining counts of the First Amended Complaint;

c. Deny all relief requested by Plaintiffs, including compensatory damages, punitive damages, injunctive relief, declaratory relief, and attorneys' fees and costs;

d. Award Defendants their costs of suit and reasonable attorneys' fees to the extent permitted by law or contract;

e. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

31619205.1

Dated: June 29, 2026

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Tracey B. Eberling*
Tracey B. Eberling (MD Fed. Bar ID 11393)
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd, Suite 300
Martinsburg, WV 25404
(O):  304.263.6991
tracey.eberling@steptoe-johnson.com


*/s/ Nicholas L. Fiske*
Nicholas L. Fiske*
Pennsylvania Bar No. 309696
nick.fiske@steptoe-johnson.com

Joseph R. Lewis III*
Pennsylvania Bar No. 328830
joseph.lewis@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
One PPG Place, Suite 3300
Pittsburgh, Pennsylvania 15222
Telephone: 412-504-8010
Fax: 412-504-8011
*Admitted Pro Hac Vice*

*Counsel for Defendants, Smith Farm
Holdings, LLC and Steven G. Smith*

17

31619205.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 29th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Adam Greivell, Esquire
5 Cornell Ave
Hagerstown, MD 21742
(240)528-8150
adam@gfirm.us


Arnold Phillips, Esquire
25254B Garrett Highway
McHenry, MD 21541
(301) 387-2800
afplaw@gmail.com


*/s/ Nicholas L. Fiske*
Nicholas L. Fiske
Pennsylvania Bar No. 309696

31619205.1