**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| GK PARANDHAMAIA and JAN PARANDHAMAIA, | ) CIVIL ACTION |
| | ) |
| | ) No. 1:25-cv-02691-SAG |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **FILED ELECTRONICALLY** |
| | ) |
| SMITH FARM HOLDINGS, LLC and STEVEN G. SMITH, | ) |
| | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants Smith Farm Holdings, LLC ("Smith Farm Holdings") and Steven G. Smith ("Smith") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Answer to the First Amended Complaint (ECF 25) filed by Plaintiffs GK Parandhamaia and Jan Parandhamaia (collectively, "Plaintiffs"). This Answer is filed following the Court's Memorandum Opinion and Order dated June 15, 2026 (ECF 30 and ECF 31), which granted in part and denied in part Defendants' Motion to Dismiss (ECF 26).

Pursuant to the Court's June 15, 2026 Order (ECF 31), the following claims have been dismissed: (a) Count I Breach of Contract as against Smith individually; (b) the implied warranty of habitability theory under Count I as to Smith Farm Holdings; (c) Count V Retaliatory Eviction; (d) Count VI Civil Conspiracy (Breach of Lease); (e) Count VII Civil Conspiracy (Retaliatory Eviction); (f) Count VIII Permanent Injunction (Removal of Cameras); (g) Count IX Permanent Injunction Removal of Fencing; (h) Count X Permanent Injunction Removal of Chains on Security Gate; and (i) Count XI Declaratory Judgment and Equitable Relief (Extension of Lease Terms).

31641113.2

Defendants respond to Counts V through XI and the dismissed portion of Count I only to the extent necessary to preserve the record, and otherwise note that no response is required because those claims have been dismissed with prejudice by Order of this Court.

Unless expressly admitted herein, Defendants deny each and every allegation of the First Amended Complaint. Each denial is made upon information and belief after reasonable inquiry. Defendants respond to the specific paragraphs of the First Amended Complaint as follows:

## <u>RESPONSES TO SPECIFIC ALLEGATIONS</u>

### JURISDICTION AND VENUE

1.      The averments set forth in Paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is required, it is admitted that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332; admitted that the amount in controversy is alleged to exceed $75,000, exclusive of interest and costs, for jurisdictional purposes only and without conceding the merits of such claim; admitted that Plaintiffs are citizens of the State of Maryland; admitted that Smith Farm Holdings' members are citizens of states other than Maryland; and admitted that complete diversity of citizenship exists. It is denied that Smith is a citizen of Maryland.

2.      The averments set forth in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is required, same are admitted.

### PARTIES

3.      Admitted that Jan Parandhamaia is a female and the wife of GK Parandhamaia. It is denied that Plaintiffs reside at 2440 Bittinger Road, Swanton, Maryland 21561.  To the contrary, Plaintiffs reside at 5405 Glendale Road, Swanton, Maryland 21561.

4.      Admitted.

2

5.      Admitted that Smith is an individual and a member of Smith Farm Holdings and that he is a citizen of Florida.

**FACTUAL ALLEGATIONS**

6.      Admitted that a Deed was executed on or about July 21, 2022 transferring the property at 2440 Bittinger Road, Swanton, Maryland to Smith Farm Holdings, LLC; admitted that the Deed was recorded at Book 2433, Page 115 of the Garrett County Land Records; admitted that Exhibit 1 is attached to the First Amended Complaint. Defendants refer to the Deed itself for its complete terms.

7.      Denied. Defendants deny that the September 16, 2022 re-recorded Deed (Book 2444, Page 9) contained unauthorized alterations or that any signatures were used without consent.

8.      Admitted that a residential Lease Agreement was executed on or about July 21, 2022.  It is denied that the Lease Agreement is attached to the First Amended Complaint as Exhibit 3. Rather, Exhibit 3 was a prior draft of the Lease Agreement and is not the operative Lease.

9.      Admitted that prior litigation in the Circuit Court for Garrett County resulted in a declaratory judgment regarding the parties' rights under the Lease, including Plaintiffs' right to use the house and curtilage as set forth therein. Defendants refer to the Circuit Court's Order for its full terms and deny any characterization inconsistent therewith.

10.      Denied.

11.      The averments set forth in Paragraph 11 and its subparts constitute conclusions of law to which no response is required.  To the extent a response is required, same denied. By way of further response, Defendants deny each and every allegation contained in Paragraph 11, including all subparts (a) through (f). Defendants specifically deny: frequent entries onto the curtilage for the purpose of harassment; peering into windows; attempting to open doors; installing

31641113.2

cameras directed at bedrooms or living areas; that any cameras have the capability to record private or intimate activities occurring within the home; relocating cameras after receipt of Plaintiffs' counsel's letter; failing to remove cameras; erecting barbed wire fencing to restrict Plaintiffs' use of the curtilage; and driving vehicles onto or near the property to intimidate or harass Plaintiffs.

12.     Denied. Defendants deny that Steven G. Smith attempted to forcibly enter the premises on October 5, 2024 or at any other time.

13.     Denied in part. Defendants deny the characterization of the Motion for Sanctions as "baseless" or as an attempt to evict Plaintiffs from the property. Admitted only that a Motion for Sanctions was filed in the prior state court litigation seeking termination of the Lease based on alleged breaches thereof.

14.     Its is admitted that Smith Farm Holding disabled its own entry gate.  It is denied that this was a "security gate" or that its disabling placed Plaintiffs in fear or at risk of harm or that same was intended by Defendants.

15.     Denied.  By way of further response, Plaintiffs possessed no right to use the entry gate.

16.     The averments set forth in Paragraph 16 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

17.     The averments set forth in Paragraph 17 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

18.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, emotional state, or mental condition and therefore deny the allegations of this paragraph. By way of further response, it is denied that Plaintiffs reside at the premises or use it for any purpose aside from storage.

31641113.2

19.     Denied. Defendants deny that any cameras have recorded or viewed Plaintiffs' private activities; deny knowledge of specific private events occurring inside the premises; and deny surveillance of Plaintiffs. By way of further response, Defendants' knowledge of Plaintiffs residing at 5405 Glendale Road, Swanton, Maryland 21561, rather than 2440 Bittinger Road, is based on Defendants viewing Plaintiffs at their new residence, reviewing the deed to the new residence, and the lack of any indication that Plaintiffs reside at 2440 Bittinger Road or even regularly visit the property.

20.     The averments set forth in Paragraph 20 constitute conclusions of law to which no response is required. To the extent a response is required, same are denied. By way of further response, Defendants deny actual malice, ill will, evil motive, or any intent to force Plaintiffs to abandon the Lease or vacate the premises. By way of further response, Plaintiffs abandoned the Lease and vacated the premises long before any of the conduct alleged in the Complaint, which conduct is nevertheless explicitly denied. This is further confirmed by Plaintiffs' purchase and move to their new residence at 5405 Glendale Road, Swanton, Maryland 21561 on or about September 14, 2023.

