# EXHIBIT
# A

dotloop signature verification: dltp.us/4137-TJSE-PXoU

## RESIDENTIAL LEASE AGREEMENT

THIS RESIDENTIAL LEASE AGREEMENT (this "Lease") is entered into the 21st day of July, 2022, by and between Smith Farm Holdings, LLC (the "Landlord"); and GK Parandhamaia and Jan A. Parandhamaia (the "Tenant").

The parties agree:                                    D-122-CV-22-007273

1. **Lease, Payment, and Additional Charges.**

   a.  The Landlord hereby leases to the Tenant and the Tenant hereby leases from the Landlord, premises (the house and garage)  known as **2440 Bittinger Road, Swanton, Maryland** (the "Premises").

   b.  The Tenant shall pay to the Landlord $ 1.00 each year ("Rent") on or before July 21st of each year, beginning July 21, 2022, and continuing for a total of **60 months** (the "Rent Due Date"). **Tenant shall as a component of the "Rent" also provide general maintenance for the Premises, pay all utilities, and perform all further obligations set forth herein.**

   c.  The Tenant shall pay Rent to the Landlord at **1570 Bonita Lane, Naples, FL** (or at such other place as the Landlord may from time to time designate) without diminution, deductions, or demand and said obligation to pay Rent is independent of any other clause herein.

2. **Term.**

   a.  Notwithstanding any provision herein to the contrary, this Lease is for a term of 60 months, beginning on July 21, 2022, and ending on July 20, 2027.

3. **Security Deposit. No Security Deposit is Required.**

4. **Possession.**

   The Landlord shall deliver possession on the commencement of the term of this Lease.

5. **Acceptance of Property.**

   a.  Delivered in compliance with law. The Landlord covenants that the Premises and all common areas are delivered in a clean, safe, and sanitary condition, free of rodents and vermin, in a habitable condition, and in complete compliance with all applicable law. The Tenant acknowledges that he/she has been given an opportunity to examine the Premises, that he/she has examined the Premises and found them to be in satisfactory condition. information only, and the Landlord is not be obligated to make any repairs.

6. **Uses/Authorized Occupant.**

   The Tenant shall use the Premises solely for residential purposes.

dotloop signature verification: dl.dloop.com/XXX

7. **Maintenance/Utilities**

   a.  The Tenant shall maintain the Premises in a clean, sanitary, and safe condition. The Tenant is responsible for all replacement of or repairs to any items damaged or destroyed by Tenant during Tenant's occupancy with regard to structural elements of the house and garage, and electrical, plumbing and heating systems. The Tenant shall pay utility charges and make all required deposits.

   

8. **Smoke Detectors.**

   a.  It is the responsibility of the Tenant to check Smoke Detectors periodically during the tenancy and replace batteries as necessary to keep the Smoke Detectors in proper working condition and to report any malfunctions to the Landlord in writing.

9. **Sublet/Assignment.**

   a.  Tenant shall not assign this Lease or sublet the Premises or any portion thereof, or transfer possession or occupancy thereof to any other person or persons without the prior written consent of the Landlord.

10. **Insurance.**

   a.  The Tenant shall obtain renter's insurance in the amount of $100,000.00 and a liability policy with policy limits of at least $100,000.00 per incident. The Tenant shall name the Landlord as an additional insured on such policy and provide proof of the same to the Landlord within five (5) days of the date of this Agreement, and annually upon request of the Landlord.

11. **Hold Harmless.**

   a.  The Tenant shall indemnify and save the Landlord harmless from any and all loss, claim or damage by reason of any accident, injury, or damage to any person or property occurring anywhere on or about the leased premises.

12. **Landlord Access to Premises.**

   a.  The Landlord may enter the Premises immediately without notice to the Tenant in an emergency situation.

13. **Default.**

   a.  In the event of any default, the Landlord has the right to terminate this Lease by giving the Tenant personally or by sending via first class mail to the Tenant a thirty (30) day written notice to quit and vacate the Premises containing in said notice the basis for the termination.

