**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **GK PARANDHAMAIA, *et al.*** | * | |
| ***Plaintiffs/Counter-Defendants*,** | * | |
| **v.** | * | **Case No.: 1:25-cv-02691-SAG** |
| **SMITH FARM HOLDINGS, LLC, *et al.*** | * | |
| ***Defendants/Counter-Plaintiffs*.** | * | |

* * * * * * * * * * * * *

**PLAINTIFFS/COUNTER-DEFENDANTS'MOTION TO DISMISS COUNTERCLAIM**

Plaintiffs/Counter-Defendants GK Parandhamaia ("GK") and Jan Parandhamaia ("Jan") (collectively, "Plaintiffs"), by and through their undersigned counsel, Jonathan P. Kagan, Michael J. Marinello, and Veronica J. Mina, of Kagan Stern Marinello & Beard, LLC, and Adam D. Greivell, of The Greivell Firm, respectfully submit this Motion to Dismiss the Counterclaim filed by Defendants/Counter-Plaintiffs Smith Farm Holdings, LLC ("SFH") and Steven G. Smith ("Smith") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support, Plaintiffs state as follows:

1. The instant dispute arises out a real estate transaction that occurred on or about July 21, 2022, whereby Plaintiffs sold real property located at 2440 Bittinger Road and 2714 Bittinger Road, Swanton, Maryland (the "Properties") to Defendant Smith Farm Holdings, LLC ("SFH") for approximately $1.3 million. As part of that transaction, SFH agreed to lease the house, garage, and curtilage at 2440 Bittinger Road (the "Premises") back to Plaintiffs for a five-year term at $1.00 per year pursuant to a Residential Lease Agreement dated July 21, 2022, as well as additional guarantees provided pursuant to a General Addendum dated June 9, 2022. Following the sale,

disputes arose between the parties regarding Plaintiffs' rights under the lease, access to water at the Premises, and the permissible scope of Plaintiffs' use of the property. Defendants now seek to re-couch, regurgitate, and re-hash issues previously raised and adjudicated by the lower court and bring forth conclusory claims that fail to state a claim upon which relief can be granted. Defendants' Counterclaim evidences their latest attempt to weaponize this Court's process to harass, annoy, and embarrass Plaintiffs so they can continue their sustained and accelerating campaign of unlawful conduct to otherwise limit the Plaintiffs' use of the Property.

2. On July 6, 2026, Defendants filed their First Amended Answer to the First Amended Complaint and Counterclaims, asserting seven counts against Plaintiffs: (I) Abuse of Process; (II) Wrongful Institution of Civil Proceedings (Malicious Use of Process); (III) Wrongful Institution of Criminal Proceedings (Malicious Prosecution); (IV) Intentional Infliction of Emotional Distress; (V) Civil Conspiracy; (VI) Breach of Contract; and (VII) Improper Claim for Retaliatory Eviction. (ECF 34).

3. Each count in the Counterclaim fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and, in several instances, are barred by collateral estoppel, res judicata, and/or the statute of limitations.

4. Count I (Abuse of Process) is barred in part by res judicata, collateral estoppel, and the statute of limitations, and otherwise fails to allege facts sufficient to establish that Plaintiffs willfully used process in a manner not contemplated by law, that they acted to satisfy an ulterior motive, or that Defendants suffered damages from arrest of person or seizure of property.

5. Count II (Wrongful Institution of Civil Proceedings) is barred in part by res judicata and fails to establish lack of probable cause, malice, favorable termination, or special damages,

particularly where the Circuit Court found in Plaintiffs' favor and expressly found that the parties acted in good faith.

6. Count III (Wrongful Institution of Criminal Proceedings) fails to state a claim for malicious prosecution against Jan Parandhamaia because the district court found reasonable grounds that Smith engaged in trespassing and harassment and issued temporary peace orders against him, demonstrating probable cause for the criminal charges. Count III also fails to state a claim for malicious prosecution against GK Parandhamaia individually because it is undisputed that he did not file any criminal charges against Defendant Smith.

7. Count IV (Intentional Infliction of Emotional Distress) fails to plead conduct that is extreme and outrageous or emotional distress that is severe, and relies on conclusory allegations devoid of factual enhancement.

8. Count V (Civil Conspiracy) fails derivatively because Defendants have not plausibly alleged any underlying tort and have not alleged facts showing an agreement or unlawful overt act beyond spouses jointly pursuing litigation regarding their shared leasehold.

9. Count VI (Breach of Contract) is barred by res judicata because the scope of Plaintiffs' leasehold and use of the Property was fully litigated and adjudicated in the Circuit Court for Garrett County, and the Circuit Court's October 13, 2023 Memorandum Opinion expressly addressed these issues and awarded no damages to any party.

10. Count VII (Improper Claim for Retaliatory Eviction) fails to state a claim because Maryland Code, Real Property § 8-208.1 does not authorize a freestanding cause of action for improper assertion of a retaliatory eviction claim but instead authorizes sanctions only in the proceeding in which the claim is adjudicated, upon motion and a finding of bad faith or lack of substantial justification—a finding this Court never made.

11. Plaintiffs incorporate and adopt as if fully set forth herein their contemporaneously filed Memorandum in Support of the Motion to Dismiss, and the accompanying exhibits.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Motion to Dismiss the Counterclaim be granted, Counts I through VII of the Counterclaim be dismissed with prejudice, and that the Court order any such other and further relief as the nature of this cause requires.

Date: August 17, 2026

Respectfully submitted,

*/s/ Jonathan P. Kagan*
Jonathan P. Kagan (D. Md. Bar No. 23181)
kagan@kaganstern.com

*/s/ Michael J. Marinello*
Michael J. Marinello (D. Md. Bar No. 18490)
marinello@kaganstern.com

*/s/ Veronica J. Mina*
Veronica J. Mina (D. Md. Bar No. 30472)
mina@kaganstern.com
KAGAN STERN MARINELLO &
BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Phone: (410) 216-7900
Facsimile: (410) 705-0836

*/s/ Adam D. Greivell*
Adam D. Greivell, Esquire (D. Md. Bar No. 28917)
adam@gfirm.us
THE GREIVELL FIRM
5 Cornell Avenue
Hagerstown, Maryland 21742
Phone: (240) 528-8150

*Counsel for Plaintiffs/Counter-Defendants*
*GK Parandhamaia and Jan Parandhamaia*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of August, 2026, a copy of the foregoing Plaintiffs/Counter-Defendants' Motion to Dismiss Counterclaim was filed and served via the CM/ECF filing system, on the following:

Tracey B. Eberling (MD Fed. Bar ID 11393)
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd, Suite 300
Martinsburg, WV 25404
(O): 304.263.6991
Email: tracey.eberling@steptoe-johnson.com

Nicholas L. Fiske*
Pennsylvania Bar No. 309696
Email: nick.fiske@steptoe-johnson.com

Joseph R. Lewis III*
Pennsylvania Bar No. 328830
Email: joseph.lewis@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
One PPG Place, Suite 3300
Pittsburgh, Pennsylvania 15222
Telephone: 412-504-8010
Fax: 412-504-8011
**Admitted Pro Hac Vice*

*Counsel for Defendants*
*Smith Farm Holdings, LLC and Steven G. Smith*

Date: August 17, 2026

*/s/ Veronica J. Mina*
Veronica J. Mina (D. Md. Bar No. 30472)