# EXHIBIT F

**IN THE DISTRICT COURT OF MARYLAND FOR GARRETT COUNTY**

**JAN PARANDHAMAIA** :
Petitioner :
vs. : **Case No. D-122-CV-23-818665**
**STEVE SMITH** :
Respondent :

* * * * * *

**TRANSCRIPT OF PROCEEDINGS**

Oakland, Maryland

Thursday, July 20, 2023

* * * * * *

BEFORE:

**THE HONORABLE STEPHAN M. MOYLAN, Judge**

APPEARANCES:

**ROBERT ALLEN, ESQ.** on behalf of Petitioner

**ALAN L. WINIK, ESQ.** on behalf of Respondent

**P R O C E E D I N G S**

THE COURT: All right. So, this is the case I thought was the only case, but we handled that other one. This is Jan -- I had my note here the other day, Parandama?

THE PETITIONER: Parandhamaia.

THE COURT: Parandhamaia versus Steve Smith.

MR. WINIK: Good afternoon, Your Honor. My name is Alan Winik from Frederick. I represent Mr. Smith.

THE COURT: What's the last name?

MR. WINIK: Winik.

THE COURT: Winik.

MR. WINIK: W-I-N-I-K.

THE COURT: Yeah, I've seen you before, I think in Allegany County.

MR. WINIK: It's possible.

THE COURT: Okay. So, Mr. Winik, uh, Mr. Smith was called to the stand in the peace order after we presented evidence or Mr. Allen had presented evidence with two different witnesses, one of whom could not -- is not available today, and at

that point it was late, and we decided to continue.

MR. WINIK: Okay.

THE COURT: And Mr. Smith informed the Court that he was going to get counsel, and we're -- we welcome you, sir.

MR. WINIK: Thank you. It's good to be here again.

THE COURT: Okay. So, uh, I -- I show everybody my picture I draw from last time, and we're on the blue line which is the protective order, but there's a lot of differences, things between the parties, and I'm curious if you've had an opportunity to speak to Mr. Allen.

MR. WINIK: I have not, and I honestly think that this is a case that's gonna -- going to have to be tried.

THE COURT: All right. Well, we will continue to try it.

MR. WINIK: Good. And can I call Mr. Smith back to the stand?

THE COURT: Well, it's actually Mr. Allen called him.

to it. Let me make a couple findings before I do. You can be seated.

Let me make a couple findings because I find, after considering the petition and the evidence, the Court finds there's a preponderance of the evidence that within 30 days before the filing of the petition, the Respondent committed the following acts against the Petitioner: Trespass. Okay? So that's one. And Mr. Winik and Mr. Allen probably know where I'm going. That's one.

I believe the crux of the case is Petitioner's residential agreement entered into evidence, 1A, Landlord leases to the Tenant, and the Tenant hereby leases from the Landlord the premises, parentheses, house and garage, known as 2440 Bittinger Road, Swanton, Maryland, parentheses, the premises.

I, as a reasonable person reading a contract, and I'm not the person who's going to decide this at the Circuit Court, I believe that to be the yard of 2440 Bittinger Road. She's there with her grandchildren. I believe she reasonably believes

that I can be in the yard and not have you show up with a four-wheeler and trespass signs. That's what this Judge believes.

That's not going to be dispositive of what Judge Gregory rules on your three cases, but I believe what she believes is it was unreasonable for you to be there putting up signs, and that was a trespass, and she has quiet enjoyment is what -- exactly what the Counsel for Ms. Parandhamaia says. Right? And I believe that to be true. That would be what I would find, but I'm not the judge in that part.

And I believe, we talked about the lease, and it's a negotiated lease, and I believe that, you know, a lot of times when I get a contractor to do work and they see what the old contractor did, they say, well, he didn't do it right. When I see this contract, I have some problems with the contract because it's unclear to me. It's clear to you that you could put the trespass signs on it. It's clear to you that you were advised that you could put trespass -- *No Trespassing* signs in her yard where

but the property that's in the fenced yard, if there was a fence, we could, but there's no fence. But whatever she believes -- and let's just break it really down.

There are two properties, and one's 2440. Whatever that means to Ms. Parandhamaia, that's what I want it to mean to you so you don't disturb her quiet enjoyment of the property. I believe, and I heard the number. I believe the number was reflected in the lease, that there was a negotiation, and that's why they were allowed to stay.

Because this lease does and doesn't. To say bad things about stuff, it doesn't do any good. But I want to take you at your word, and I'm going to grant your Counsel's request to dismiss the peace order because you're agreeing not to commit a prohibited act against the Petitioner in the future. So I found that there was a trespass.

I'm finding, I'm going to take Mr. Smith's word for it that once he's told, because we came to the guy with the scales, the little scales of justice, and I'm telling you, this is what I believe,

as a reasonable person reading this contract, that he can't go on 2440 Bittinger Road unless there's an emergency, unless he gives notice. He just can't drive his four-wheeler up in that premises, and today he doesn't get a peace order entered against him.

THE RESPONDENT: Thank you.

THE COURT: All right. Thank you. We are adjourned.

MR. WINIK: Thank you, Your Honor.

*(At 2:01 p.m. proceedings concluded.)*

* * * * * *