## COUNT I

### BREACH OF CONTRACT

*(Surviving as to Smith Farm Holdings, LLC only, and only on the covenant of quiet enjoyment theory; dismissed as to Steven G. Smith and as to the implied warranty of habitability theory)*

21.     Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

31641113.2

22.     The averments set forth in Paragraph 22 constitute conclusions of law to which no response is required.  To the extent a response is required, it is admitted that the Lease was a valid and enforceable contract between Plaintiffs and Smith Farm Holdings.   It is denied that Smith Farm Holding has breached the Lease in any way.  By way of further response, Plaintiffs have breached the Lease by, *inter alia,* failing to use the premises solely for residential purposes.  It is denied that any contract exists between Plaintiffs and Smith, individually. The Court's June 15, 2026 Order (ECF 31) dismissed Count I as to Smith because Smith is not a party to the Lease and owes no contractual duty to Plaintiffs.

23.     The averments set forth in Paragraph 23 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

24.     The averments set forth in Paragraph 24 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied. By way of further response, it is denied that Smith Farm Holding breached the covenant of quiet enjoyment. Likewise, it is denied that any breach of an implied warranty of habitability occurred; the Court's Memorandum Opinion (ECF 30) expressly rejected the implied warranty of habitability theory as inapplicable under the circumstances of this case. Defendants refer to the Lease for its complete terms any mischaracterization of same is denied.

25.     The averments set forth in Paragraph 25 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied. Defendants deny that Plaintiffs are entitled to any damages, whether compensatory, consequential, or punitive, arising from any alleged breach of contract. The Court's Memorandum Opinion further holds that punitive damages are unavailable for breach of contract under Maryland law.

31641113.2

## COUNT II

### INTRUSION UPON SECLUSION

26.     Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

27.     The averments set forth in Paragraph 27 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.  By way of further, response, Defendants deny that they intentionally intruded upon the solitude, seclusion, or private affairs of Plaintiffs, that they installed any cameras directed at Plaintiffs' bedroom, that any private activities were recorded, or that Defendants physically encroached on the leased premises.

28.     The averments set forth in Paragraph 28 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that they intentionally intruded upon the solitude, seclusion, or private affairs of Plaintiffs, that they engaged in any offensive conduct or that the cameras could capture activity inside the home.

29.     The averments set forth in Paragraph 29 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they engaged in any offensive, improper or illegal conduct.

30.     The averments set forth in Paragraph 30 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any damages, including punitive damages.

31641113.2

**COUNT III**

**NUISANCE**

31.     Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

32.     The averments set forth in Paragraph 32 and its subparts constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny each and every subpart of Paragraph 32. By way of further response, Defendants deny that any conduct constituted an unreasonable or substantial interference with Plaintiffs' use and enjoyment of the leased premises sufficient to constitute a private nuisance under Maryland law.

33.     The averments set forth in Paragraph 33 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

34.     The averments set forth in Paragraph 34 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that any conduct constituted an unreasonable or substantial interference with Plaintiffs' use and enjoyment of the leased premises sufficient to constitute a private nuisance under Maryland law

35.     The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any damages, including attorneys fees or punitive damages.

**COUNT IV**

**TRESPASS TO LAND**

36.     Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

37.     The averments set forth in Paragraph 37 constitute conclusions of law to which no

31641113.2

response is required.  To the extent a response is required, same are denied.  By way of further response, Defendants deny that any entry onto the curtilage or premises was unauthorized, unlawful, or without consent, license, or privilege.  Specifically, Defendant Smith, as the principal of Defendant Smith Farm Holding, sought to access the home only on the day of a pre-planned and authorized inspection of the premises.  Defendants deny that they engaged in any of the remaining alleged conduct.

38.     The averments set forth in Paragraph 38 constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

39.     The averments set forth in Paragraph 39 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any damages, including punitive damages.

**COUNT V**

**RETALIATORY EVICTION**

40-48.  Count V has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 40 through 48.

**COUNT VI**

**CIVIL CONSPIRACY (BREACH OF LEASE)**

49-52. Count VI has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 49 through 52.

31641113.2

## COUNT VII

### CIVIL CONSPIRACY (RETALIATORY EVICTION)

53-56.  Count VII has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 53 through 56.

## COUNT VIII

### PERMANENT INJUNCTION (REMOVAL OF CAMERAS)

57-61.  Count VIII has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 57 through 61.

## COUNT IX

### PERMANENT INJUNCTION (REMOVAL OF FENCING FENCING)

62-67.  Count IX has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 62 through 67.

## COUNT X

### PERMANENT INJUNCTION (REMOVAL OF CHAINS ON SECURITY GATE)

68-73.  Count X has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants

10

31641113.2

incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 68 through 73.

## COUNT XI

### DECLARATORY JUDGMENT AND EQUITABLE RELIEF
### (EXTENSION OF LEASE TERM)

74-77. Count XI has been dismissed in its entirety by the Court's Order dated June 15, 2026 (ECF 31). No response is required. To the extent a response is deemed required, Defendants incorporate by reference their responses to the foregoing paragraphs and deny each and every allegation contained in Paragraphs 74 through 77.

## GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation contained in the First Amended Complaint, whether express or implied, and demand strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any issue upon which it would otherwise rest with Plaintiffs, and without waiving any of the foregoing denials, Defendants assert the following affirmative and other defenses:

1.    **Failure to State a Claim.**

The First Amended Complaint, or portions thereof, fails to state a claim upon which relief can be granted as to any remaining theories beyond those expressly preserved and set forth by the Court's June 15, 2026 Memorandum Opinion and Order (ECF 30 and 31).

2.    **Res Judicata and Collateral Estoppel.**

Plaintiffs' claims, or portions thereof, are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel based on the prior state court litigation in the Circuit Court for

11

Garrett County, including the declaratory judgment action and the water access action, in which the parties' rights under the Lease and with respect to the property were previously adjudicated.

### 3.     Law of the Case and Partial Dismissal.

Count I as against Smith and Counts V through XI have been dismissed by the Court's June 15, 2026 Order (ECF 31). Any allegations of breach of the implied warranty of habitability under Count I have been rejected as a matter of law. These rulings constitute the law of the case, and Plaintiffs are barred from relitigating or reasserting those claims or theories.

### 4.     No Contractual Duty Owed by Smith.

Smith is not a party to the Lease and owes no contractual duty to Plaintiffs. This defense is preserved by the Court's dismissal of Count I as to Smith. Any remaining claims sounding in contract against Smith individually fail as a matter of law.