14. **Court Awarded Legal Fees/Waiver.**

   a. In an action by the Landlord to recover possession of the Premises, the Tenant is obligated to pay actual court costs, legal costs and attorney fees awarded by a court to the Landlord, if any. Any waiver of a default hereunder is not to be deemed a waiver of this Lease of any subsequent

dotloop signature verification: dtlp.us/943-41-139-8Xe0

default. Acquiescence in a default does not operate as a waiver of such default, even though such acquiescence continues for an extended period of time.

## 15. Termination Hold-Over.

a. Either the Landlord or the Tenant may terminate this Lease at the expiration of the Lease or any extension thereof by giving the other written notice of termination on the 1st day of the month in which the tenancy or intended tenancy will expire.

b. This Lease will then terminate on the last day of the month in which notice was given.

## 16. Surrender of Premises.

a. The Tenant shall, upon termination of this Lease turn the property over to Landlord in the same condition as it was at the time of the commencement of the lease, normal wear and tear expected, and is responsible for all damages to the premises which occur during said lease term. The Landlord has no obligation to make any repairs to the Premises whatsoever, for any reason.

## 17. Notice.

a. Method of Notice. Each party giving notice pursuant to this Lease shall give notice in writing and use one of the following methods of delivery: registered, certified, or express mail (postage prepaid and return receipt requested); nationally recognized overnight courier (all fees prepaid); facsimile; or e-mail.

b. Contact Information. A party giving notice shall address the notice to the appropriate person at the address listed below:

i. To Landlord: 1570 Bonita Lane, Naples, FL.

ii. To Tenant: 2440 Bittinger Road, Swanton, MD.

## 18. Cumulative Remedies.

a. In the event of breach of this Lease, the non-breaching party may pursue all remedies available at law and in equity.

## 19. No Waiver.

a. Delay or failure of any party to exercise any right pursuant to this Lease does not constitute a waiver of the rights and obligations set forth in this Lease.

## 20. Applicable Law.

a. The laws of the State of Maryland, without giving effect to its conflict of law principles, govern all matters arising out of or relating to this Lease and all of the transactions this Lease contemplates, including validity, interpretation, construction, performance, and enforcement.

## 21. Headings.

a. The headings of the Sections of this Lease are for convenience only and do not affect or control the

dotloop signature verification:

meaning or construction of any provisions of this Lease.

22. **Amendments.**

  a. The parties may amend this Lease only by a written document signed by all parties.

23. **Force Majeure.**

  a. No party is responsible for any failure to fulfill its obligations pursuant to this Lease due to causes beyond the party's reasonable control, including, but not limited to, acts or omissions of government or military authority, acts of God, fires, floods, labor disturbances, riots, wars, or terrorist acts.

24. **Severability.**

  a. Each provision of this Lease is to be interpreted in such a way as to be valid under applicable law. If any provision is invalid under applicable law, it is to be considered ineffective only to the extent of such invalidity, and the remainder of the provision and the other provisions of this Lease remain valid.

25. **Entire Agreement.**

  a. This Lease, together with the attachments, exhibits, and schedules to this Lease, constitutes the entire agreement between the parties as to the subject matter of this Lease and supersedes all previous negotiations, commitments, and writings.

[Signature Page Follows]

IN WITNESS WHEREOF, the parties have executed, acknowledged, sealed, and delivered this Lease the day and year first hereinabove set forth.

ATTEST:

LANDLORD

Smith Farm Holdings, LLC, by:

_Smith Farm Holdings, LLC_  dotloop verified 07/21/22 5:54 PM EDT XKEX-RJGJ-GFU6-UIMJ  (SEAL)    Date:
Steven G. Smith, Member

_Alyssa Smith_  dotloop verified 07/21/22 5:55 PM EDT A659-HDRW-LPBS-AQLK  (SEAL)    Date:
Alyssa L. Smith, Member

TENANT

_____ (SEAL)    Date: 7/21/22
GK Parandhamaia

_____ (SEAL)    Date: 7/21/22
Jan A. Parandhamaia

Page 4 of 4