### 5.     No Breach of the Covenant of Quiet Enjoyment.

Defendants did not breach the implied covenant of quiet enjoyment. Any conduct alleged by Plaintiffs did not interfere with the "essence of what the landlord is to provide" and did not amount to an actual or constructive eviction. Plaintiffs have remained in possession of the leased premises at all relevant times although they have resided at 5405 Glendale Road, Swanton, Maryland 21561 prior to any of the conduct alleged in this action.

### 6.     No Actual or Constructive Eviction.

Plaintiffs have not been actually or constructively evicted from the leased premises. Plaintiffs have remained in continuous possession of same. Any abandonment of the property was because they purchased a new residence located at 5405 Glendale Road, Swanton, Maryland 21561 on or about September 20, 2023, with the intent of residing at same well before any of the alleged

12

31641113.2

conduct set forth in the Amended Complaint, which is denied.   In any event, the alleged conduct does not rise to the level of constructive eviction under Maryland law.

### 7. **Consent, License, and Authorization.**

To the extent Defendants entered upon any portion of the property, such entry was with Plaintiffs' consent, by license, or was expressly authorized by the terms of the Lease, which permits the landlord's entry for inspection, maintenance, and other lawful purposes.

### 8. **Justification and Privilege.**

Any conduct alleged by Plaintiffs was lawful, justified, and privileged, including conduct occurring on Defendants' own real property, outside the curtilage, or in areas where Defendants retained rights of access and use.

### 9. **No Reasonable Expectation of Privacy Violated.**

Any cameras or surveillance equipment were lawfully placed on Defendants' own property and did not capture private activities occurring within Plaintiffs' home, much less in a manner that would be highly offensive to a reasonable person. Plaintiffs had no reasonable expectation of privacy in exterior areas visible from Defendants' property, particularly where Plaintiffs were aware of the presence of the cameras.

### 10. **No Highly Offensive Intrusion.**

Plaintiffs cannot establish that any alleged intrusion was "highly offensive to a reasonable person" as required to sustain a claim for intrusion upon seclusion under Maryland law.

### 11. **No Unreasonable or Substantial Interference (Nuisance).**

The alleged conduct did not constitute an unreasonable or substantial interference with Plaintiffs' use and enjoyment of the leased premises sufficient to establish a claim of private nuisance.

31641113.2

**12.**     **No Trespass.**

Any entry onto the curtilage or other portions of the property was with consent, by license, by privilege as landlord and/or property owner, or was otherwise authorized by the terms of the Lease or by operation of law. Defendants had a lawful right to be present on the property which Smith Farm Holdings owned.

**13.**     **Failure to Mitigate Damages.**

Plaintiffs failed to take reasonable steps to mitigate their alleged damages, if any, and any recovery should be reduced accordingly.

**14.**     **Comparative/Contributory Fault and Unclean Hands.**

Plaintiffs' own conduct contributed to or caused the conditions of which they complain. Plaintiffs come to this Court with unclean hands, and their claims are barred or reduced by the doctrines of comparative fault, contributory negligence, and/or unclean hands under Maryland law.

**15.**     **Estoppel, Waiver, and Laches.**

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of estoppel, waiver, and/or laches based on Plaintiffs' conduct, delay, and acquiescence.

**16.**     **Statute of Limitations.**

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations under Maryland law as to any conduct occurring outside the applicable limitations periods.

**17.**     **Setoff and Recoupment.**

Defendants are entitled to setoff and/or recoupment for any amounts owed by Plaintiffs under the Lease Agreement, including but not limited to unpaid rent, late fees, or other charges.

31641113.2

**18.** **Prior Material Breach.**

Plaintiffs materially breached the terms of the Lease, including by failing to use the premises solely for residential purposes, and, as such, they cannot maintain a claim for an alleged breach of the Lease against Smith Farm Holding.

**19.** **No Proximate Causation.**

Defendants' alleged conduct was not the proximate cause of Plaintiffs' alleged damages, if any. Any damages claimed by Plaintiffs were caused by third parties, by Plaintiffs themselves, or by independent intervening causes.

**20.** **Speculative and Unsupported Damages.**

Plaintiffs' claimed damages are speculative, conjectural, remote, and unsupported by competent evidence.

**21.** **No Entitlement to Punitive Damages.**

Defendants did not act with actual malice, evil motive, intent to injure, or ill will as required to support an award of punitive damages under Maryland law. Additionally, punitive damages are unavailable for breach of contract under Maryland law.

**22.** **No Entitlement to an Award of Attorneys' Fees**

No remaining claim gives rise to an award for attorneys' fees or expenses incurred by Plaintiffs in this or any other action related to the subject property.

**23.** **Lawful Surveillance.**

To the extent Plaintiffs' claims are premised on Defendants' placement of cameras or surveillance equipment on their own property, such conduct constitutes lawful surveillance of one's own real property. Defendants are entitled to monitor their own property for security and property-protection purposes.

31641113.2

24. **Compliance with Applicable Statutes.**

Defendants have complied with all applicable statutes, including Maryland's criminal surveillance statute, and all other applicable provisions of Maryland law.

25. **Reservation of Rights.**

Defendants reserve the right to assert additional affirmative defenses and to amend or supplement this Answer and these defenses as discovery proceeds and additional facts are developed or as otherwise set forth in the applicable Rules of Civil Procedure, including Rule 15.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Smith Farm Holdings, LLC and Steven G. Smith respectfully request that this Court enter judgment in their favor and against Plaintiffs as follows:

a. Dismiss the First Amended Complaint with prejudice;

b. Enter judgment in favor of Defendants and against Plaintiffs on all remaining counts of the First Amended Complaint;

c. Deny all relief requested by Plaintiffs, including compensatory damages, punitive damages, injunctive relief, declaratory relief, and attorneys' fees and costs;

d. Award Defendants their costs of suit and reasonable attorneys' fees to the extent permitted by law or contract;

e. Grant such other and further relief as the Court deems just and proper.

**COUNTERCLAIMS**

Counterclaim Plaintiffs Smith Farm Holdings and Smith (collectively, "Counterclaim Plaintiffs"), by and through their undersigned counsel, and without waiving any of the foregoing denials, admissions, or affirmative and other defenses, hereby assert the following Counterclaims against Plaintiffs (collectively "Counterclaim Defendants"), and allege as follows:

16

31641113.2

## INTRODUCTION

1.    This entire action stems from Smith Farm Holdings' purchase of the real property located at 2440 Bittinger Road ("2440 Bittinger Road") and 2714 Bittinger Road ("2714 Bittinger Road"), Swanton, Garrett County, Maryland (collectively, the "Properties") and which consisted of several parcels of land comprising of 166-acres near Deep Creek Lake.  The Properties had been in Counterclaim Defendant, Jan Parandahamia's, family for generations and she, in fact, grew up in the small cabin located at 2440 Bittinger Road.  After circumstances required that Counterclaim Defendants to sell the Properties to Smith Farm Holdings, the couple immediately regretted the sale and embarked on a years-long crusade to make Smith Farm Holdings' ownership of the Properties so toxic and untenable that the company would simply hand the Properties back to the Parandhamaias.  In this regard, the Parandhamaias' actions included making baseless demands of Smith Farm Holdings as the buyer and their ultimate landlord, repeatedly filing criminal actions against Smith Farm Holdings' principal Smith, filing or threatening to file multiple civil actions against Smith Farm Holdings and Smith and otherwise antagonizing and terrorizing Smith and his family with the express stated purpose of re-acquiring the Properties, relief which could not actually be granted in any litigation the Parandhamaias pursued.  Notably, this conduct occurred principally after the Parandhamaias engaged in the process of purchasing and ultimately closing on a new residence a short distance away from the Properties, where they have been living for almost three years and, as such, *the couple has not lived at the Premises for almost three years*. This suit is just the latest in a pattern of baseless harassment from Counterclaim Defendants toward Smith, his company and his family.

## PARTIES, JURISDICTION, AND VENUE

17

31641113.2

2.      Counterclaim Plaintiff Smith Farm Holdings is a limited liability company and is the record owner of the real property located at 2440 Bittinger Road and 2714 Bittinger Road, Swanton, Garrett County, Maryland (i.e., the Properties).  Smith Farm Holdings is a citizen of Florida.

3.      Counterclaim Plaintiff Smith is an individual, a citizen of Florida and is the principal and a member of Smith Farm Holdings.

4.      Counterclaim Defendants GK Parandhamaia and Jan Parandhamaia are adult individuals, citizens of Maryland, and the prior owners of the Properties. Jan Parandhamaia is the wife of GK Parandhamaia.

5.      Counterclaim Defendants reside at 5405 Glendale Road, Swanton, Maryland 21561.

6.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs, and pursuant to 28 U.S.C. § 1367, because these Counterclaims arise out of the same transaction, occurrence, and course of dealing that are the subject of the First Amended Complaint.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to these Counterclaims occurred in Garrett County, Maryland, which is within the Northern Division of this District.

## FACTS COMMON TO ALL COUNTERCLAIMS

8.      On or about July 21, 2022, the Parandhamaias sold the Properties to Smith Farm Holdings for approximately $1.3 million in an arms-length transaction in which both sides were represented by counsel and real estate agents.

18

31641113.2

9.      As part of the transaction, Smith Farm Holdings agreed to lease back to the Parandhamaias the house and garage located at 2440 Bittinger Road (the "Premises") for a term of five years at a total rent of $5.00 ($1.00 per year) pursuant to a residential Lease Agreement dated July 21, 2022 (the "Lease").  A true and correct copy of the Lease is attached hereto as Exhibit A.

10.     The Properties had been in Jan Parandhamaia's family for generations and she had, in fact, grown up in the Premises at 2440 Bittinger Road.  Accordingly, Smith, via the Lease through Smith Farm Holdings, wanted to honor that history with the Properties and allow the Parandhamaias continued use of the Premises and learn from them about the Properties' history and operations.

11.     Indeed, the sales agreement for the Properties included a general addendum whereby, in exchange for the Lease and $1.00 a year rent, the Parandhamaias agreed to remain reasonably available to provide advice on the historic operation and maintenance of the Properties, as it was Smith Farm Holdings' goal to preserve and continue such historic use.

12.     Unbeknownst to Smith and Smith Farm Holdings at the time (and prior to the purchase of the Properties), based upon information and belief; following the death of Jan Parandhamaia's parents, Counterclaim Defendants intended to subdivide the Properties and either sell said parcels or build homes on the parcels and then sell the homes and attendant land.

13.     However, Counterclaim Defendants were required to purchase a large parcel of the Properties from Jan Parandhamaia's brother and sister-in-law.  After the purchase, Counterclaim Defendants learned that this parcel carried a covenant requiring that it be used only for farmland, otherwise Counterclaim Defendants would incur significant tax liability.  Accordingly, Counterclaim Defendants sued Jan Parandhamaia's own brother and sister-in-law over the sale.

31641113.2

14.    Further, Counterclaim Defendants had previously built a spec home on another adjacent parcel of land located at 2438 Bittinger Road ("2438 Bittinger Road"), Swanton, Garrett County, Maryland, and which had previously been a party of the large plot owned by Jan Parandhamaia's family. After running out of money and now unable to sell or develop the remaining parcels, Counterclaim Defendants sold 2438 Bittinger Road in or about November 2021. The Counterclaim Defendants were then forced to place the Properties for sale.

15.    Notably, and shortly before placing the Properties for sale, Counterclaim Defendants were required to replace a well located at 2438 Bittinger Road to ensure that its new owners had water servicing the house located at same.

16.    Smith Farm Holdings then purchased the Properties in July 2022, approximately a year after they were listed for sale.

17.    Immediately after selling the Properties, the Parandhamaias regretted the sale.

18.    Rather than accept the sale, the Parandhamaias embarked on a course of conduct intended to make Smith Farm Holdings' ownership of the Properties so costly, antagonistic, and toxic that Smith Farm Holdings would return the Properties to them.

19.    This course of conduct began almost immediately when Smith and his family invited the Parandhamaias over for dinner after Smith Farm Holdings took possession of the Properties so that the families could meet and Smith and his family could learn about the historic property and seek advice about the operation of the farm. The Parandhamaias refused and Jan Parandhamaia slammed the door shut in Smith's face.

20.    Shortly thereafter, Smith further discovered the Parandhamaias stealing priceless vintage lumber from the Properties.

31641113.2

21.     This course of conduct further included trespassing on 2714 Bittinger Road and accessing and utilizing portions of 2440 Bittinger Road that the Parandhamaias did not have access or use of pursuant to the Lease (including destroying several acres at 2440 Bittinger Road by farming and planting potatoes), despite repeated requests from Smith Farm Holdings and Smith that the Parandhamaias cease this conduct.

22.     The Parandhamaias also began to use the legal system as yet another front in their campaign against Smith Farm Holdings and Smith and his family by repeatedly filing criminal charges against Smith for accessing his own properties, filing and prolonging multiple civil lawsuits, and threatening additional lawsuits that lacked any basis in law or fact.

23.     On October 21, 2022, the Parandhamaias instituted a rent escrow action against Smith Farm Holdings in the District Court of Maryland for Garrett County, Case No. D-122-CV-22-007273, which Smith Farm Holdings thereafter appealed de novo to the Circuit Court for Garrett County at Case No. C-11-CV-22-000109 (the "Rent Escrow Action"). The Rent Escrow Action stemmed from the Parandhamaias claim that they were not required to pay rent (again at $1 per year) as the well serving the home at 2440 Bittinger Road allegedly lacked sufficient water and needed to be replaced, despite that fact that immediately before the suit the Parandhamaias had been in possession of the Premises and knew that the well at 2438 Bittinger Road (which they owned until mere months before the suit and which was only a few hundred yards away from the well at 2440 Bittinger Road) needed to be replaced.

24.     Indeed, and based upon information and belief, *after* the sale of 2438 Bittinger Road and prior to Smith Farm Holdings' purchase of the Properties, the Parandhamaias undertook efforts to resolve the purported well issue at 2438 Bittinger Road and knew that there were alleged issues with the well at 2440 Bittinger Road, both of which were on adjacent properties.

21

25.     Nevertheless, as part of the pattern of using the law as a tool harassment, the Parandhamaias demanded that Smith Farm Holdings, as landlord for 2440 Bittinger Road, expend money to place a new well on the property.

26.     In turn, and on April 13, 2023, the Parandhamaias instituted a second civil action against Smith Farm Holdings in the Circuit Court for Garrett County, Case No. C-11-CV-23-000070, demanding that Smith Farm Holdings drill a new well and seeking damages for the purported lack of water at 2440 Bittinger Road (the "Damages Action").  Such damages allegedly included, "the difference between the fair rental value" of the Premises "and the actual value they received in a home without water" plus other expenses incurred as a result of the alleged lack of water.

27.     On or about June 16, 2023, Smith Farm Holdings, through counsel, sent a letter to the Parandhamaias' counsel explaining that the Parandhamaias were violating the Lease by farming portions of, and storing equipment on, multiple acres of the 2440 Bittinger Road property, and demanding that they confine their use to the house and garage.

28.     Rather than comply, Jan Parandhamaia began filing a series of criminal complaints against Smith, alleging that he committed a trespass by accessing land at 2440 Bittinger Road—property owned by Smith Farm Holdings—and that he was harassing her by, among other things, posting "No Trespassing" signs on the Properties owned by Smith Farm Holdings.

29.     On or about July 5, 2023, Jan Parandhamaia instituted criminal charges against Smith and obtained an ex parte Temporary Peace Order directing that Smith could not access 2440 Bittinger, which was owned by his own company. The peace order proceeding was docketed in the District Court of Maryland for Garrett County at Case No. DS-122-CV-23-818665 and the criminal charges were filed at DS-122-CR-23-000274.

31641113.2

30.     Smith was served with the criminal charges and a Temporary Peace Order on or about July 8, 2023 and in front of his family (including his wife Alyssa and their children) and his guests.

31.     Hearings regarding continuation of the Temporary Peace Order were held on July 12 and July 20, 2023. Following those hearings, and on or about July 25, 2023, the Temporary Peace Order was dissolved, no Permanent Peace Order was issued, and the criminal charges against Smith were dismissed.

32.     On or about the very day the criminal charges were dismissed, Jan Parandhamaia removed and stole a security camera belonging to Smith Farm Holdings from the Properties, and thereafter continued to file criminal charges against Smith arising from his access to the Properties owned by Smith Farm Holdings.

33.     Notably, Smith placed cameras on the portion of the Properties over which Smith Farm Holdings retained physical possession (i.e. not on or in the Premises leased by the Parandhamaias) in order to protect the Properties and himself and his family from the Parandhamaias' ongoing improper conduct, including trespassing on the property owned by Smith Farm Holdings, farming several acres of the land, and otherwise harassing Smith and his family on the Properties.  At no time could these cameras view the inside of the Premises, nor where they placed for any reason other than the protection of Smith Farm Properties' own property.

34.     These subsequent efforts included Jan Parandhamaia filing additional criminal charges and a demand for a second Peace Order on or about August 22, 2023 at dockets D-122-CR-23-00033 and D-122-CV-23-821744, respectively, and again stemming from Smith utilizing the properties owned by his owned company, Smith Farm Holdings.

35. This second petition for a Peace Order was ultimately dismissed on or about September 21, 2023 and the criminal charges were dismissed on or about October 18, 2023.

36. No permanent Peace Order or criminal conviction was ever obtained against Smith as a result of Jan Parandhamaia's serial criminal filings.

37. At all relevant times, Smith Farm Holdings owned the entirety of 2440 Bittinger Road and 2714 Bittinger Road, and Smith, as its principal, had a lawful right to be present on the Properties. The Parandhamaias filed at least two criminal complaints against Smith notwithstanding that Smith Farm Holdings owned the land he was accused of entering.

38. As a result of the criminal filings, Smith was repeatedly served with criminal charges by the Garrett County Sheriff and in front of his family and guests, events which caused great stress to Smith, his wife Alyssa, the guests and their children.

39. At or about this same time, Jan Parandhamaia confronted Smiths' wife, Alyssa Smith, on the Properties and raged about her various perceived issues with Smith and the Properties on multiple occasions. Alyssa Smith was reduced to tears and significantly shaken as a result of these hostile and intimidating encounters.

40. Not satisfied with these actions and the results of same, Jan Parandhamaia repeatedly:

    a. Blocked Smith and his family's use of the driveway owned by and located on Smith Farm Holdings' property;

    b. Screamed and swore at Smith and his family from her vehicle or the Premises; and

    c. Monitored the Smith family's use of their own property.

41. On August 23, 2023, Smith Farm Holdings filed a Counterclaim and an Application for a Temporary Restraining Order and Preliminary Injunction arising out of the Parandhamaias'

trespass on, and destruction of, portions of the Properties that they were not entitled to access under the Lease, as set forth above.

42.    The Parandhamaias' two actions (i.e., the Rent Escrow Action and the Damages Action) and Smith Farm Holdings' Counterclaim and request for TRO were consolidated for trial, which was held in the Circuit Court for Garrett County Maryland on September 5 and October 4, 2023.

43.    The Parandhamaias' principal complaint during trial was that they simply regretted selling the Properties, and specifically the 2440 Bittinger Road parcel, to Smith Farm Holdings and wished they had retained it as it was the home that Plaintiff, Jan Parandhamaia, grew up in and she was emotionally attached to same. (*See* Trial Transcript, pp. 30-32, 123-124, attached hereto as Exhibit B).

44.    Further, and unbeknownst to Smith Farm Holdings, Smith and the Circuit Court at the time, the Parandhamaias had purchased a new residence approximately 3.5 miles away at 5405 Glendale Road, Swanton, Maryland 21561 ("5405 Glendale") on or about September 14, 2023—during the trial—and did not disclose that fact to the Circuit Court, instead representing that they resided at, and could not find alternatives to, the Premises in light of the alleged issues with the well.  A true and correct copy of the deed evidencing the sale is attached hereto as Exhibit C.

45.    The Parandhamaias moved into 5405 Glendale and utilized it as their residence shortly thereafter.

46.    Upon information and belief, in 2024 the Parandhamaias also made repeated complaints to the Garrett County Road Department regarding perceived water flow issues from the road and demanded that drainage ravines be installed at the County's expense (which did occur) so that the couple could expand their ongoing landscaping and other property improvement efforts

25

31641113.2

at their new home – confirming both that the Parandhamaias, in fact, resided at 5405 Glendale since at least 2024 and that the Parandhamaias will stop at nothing to get what that want from anyone.

47. On October 13, 2023, following trial, On October 13, 2023, this Court issued its Declaratory Judgment and Order and Memorandum Opinion (collectively, the "Circuit Court Order"), finding that Smith Farm Holdings was required to take steps to ensure that the Parandhamaias had access to water at 2440 Bittinger Road and that the property rented to the Parandhamaias pursuant to the Lease is "limited to the house and garage and the curtilage area immediately surrounding the house" and that Plaintiffs "are not entitled to any other access, beyond the house and garage, other than for use of the driveway."

48. The Court did not award damages to any party in connection with the consolidated claims.

49. Smith Farm Holdings subsequently had a new well drilled at 2440 Bittinger Road to ensure the Premises had access to water, despite the fact that *the Parandhamaias no longer resided there.*

50. On or about November 12, 2023, the Parandhamaias appealed the October 13, 2023 Order to the Appellate Court of Maryland, asserting positions that were directly contradicted by their own trial testimony and the undisputed record, and for which they failed to cite any supporting law. Notably, the Parandhamaias asserted that their claims for damages, only, should be reopened in the trial court despite previously agreeing that the Trial Judge should handle all pending issues at trial.

51. On or about November 6, 2023, and just a week prior to filing the appeal, the Parandhamaias threatened to file an "Amended Complaint" in the damages action seeking to

31641113.2

invalidate the sale of the Properties and to assert claims for "perjury" and malicious prosecution against Smith personally, with a demand for punitive damages of $2,750,000.00, unless Smith Farm Holdings agreed to return 2440 Bittinger Road to the Parandhamaias.

52.     On November 8, 2023, counsel for Smith Farm Holdings and Smith subsequently advised counsel for the Parandhamaias that the facts and legal claims asserted in the "Amended Complaint" had no basis in reality and in fact were contradicted by the Parandhamaias' own testimony less than a month earlier and/or were precluded by the Circuit Court Order. Further, counsel for Smith Farm Holdings and Smith stated that there would not be any resolution in which Smith Farm Holdings returned any portion of the Properties, including 2440 Bittinger, to the Parandhamaias.

53.     Four days later, the Parandhamaias filed their appeal to the Circuit Court Order.

54.     Notably, and immediately following argument on the appeal, the Parandhamaias' counsel acknowledged that the Parandhamaias were being charged on an hourly basis, were "flush with cash" paid to them by Smith Farm Holdings, regretted selling the property, and that counsel could "drag the appeal process out for years," even beyond the term of the Lease.

55.     On March 13, 2025, after forcing Smith Farm Holdings to expend substantial time and money defending the appeal for nearly a year and a half, the Parandhamaias voluntarily dismissed the appeal without notice, comment, or explanation, and the Appellate Court of Maryland entered its mandate dismissing the appeal on March 17, 2025.

56.     On March, 18, 2025, counsel for Smith Farm Holdings/Smith spoke with counsel for the Parandhamaias who indicated that they were dismissing the appeal as they planned to file a new civil action against Smith Farm Holdings/Smith unless they agreed to return the Properties to the Parandhamaias.

31641113.2

57.     After Smith Farm Holdings and Smith, again, confirmed that they would not return the Properties to the Parandhamaias, they filed the instant suit on May 29, 2025.

58.     The Parandhamaias are serial abusers of the legal system, having previously sued Jan Parandhamaia's own brother in connection with their purchase of a portion of the Properties, *see Parandhamaia v. Fitzwater*, Case No. C-11-CV-19-000026 (Garrett Cty. 2019) and having pursued repeated actual and threatened civil and criminal proceedings against Smith Farm Holdings and Smith in the years following the sale.

59.     Following the Circuit Court's Order, the Parandhamaias continued to trespass upon the Properties beyond the Premises and used their nominal presence on the Premises solely to antagonize Smith Farm Holdings (and the Smith family) in an effort interfere with its use and enjoyment of its own property.

60.     The civil actions, criminal charges, peace order proceedings, and appeal instituted and continued by the Parandhamaias were not brought to vindicate any legitimate legal right, but rather to harass and intimidate Smith Farm Holdings and Smith and to coerce Smith Farm Holdings into returning the Properties, relief which they could not obtain in any proceeding actually filed, threatened, real or imagined.

61.     As a result of the stress of the repeated legal filings, criminal charges, and the Parandhamaias' antagonistic conduct towards the Smith and his family, they have suffered significant physical and emotional injuries and avoided using the Properties or leaving their home on same when they are present.

62.     Smith's injuries include, but are not limited to, extreme emotional distress, stress, anxiety, lack of ability to focus, damage to reputation, and damage to relationships.

31641113.2

63.    Further, Smith Farm Holdings and Smith have incurred significant financial damages as a result of this conduct, including but not limited to:

a.    Attorneys' fees and expenses in excess of $150,000.00;

b.    Replacement of the well at 2440 Bittinger Road at a cost of over $20,000;

c.    Cost of medical treatment and/or medications; and

d.    Additional costs and expenses incurred in defending against the Parandhamaias unending litigation, including the sale of assets and lost business opportunities to fund the defense of same.

## COUNTERCLAIM COUNT I

### ABUSE OF PROCESS

*(Smith Farm Holdings, LLC and Steven G. Smith v. GK Parandhamaia and Jan Parandhamaia)*

64.    Counterclaim Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

65.    To establish abuse of process under Maryland law, a claimant must show that (a) the opposing party willfully used process after it had issued in a manner not contemplated by law; (b) the opposing party acted to accomplish a purpose for which the process was not designed; and (c) the claimant suffered damages as a result.

66.    The Parandhamaias willfully used the process of the courts—including the proceedings in the Rent Escrow and Damages Actions, the peace order proceedings, Sheriff service of the criminal charges and peace order against Smith, and the appeal—after such process issued, and perverted that process to accomplish an ulterior purpose for which it was not designed: to coerce Smith Farm Holdings into returning the Properties that the Parandhamaias had voluntarily sold.

67.     Notably, the return of the Properties was and is not appropriate relief for any action that the Parandhamaias have brought or could have brought against Smith Farm Holdings and/or Smith.

68.     The Parandhamaias' ulterior purpose is confirmed by, among other things, their repeated demands that Smith Farm Holdings return 2440 Bittinger Road and the Properties collectively as a condition of ceasing or resolving the proceedings, their threat to assert a $2,750,000.00 punitive damages claim unless the property was returned, and their counsel's statements that they could and would prolong the litigation for years and seek to extend the term of the lease to pressure Smith Farm Holdings.

69.     The Parandhamaias' conduct caused Smith Farm Holdings and Smith significant damages and injuries in an amount to be proven at trial, including but not limited to the deprivation of Smith Farm Holdings and Smith's right to access the Properties pursuant to the Temporary Peace Order and the Parandhamaias antagonistic actions as set forth at further length above, together with attorneys' fees and expenses incurred in defending proceedings the Parandhamaias ultimately abandoned or lost, injury to Smith personally, and other damages as set forth herein.

## COUNTERCLAIM COUNT II

## WRONGFUL INSTITUTION OF CIVIL PROCEEDINGS (MALICIOUS USE OF PROCESS)

*(Smith Farm Holdings, LLC and Steven G. Smith v. GK Parandhamaia and Jan Parandhamaia)*

70.     Counterclaim Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

71.     To establish the malicious use of civil process under Maryland law, a claimant must show that (a) the opposing party instituted a prior civil proceeding; (b) without probable cause; (c)

31641113.2

with malice, or a primary purpose other than that for which the proceeding was designed; (d) the proceeding terminated in favor of the claimant; and (e) the claimant suffered special damages or injury.

72.    The Parandhamaias instituted and continued civil proceedings against Smith Farm Holdings and Smith, including the demands for Peace Orders, the Damages Action and the ensuing appeal to the Appellate Court of Maryland.

73.    The Parandhamaias lacked probable cause to institute and maintain those proceedings, which rested on positions directly contradicted by the agreements between the parties (including the Lease), their own trial testimony and the undisputed record and which were unsupported by any point of law, such that the Parandhamaias could not reasonably have believed their positions were supported by law or fact or would result in any material benefit to them.

74.    The Parandhamaias acted with malice, instituting and prolonging the proceedings not for any proper purpose but to harass and financially burden Smith Farm Holdings and Smith and to coerce them into returning the Properties, as reflected by their extortionate demands and their counsel's admissions.

75.    The proceedings terminated in favor of Smith Farm Holdings and Smith: the Circuit Court entered judgment consistent with Smith Farm Holdings and Smiths' position on October 13, 2023 and denying an award of damages to the Parandhamaias, and the Parandhamaias voluntarily dismissed their appeal on March 13, 2025, with the Appellate Court of Maryland entering its mandate of dismissal on March 17, 2025.  Further, no final Peace Order was issued against Smith.

76.    The Parandhamaias' conduct caused Smith Farm Holdings and Smith significant injuries and damages in an amount to be proven at trial, including but not limited to the deprivation of Smith Farm Holdings and Smith's right to access the Properties pursuant to the Temporary

31

31641113.2

Peace Order and the Parandhamaias antagonistic actions as set forth at further length above, together with attorneys' fees and expenses incurred in defending proceedings the Parandhamaias ultimately abandoned or lost, injury to Smith personally, and other damages as set forth herein.

## COUNTERCLAIM COUNT III

### WRONGFUL INSTITUTION OF CRIMINAL PROCEEDINGS (MALICIOUS PROSECUTION)

*(Steven G. Smith v. GK Parandhamaia and Jan Parandhamaia)*

77.     Counterclaim Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

78.     To establish malicious prosecution under Maryland law, a claimant must show that (a) a criminal proceeding was instituted or continued by the defendant against the claimant; (b) the proceeding terminated in favor of the claimant; (c) there was no probable cause for the proceeding; and (d) the defendant acted with malice, or with a primary purpose other than bringing the offender to justice.

79.     Jan Parandhamaia instituted and continued criminal proceedings against Smith, including applications for criminal charges alleging trespass and harassment and a related peace order proceeding, and GK Parandhamaia participated in and furthered that conduct.

80.     The criminal proceedings terminated in favor of Smith: the Temporary Peace Order was dissolved, no Permanent Peace Order was issued, and the criminal charges against Smith were dismissed.

81.     There was no probable cause for the criminal proceedings, because Smith Farm Holdings owned the entirety of 2440 Bittinger Road and 2714 Bittinger Road and Smith, as its principal, had a lawful right to be present on the Properties; the Parandhamaias thus had no good-

32

faith basis to charge Smith with trespassing on property owned by his own company or harassing Jan Parandhamaias as no such harassment existed.

82.    The Parandhamaias acted with malice and for a purpose other than bringing an offender to justice—namely, to harass Smith and to coerce Smith Farm Holdings into returning the Properties—as part of their broader campaign against Counterclaim Plaintiffs.

83.    The Parandhamaias' conduct caused Smith Farm Holdings and Smith significant injuries and damages in an amount to be proven at trial, including but not limited to the deprivation of Smith Farm Holdings and Smith's right to access the Properties pursuant to the Temporary Peace Order and the Parandhamaias antagonistic actions as set forth at further length above, together with attorneys' fees and expenses incurred in defending proceedings the Parandhamaias ultimately abandoned or lost, injury to Smith personally, and other damages as set forth herein.

## COUNTERCLAIM COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Steven G. Smith v. GK Parandhamaia and Jan Parandhamaia)*

84.    Counterclaim Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

85.    To establish intentional infliction of emotional distress under Maryland law, a claimant must show that (a) the defendant's conduct was intentional or reckless; (b) the conduct was extreme and outrageous; (c) there is a causal connection between the conduct and the emotional distress; and (d) the emotional distress was severe.

86.    The Parandhamaias engaged in intentional and reckless conduct directed at Smith, including but not limited to causing baseless criminal charges to be filed against Smith, obtaining an ex parte order barring him from his own company's Properties, repeatedly filing further criminal

33

31641113.2

charges, harassing Smith and his family, and threatening to prosecute him for "perjury" and to seek $2,750,000.00 in punitive damages unless the Properties were returned.

87.     This conduct, undertaken as part of a sustained, multi-year campaign to weaponize the civil and criminal justice systems against Smith in order to extort the return of property the Parandhamaias had voluntarily sold, was extreme and outrageous and exceeded all possible bounds of decency tolerated by a civilized community.

88.     The Parandhamaias' conduct was the direct and proximate cause of severe emotional distress to Smith, distress so severe that no reasonable person could be expected to endure it, including but not limited to extreme emotional distress, stress, anxiety, lack of ability to focus, damage to reputation, and damage to relationships.

89.     The Parandhamaias' conduct caused Smith significant injuries and damages in an amount to be proven at trial, including but not limited to the deprivation of Smith's right to access his own company's Properties pursuant to the Temporary Peace Order and the Parandhamaias antagonistic actions as set forth at further length above, together with attorneys' fees and expenses incurred in defending proceedings the Parandhamaias ultimately abandoned or lost, injury to Smith personally, and other damages as set forth herein.

## COUNTERCLAIM COUNT V

### CIVIL CONSPIRACY

*(Smith Farm Holdings, LLC and Steven G. Smith v. GK Parandhamaia and Jan Parandhamaia)*

90.     Counterclaim Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

91.     To establish civil conspiracy under Maryland law, a claimant must show (a) a combination or agreement between two or more persons; (b) to accomplish an unlawful act or to

34

31641113.2

use unlawful or tortious means to accomplish an act not in itself unlawful; (c) an overt tortious act in furtherance of the agreement; and (d) resulting damages.

92.     GK Parandhamaia and Jan Parandhamaia agreed and acted in concert to accomplish their shared objective of coercing Smith Farm Holdings into returning the Properties by means of the tortious conduct described above, including abuse of process, the malicious institution of civil proceedings, the malicious prosecution of Smith and intentional infliction of emotional distress.

93.     In furtherance of their agreement, the Parandhamaias committed overt tortious acts, including but not limited to the filing and prolonging of baseless civil proceedings, the filing of baseless criminal charges and a peace order petition against Smith, and the making of extortionate demands and threats, and the harassment of Smith and his family.

94.     The Parandhamaias' conduct caused Smith Farm Holdings and Smith significant injuries and damages in an amount to be proven at trial, including but not limited to the deprivation of Smith's right to access his own company's Properties pursuant to the Temporary Peace Order and the Parandhamaias antagonistic actions as set forth at further length above, together with attorneys' fees and expenses incurred in defending proceedings the Parandhamaias ultimately abandoned or lost, injury to Smith personally, and other damages as set forth herein.

## COUNTERCLAIM COUNT VI

### BREACH OF CONTRACT

*(Smith Farm Holdings, LLC v. GK Parandhamaia and Jan Parandhamaia)*

95.     Counterclaim Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

96.     The Lease is a valid and enforceable agreement between Smith Farm Holdings and the Parandhamaias.

35

31641113.2

97.     Smith Farm Holdings has satisfied its obligations under the Lease.

98.     The Parandhamaias have breached the Lease by failing to use the Premises solely for residential purposes and for otherwise failing to act in good faith under same.

99.     As set forth above, the Parandhamaias do not reside at the Premises at 2440 Bittinger and, as such, are not using the property for residential purposes but rather for storage of their belongings located in or at 2440 Bittinger Road.

100.    Accordingly, Smith Farm Holdings has suffered damage and losses as a result of these breaches in an amount to be proven at trial, including but not limited to, loss of value of the Premises, lost rental income, unpaid storage fees, personal injury to Smith, attorneys fees, costs and expenses, and all other damages recoverable at law or in equity.

## COUNTERCLAIM COUNT VII

## IMPROPER CLAIM FOR RETAILIATORY EVICTION

*(Smith Farm Holdings, LLC and Steven G. Smith v. GK Parandhamaia and Jan Parandhamaia)*

101.    Counterclaim Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

102.    Md. Code Ann., Real Prop. § 8-208.1 provides that "[i]f in any proceeding the court finds that a tenant's assertion of a retaliatory action was in bad faith or without substantial justification, the court may enter judgment against the tenant for damages not to exceed the equivalent of 3 months' rent, reasonable attorney fees, and court costs."

103.    As set forth above and at further length in this Court's Memorandum Opinion and Order dated June 15, 2026 (ECF 30 and ECF 31), which granted in part and denied in part Defendants' Motion to Dismiss (ECF 26), the Parandhamaias lacked a substantial justification to

31641113.2

assert a claim for retaliatory eviction against Smith Farm Holdings and Smith, the latter of which is not even their landlord.

104.    Moreover, and as set forth above, this claim was brought as part of the Parandhamaias constant and continued bad faith attempts to re-acquire the Premises.

105.    As a result of these actions, Smith Farm Holdings and Smith are entitled to recover three months rent and the attorneys' fees and costs incurred in defending against this baseless claim, which are substantial.

## PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Counterclaim Plaintiffs Smith Farm Holdings, LLC and Steven G. Smith respectfully request that this Court enter judgment in their favor and against Counterclaim Defendants GK Parandhamaia and Jan Parandhamaia, jointly and severally, as follows:

a.    Awarding compensatory damages in an amount to be proven at trial, but in excess of $75,000, exclusive of interest and costs;

b.    Awarding punitive damages in an amount sufficient to punish and deter the Counterclaim Defendants' malicious, willful, and outrageous conduct;

c.    Awarding Counterclaim Plaintiffs their reasonable attorneys' fees, costs, and expenses to the extent permitted by law;

d.    Awarding pre-judgment and post-judgment interest as permitted by law;

e.    Awarding Smith Farm Holdings three months rent under the Lease;

f.    Awarding all other damages recoverable at law or in equity;

g.    Declaring the Parandhamaias in violation of the Lease; and

h.    Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

31641113.2

Defendants hereby demand a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: July 6, 2026

Respectfully submitted,

STEPTOE & JOHNSON PLLC


/s/ Nicholas L. Fiske

Tracey B. Eberling (MD Fed. Bar ID 11393)
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd, Suite 300
Martinsburg, WV 25404
(O):  304.263.6991
tracey.eberling@steptoe-johnson.com

Nicholas L. Fiske*
Pennsylvania Bar No. 309696
nick.fiske@steptoe-johnson.com

Joseph R. Lewis III*
Pennsylvania Bar No. 328830
joseph.lewis@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
One PPG Place, Suite 3300
Pittsburgh, Pennsylvania 15222
Telephone: 412-504-8010
Fax: 412-504-8011
*Admitted Pro Hac Vice*

*Counsel for Defendants, Smith Farm Holdings, LLC and Steven G. Smith*

31641113.2

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 6th day of July, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Adam Greivell, Esquire
5 Cornell Ave
Hagerstown, MD 21742
(240)528-8150
adam@gfirm.us


Arnold Phillips, Esquire
25254B Garrett Highway
McHenry, MD 21541
(301) 387-2800
afplaw@gmail.com


/s/ Nicholas L. Fiske
Nicholas L. Fiske
Pennsylvania Bar No. 309696

31641113.2